UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

FILED

JAN 15 2026

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

JULIE ROBERT
5 Tsienneto Road, #177
Derry, NH 03038
Plaintiff

v.

DEBRA BROWN and PHIL MCCALL
5492 E 141, Maple Hts, OH 44137
6136 Dunham Road, Maple Hts, OH 44137
10705 Grave Ave, Garfield Hts, OH 44125
Cube Smart
5440 S Marginal Road
Cleveland, OH 44114
Defendants

: Case No.
:
: Judge: **1:26 CV 00103**
:
:
: **JUDGE FLEMING**
:
:
: **MAG JUDGE ARMSTRONG**
:
:
:
:
:

**COMPLAINT FOR INJUNCTIVE RELIEF, RETURN OF PROPERTY (REPLEVIN),
AND DAMAGES (Jury Trial Demanded)**

**HERE COMES** Plaintiff Julie Robert respectfully submit complaint for injunctive relief, return

of property (replevin) and damages to be ordered for the recovery from the deception, theft of

property and data. Plaintiff appreciates this Court grant all the above relief with jury trial.

**I. BRIEF OF THE CASE**

1. This action arises from Defendants' unlawful possession, control, and threatened disposal of

Plaintiff's personal and business property valued at $500,000 or more, including 16th–19th

century antiques, valuable décor and garden items, and business equipment and tools.

2. Defendants also illegally possessed and/or accessed Plaintiff's computer(s) and digital devices and

private information without authorization, creating urgent risk of data theft, identity fraud, and

destruction of evidence.

3. Plaintiff seeks immediate injunctive relief to stop Defendants from selling, transferring,

1

destroying, concealing, or accessing the property and data; an order requiring return of the property (replevin); and damages.

4. Cube Smart shall preserve all currently available video immediately and shall not overwrite or recycle any relevant footage pending further order.

## II. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because Plaintiff is a citizen of New Hampshire, Defendants are citizens of Ohio, and the amount in controversy exceeds $75,000. exclusive of interest and costs. The value of the property at issue is approximately $500,000 or more as $800,000.

2. This Court also has jurisdiction under 28 U.S.C. § 1331 because Plaintiff asserts a claim under the Computer Fraud and Abuse Act (CFAA), 18 U.S.C. § 1030.

3. This Court has supplemental jurisdiction over related Ohio-law claims under 28 U.S.C. § 1367.

4. Venue is proper under 28 U.S.C. § 1391(b) because Defendants reside in this District and a substantial part of the events occurred here, including possession and threatened disposal of property located in Ohio and the property stolen and storage unit are located in this District.

5. This action seeks emergency injunctive relief to preserve specific personal property and evidence located in Ohio pending adjudication on the merits and jury verdict for the damage based on the merit and well-grounded facts.

## III. PARTIES

1. Plaintiff Julie Robert is a resident and citizen of New Hampshire.

2. Defendant Debra Brown is believed to reside in Ohio and, on information and belief, exercised illegal control over Plaintiff's property described below.

3. Defendant Phil McCall is believed to reside in Ohio and, on information and belief, acted in concert with Debra Brown regarding the property described below.

4. Defendant Cube Smart, L.P. (or correct legal entity) operates a self-storage facility at or near 5440 S. Marginal Rd., Cleveland, Ohio 44114, including Unit 218, and has custody/control over the unit and related records.

## IV. STATEMENTS OF FACTS

1. Plaintiff owns irreplaceable high end antique furniture (including 16th to 19th century antiques) and other valuable property, including medical equipment, medical merchandise/inventory, tools, equipment, garden furniture, and statuary (collectively, the "Property"), valued at approximately $800,000 or more.

2. Mover Dave Thompson illegally seized the Plaintiff's property and  stored at Cube Smart Unit 218 at 5440 S. Marginal Rd., Cleveland, Ohio 44114 (the "Unit") against Plaintiff's will since Nov 13th, 2025. On Dec 12th, 2025 Dave Thompson agreed in writing to release all to Plaintiff on Dec 13th, 2025 without any reservation nor condition nor waiver .

3. Plaintiff's agent/manager, Tim Smith, has provided a sworn affidavit describing his management and transport of Plaintiff's inventories, tools, equipment, and furniture to 2164 Rockwell Ave, Cleveland, OH and 2168 Rockwell Ave, Cleveland, OH 44114 around 2021.

