# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| JULIE ROBERT, | ) | CASE NO. 1:26-cv-103 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| v. | ) | |
| | ) | |
| DEBRA BROWN, *et al.*, | ) | **ORDER TO SHOW CAUSE** |
| | ) | |
| Defendant. | ) | |

Having reviewed the complaint (ECF No. 1), emergency motion for a temporary restraining order ("TRO Motion") (ECF No. 2), the various exhibits attached to both filings (ECF Nos. 1-1, 2-1), and the receipt for payment of the filing fee, it appears that these documents and this action may have been filed under a false name. The complaint and TRO Motion are filed on behalf of "Julie Robert," but the filing fee was paid for by Julia Rielinger. (ECF Nos. 1 and 2). The address used for Plaintiff matches the same address provided by Julia Rielinger in previous filings before the Court.[1] Plaintiff's name was altered several times in pen throughout the various filings. The names Julie (altered in pen) and Julia are used in a supporting affidavit by Tim Smith. (ECF No. 1-1, PageID #11–12). A declaration attached to the TRO Motion is entitled the "Declaration of Julia Rielinger . . . ." and states that Julia Rielinger is "the Plaintiff in this action[.]" (ECF No. 2-1).

Federal Rule of Civil Procedure 10(a) requires that the name of all parties be disclosed in the complaint. *See* Fed. R. Civ. P. 10(a). Federal Rule of Civil Procedure 11 forbids parties from lying in pleadings, motions, and other papers filed with the Court. Fed. R. Civ. P. 11. Federal

---

[1] Compl., at pg. 5, *Rielinger v. Cleveland Chinatown Dev. LLC*, 1:25-cv-2036 (N.D. Ohio Sept. 25, 2025).

Rule of Civil Procedure 41(b) permits dismissal with prejudice as a sanction for violation of the Rules. *See* Fed. R. Civ. P. 41(b). Moreover, filing a lawsuit under a false name may be considered as committing a fraud upon the Court. *See*, *e.g.*, *El-Bey v. Sylvester*, No. 1:21-cv-680, 2022 U.S. Dist. LEXIS 141204, at *4-5 (S.D. Ohio Aug. 8, 2022). The Court has the inherent power to sanction a party upon proof of such fraud, which may include dismissal of the action. *See, e.g.*, *Robinson v. Ionia Corr. Facility Med. Staff*, No. 1:15-cv-1114, 2017 U.S. Dist. LEXIS 142511, at *2 (W.D. Mich. Aug. 1, 2017) ("Federal courts have the inherent power to sanction a party 'upon proof that a fraud has been perpetrated upon the court, . . . A court has the power to conduct an independent investigation in order to determine whether it has been the victim of fraud' and to dismiss a lawsuit when a litigant has perpetrated a fraud on the court." (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991) (cleaned up)).

Accordingly, Plaintiff is **ORDERED** to show cause, by the close of business on January 27, 2026, as to why this action should not be dismissed for using a false name in violation of the Federal Rules of Civil Procedure and perpetrating a fraud upon the Court. Failure to timely respond to this Order, or to demonstrate good cause, may result in dismissal of this action pursuant to Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

Date: January 20, 2026

_____
**CHARLES E. FLEMING**
**U.S. DISTRICT COURT JUDGE**