**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JULIE ROBERT, | ) | CASE NO. 1:26-cv-103 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| v. | ) | |
| | ) | |
| DEBRA BROWN, *et al.*, | ) | **OPINION AND ORDER ON TRO** |
| | ) | **MOTION** |
| Defendant. | ) | |
| | ) | |
| | ) | |

Before the Court is Plaintiff Julie Robert's Emergency Motion for Ex Parte Temporary Restraining Order and for Expedited Hearing on Preliminary Injunction Motion ("TRO Motion"). (ECF No. 2). For the reasons that follow, the TRO Motion is **DENIED IN PART** and **GRANTED IN PART**.

I.      **BACKGROUND**

On January 15, 2026, Plaintiff filed a complaint against Defendants Debra Brown, Phil McCall, and Cube Smart, alleging that Defendants unlawfully possess, control, and threaten to dispose of her personal and business property valuing over $500,000, which includes high-end antique furniture, medical equipment, tools, records, and documents. (ECF No. 1). Plaintiff alleges that "Mover Dave Thompson" illegally seized her property, stored the property at Cube Smart Unit 218 at 5440 S. Marginal Rd., Cleveland, Ohio 44114 ("Unit 218") since November 13, 2025, and Defendants illegally seized the property around December 13, 2025. (*Id.* at PageID #3–4, ¶¶ 3–4, 7). Plaintiff asserts six causes of action: (i) a violation of the Computer Fraud and Abuse Act under 18 U.S.C. § 1030; (ii) conversion; (iii) replevin; (iv) trespass to chattels; (v) civil conspiracy; and (vi) unjust enrichment. (*Id.* at PageID #5–6). Plaintiff requests relief in the form

of temporary, preliminary, and permanent injunctions, the return of Plaintiff's property, compensatory damages, and costs. (*Id.* at PageID #9).

The same day, Plaintiff filed the instant TRO Motion. (ECF No. 2). Plaintiff moves for an ex parte temporary restraining order ("TRO") against Defendants and for an expedited hearing on a preliminary injunction. (*Id.* at PageID #24). Plaintiff requests a TRO that: (i) enjoins Defendants Brown and McCall from selling, transferring, moving, hiding, damaging, disposing of, or encumbering any of Plaintiff's property; (ii) orders Defendant Cube Smart to place an administrative hold on Unit 218; and (iii) orders Cube Smart to preserve all surveillance video and other evidence reasonably related to Unit 218. (*Id.* at PageID #24–25). In support, Plaintiff attaches her own sworn declaration in support, as well as an affidavit from Tim Smith, Plaintiff's agent/manager. (ECF Nos. 2-1, 2-3).

## II. LAW AND ANALYSIS

A preliminary injunction is an extraordinary and drastic remedy that is only appropriate where a movant establishes circumstances that clearly demand it. *See Stenberg v. Cheker Oil Co.*, 573 F.2d 921, 925 (6th Cir. 1978) (quoting *Canal Auth. of Fla. v. Callaway*, 489 F.2d 567, 576 (5th Cir. 1974)); *see also James B. Oswald Co. v. Neate*, 98 F.4th 666, 672 (6th Cir. 2024); *Overstreet v. Lexington-Fayette Urb. Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). By preventing that harm and preserving the status quo between the parties, a preliminary injunction protects a court's ability to decide the case on its merits. *Stenberg*, 573 F.2d at 925.

Courts decide whether to take this extraordinary measure by considering four factors: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury absent the injunction; (3) whether the injunction would cause substantial harm to others; and (4) whether the public interest would be served by the issuance of

an injunction." *S. Glazer's Distribs. of Ohio, LLC v. Great Lakes Brewing Co.*, 860 F.3d 844, 849 (6th Cir. 2017). While no one factor carries controlling weight, *Michigan State v. Miller*, 103 F.3d 1240, 1249 (6th Cir. 1997), the first—whether the movant is likely to succeed on the merits—is generally considered the most important of the four. *Higuchi Int'l Corp. v. Autoliv ASP, Inc.*, 103 F.4th 400, 404 (6th Cir. 2024). If the movant is unlikely to succeed on their claim anyway, the court will not bother enjoining the opposing party. *Id.* Similarly, the second factor—whether the movant would suffer irreparable injury—is considered an "indispensable" requirement for a temporary restraining order or preliminary injunction. *Fischer v. Thomas*, 78 F.4th 864, 868 (6th Cir. 2023); *Ohio v. Becerra*, 87 F.4th 759, 783 (6th Cir. 2023) ("A showing of irreparable harm is an indispensable p[r]er[e]quisite for the issuance of a preliminary injunction."). Thus, without a showing of immediate, irreparable harm, the Court cannot issue a TRO or a preliminary injunction.