4. Plaintiff owned and lawfully possessed valuable personal and business property, including antiques and business-related items, stored in/associated with Cube Smart Unit 218 (and/or related storage locations in Ohio), 5440 S Marginal, Cleveland, OH 44114.
The property includes, without limitation:
a. 16th–19th century antiques (furniture, decorative pieces, collectible items);
b. Garden furniture, statues/statuary, and outdoor décor;

3

c. Medical merchandise/supplies and related inventory;

d. Equipment, tools, and business materials used for Plaintiff's work and companies;

e. Records, documents, and other unique items with significant replacement difficulty.

5. The total value of the property Defendants illegally seized through deception is at least $500,000, and includes items that are unique and not reasonably replaceable through ordinary market purchase.

6. Defendants are not owners, managers, employees, authorized agents, or lawful representatives of Plaintiff or Plaintiff's companies, and had no lawful authority to possess, control, sell, transfer, or destroy Plaintiff's property.

7. On or about Dec. 13, 2025 and continuing thereafter, Defendants illegally seized Plaintiff's property through deception and refused to return it upon demand.

8. There was no auction of Plaintiff's property in unit 218 at Cube Smart, 5440 S Marginal, Cleveland, OH 44114 on Dec 13th, 2025.

9. Defendants made statements and/or engaged in conduct indicating they intended to discard, destroy, sell, or otherwise dispose of Plaintiff's property after they sent malicious harassing blackmail message, *please see the attached affidavit.*

10. .Defendants' conduct created an immediate risk that the property would be irretrievably lost, concealed, sold, damaged, or destroyed before Plaintiff could recover it.

11. Defendants also illegally possessed and/or accessed Plaintiff's computer(s)/digital devices and private information contained within those devices, and Plaintiff was informed that Defendants accessed the computer(s) and/or accounts without authorization.

12. Plaintiff did not consent to Defendants accessing Plaintiff's computer(s), accounts, files,

4

credentials, or private information. As a direct result, Plaintiff has suffered loss and damage including: inability to access business records; costs of securing accounts; risk of identity theft; disruption of business operation; emotional distress; and the ongoing risk that Defendants will destroy evidence or further misuse information.

14. Plainitff has demanded return of the property and cessation of all access to devices and data, but Defendants have failed and refused to comply.

15. Defendants' conduct has caused and continues to cause damages, including loss of use of property and business materials, disruption of business operations, costs to secure and recover accounts/data, and severe distress and urgency caused by the threatened disposal and data compromise.

16. Plaintiff demanded return of the property and cessation of access/use, but Defendants failed and refused.

17. They constantly sent blackmail messages, copy of the message is attached with the attached Affidavit.

## V. CLAIMS FOR RELIEF

### COUNT I — CFAA (18 U.S.C. § 1030) (Unauthorized access / damage / loss)

1. Plaintiff incorporates all above paragraphs.

2. Defendants intentionally and illegally accessed a "protected computer" without authorization and illegally obtained information, and/or caused damage and loss.

3. Plaintiff has incurred and will continue to incur "loss" and/or "damage," including costs of responding to the offense, assessing compromise, restoring system/data integrity, securing accounts, and other remediation costs, totaling at least $5000 and more cost in a one-year period.

4. Plaintiff seeks damages and injunctive relief under 18 U.S.C. § 1030(g).

**COUNT II — Conversion (Ohio common law)**

1.Plaintiff incorporates all above paragraphs.

2.Through deception, Defendants wrongfully and illegally seized Plaintiff's property, inconsistent with Plaintiff's ownership and right to immediate possession, , including refusing to return the Property and asserting ownership without lawful authority, causing damages exceeding $500,000. Plaintiff seeks damages and related relief.

**COUNT III — Replevin / Claim and Delivery (Return of Specific Property) (Ohio law)**

1.Plaintiff incorporates all above paragraphs.

2. Plaintiff is the rightful owner of the Property. Defendants wrongfully possess and/or control the Property through deception. Plaintiff has demanded return and Defendants have refused. Plaintiff seeks an immediate order requiring return of the Property and related relief.

**COUNT IV — Trespass to Chattels (Ohio common law)**

1. Plaintiff incorporates all above paragraphs.

2.Defendants intentionally interfered with Plaintiff's personal property and devices, impairing condition/value and depriving Plaintiff of use.