Under Federal Rule of Civil Procedure 65(b)(1), the Court may only issue an ex parte TRO when:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

The Sixth Circuit has explained that "Rule 65(b) restrictions on the availability of ex parte temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *First Tech. Safety Sys. v. Depinet*, 11 F.3d 641, 650 (6th Cir. 1993).

Having reviewed the TRO motion, as well as the complaint, the Court finds that Plaintiff has not met the high standard for issuance of an ex parte TRO. Plaintiff has failed to sufficiently

demonstrate immediate, irreparable injury if the Court does not issue a TRO without first giving the adverse parties an opportunity to be heard in opposition. Plaintiff asserts that "Providing advance notice risks immediate removal, concealment, sale, or destruction of the Property, and risks spoliation of surveillance video and access logs that may be overwritten in the ordinary course before Defendants can be heard." (ECF No. 2, PageID #2, PageID #26; *see also* ECF No. 2-1, PageID #27, ¶ 5). In the complaint, Plaintiff also asserts that immediate injunctive relief is needed because Plaintiff's property could be quickly sold, destroyed, or dispersed before a preliminary injunction hearing could be held. (ECF No. 1, PageID #7–8). However, these simple averments that Defendants would be able to easily dispose of evidence are insufficient.

The Sixth Circuit has explained that there are two circumstances which justify a district court issuing an ex parte TRO: (i) the normal circumstances "where notice to the adverse party is impossible, as in the cases where the adverse party is unknown or is unable to be found"; and (ii) a limited circumstance "where notice to the defendant would render fruitless further prosecution of the action." *See First Tech.*, 11 F.3d at 650. "In order to justify proceeding ex parte because notice would render further action fruitless, the applicant must do more than assert that the adverse party would dispose of evidence if given notice." *Id.* Instead, said party "must support such assertions by showing that the adverse party has a history of disposing of evidence or violating court orders or that persons similar to the adverse party have such a history." *Id.* at 651. As a result, a party seeking ex parte injunctive relief must do more than allege that the adverse party *could* or *might* destroy evidence. *Id.* ("Showing that the adverse party would have the opportunity to conceal evidence is insufficient to justify proceeding ex parte. If it were, courts would be bombarded with such requests in every action filed. The applicant must show that the adverse party is likely to take

the opportunity for such deceptive conduct."); *see also Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006).

Here, Plaintiff's assertions that her property could be sold, destroyed, or disposed of easily does not constitute evidence that Defendants are likely to or have previously taken such actions. These statements amount to speculation and does not constitute evidence. The affidavit of Tim Smith and the text messages provide some evidence of a threat to Plaintiff's property, but it is unclear who specifically sent the text messages and the messages themselves do not necessarily demonstrate that Defendants will sell or dispose of Plaintiff's property if they were given notice of Plaintiff's request for injunctive relief.[1] Plaintiff has also filed proof of personal service on Defendants Brown, McCall, and Cube Smart. (ECF Nos. 5, 6, 7). The fact that the complaint contains Plaintiff's requests for temporary and preliminary injunctive relief, and Defendants have now been apprised of those requests, undercuts Plaintiff's argument that Defendants cannot be given an opportunity to respond. Simply put, there is no evidence before the Court that Defendants would sell, dispose of, or destroy Plaintiff's property or evidence if they were given notice of the preliminary injunction motion, or that giving notice would render fruitless further prosecution of this action.[2]

The Court notes that its decision to deny ex parte TRO relief has no bearing on whether Plaintiff could ultimately show the requisite irreparable injury or satisfy the other factors to be considered regarding the requested preliminary injunction in this case. The Court will defer any

---

[1] Nor does Plaintiff make any argument that the text messages establish a risk of immediate, irreparable harm.
[2] The Court separately notes that the TRO Motion makes no arguments concerning the other factors for injunctive relief—strong likelihood of success on the merits, whether injunction would cause substantial harm to others, and the effect of issuance on the public interest. With no such arguments, the Court cannot properly determine whether ex parte injunctive relief should be granted, even if it found there was a sufficient showing of irreparable harm.

ruling on Plaintiff's request for preliminary injunctive relief and grant her request for an expedited hearing as to same.

### III.   CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff has not met the high burden of establishing that she is entitled to injunctive relief without notice to Defendants.  Thus, the TRO Motion (ECF No. 2) is **DENIED IN PART**, to the extent that Plaintiff requests the issuance of an ex parte TRO.  The Court **GRANTS** Plaintiff's request for an expedited preliminary injunction hearing.  A preliminary injunction hearing is hereby scheduled for 12:00 p.m. on February 10, 2026 in Courtroom 17A.  The parties may file preliminary briefs as to request for a preliminary injunction by close of business on February 9, 2026.  Plaintiff shall serve Defendants with a copy of this Order.

**IT IS SO ORDERED.**

Date: January 30, 2026

_____
**CHARLES E. FLEMING**
**U.S. DISTRICT COURT JUDGE**