**COUNT V — Civil Conspiracy (Ohio common law)**

1.Plaintiff incorporates all above paragraphs.

2.Defendants acted together in an agreement or common plan to unlawfully take/hold/dispose of the property and to exploit access to Plaintiff's devices/data.

**COUNT VI — Unjust Enrichment (Ohio law) (Alternative)**

1.Plaintiff incorporates all above paragraphs.

2.Defendants obtained benefit from possession/use of Plaintiff's property at Plaintiff's expense under circumstances making retention unjust.

6

## VI. INJUNCTIVE AND EQUITABLE RELIEF (TRO / PRELIMINARY INJ) (Preservation and No Transfer Order)

Without immediate injunctive relief, Plaintiff will suffer irreparable harm because the Property includes irreplaceable antiques and unique items and is at risk of being sold, destroyed, or dispersed before a hearing can be held. Plaintiff seeks temporary, preliminary, and permanent injunctive relief to preserve the status quo and prevent spoliation of evidence.

**1) Facts section: Property**

1. The property Defendants took and/or control includes IRREPLACEABLE high-end 16th–19th century antique furniture, including but not limited to antique cabinets/armoires, tables, seating, chests, and other period pieces, together with related antique décor and furnishings.

2. Defendants also took and/or control valuable business property, including medical equipment, medical merchandise and inventory, business equipment, tools, and other materials essential to Plaintiff's operations and livelihood.

3. These items collectively have an estimated value of $500,000 or more. The antiques are unique and IRREPLACEABLE due to age, craftsmanship, materials, and individual characteristics (and in many instances provenance), and cannot be replaced with ordinary market substitutes.

**2) Facts section: Deception / false ownership claim**

1. Through Deception, Defendants illegally obtained and/or asserted control of Plaintiff's property through deception, including falsely claiming the property belonged to mover Dave Thompson and that Defendant Debra Brown "purchased" it for $200, then using that false story to claim ownership and refuse return—despite Defendants having no lawful title, authority, or consent from Plaintiff.

**3) TRO / Injunctive Relief: Irreparable harm**

1. Immediate injunctive relief is necessary because the IRREPLACEABLE antique furniture can be quickly sold, moved, concealed, damaged, dismantled, or destroyed, and once dispersed through informal resale channels recovery becomes extremely difficult or impossible. The loss of medical equipment, merchandise/inventory, and tools also causes ongoing and escalating harm through business interruption, loss of use, and depletion of items that are necessary for Plaintiff's work. Money damages alone cannot fully remedy the loss of IRREPLACEABLE items or the imminent risk of disposal and spoliation of evidence.

**4) Examples of Wrongfully Detained Property**

1. IRREPLACEABLE high-end 16th–19th century antique furniture, including antique cabinets/armoires, tables, chairs/settees, chests, and other period pieces.

2. Antique décor/accessories associated with the furniture (mirrors/frames/carvings/hardware and related furnishings).

3. Medical equipment (including equipment used for medical-related business activities and operations, saunas, message chairs).

4. Medical merchandise and inventory (supplies/products held for business use or sale).

5. Tools and business equipment (hand tools, power tools, specialty tools, and related equipment).

6. Garden furniture and statuary/statues and outdoor décor.

7. Brand new upscale patio furniture, vacation resort furniture, garden furniture, refrigerators, microwaves, stoves, brand-new cookware, dishes, utensils and many more

8

## VII. PRAYER FOR RELIEF

**WHEREFORE, Plaintiff respectfully requests that the Court:**

• Issue temporary, preliminary, and permanent injunctive relief restraining Defendants from selling, transferring, moving, hiding, damaging, disposing of, or encumbering the Property;

• Order Cube Smart to place an immediate hold on Unit 218 (no auction, no clean out, no transfer, no change of access), and to preserve all relevant evidence (video, access logs, account notes, communications);

• Order return of the Property to Plaintiff (replevin/claim and delivery);

• Award compensatory damages in an amount to be proven at trial;

• Award costs and any other relief the Court deems just and proper.

## VI. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable. Exhibit A is attached.

Respectfully Submitted,

*/s/ Julie Robert*

Julie Robert, Plaintiff

5 Tsienneto Road, #177, Derry, NH 03038

Tel: 440-638-9632

Email: julierrobert@yahoo.com