UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

FILED

FEB 06 2026

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO CLEVELAND

JULIE ROBERT, et al.,
   Plaintiff(s),

v.

DEBRA BROWN, PHIL McCALL, et al.,
   Defendant(s).

Case No. 1:26-cv-00103

Judge Fleming
Magistrate Judge Armstrong

**DECLARATION OF JULIE ROBERT IN SUPPORT OF MOTION FOR
TEMPORARY RESTRAINING ORDER / PRELIMINARY INJUNCTION AND
REQUEST
FOR EVIDENCE PRESERVATION AND EXPEDITED DISCOVERY**

I, Julie Robert, declare as follows:

1. I am a resident of Derry, New Hampshire. I have personal knowledge of the facts stated in this declaration, and if called as a witness I could and would testify truthfully to them.

2. I submit this declaration in support of my request for temporary injunctive relief and immediate evidence preservation. The core emergency is that Defendants have had control of my property unlawfully and are actively disposing of it and/or concealing evidence, including by revoking access to a Dropbox folder ("Unit 218") that contained photos/videos documenting the contents of the storage unit 218 and related evidence.

**A. Background and the Property at Issue**

3. The property at issue includes high valued antiques/furniture/business merchandise inventory/personal items/computers/records, which I estimate to be worth approximately $500K, and which includes unique or difficult-to-replace items.

4.The property inside unit 218 at Cube Smart was bought by me for Sara Mellott Real Estate Dev LLC and Jupiter Global Resources LLC I invested in and were at 2168

1

Rockwell Ave, Cleveland, OH 44114 before Nov 13, 2025, on and after Nov 13, 2025 they were transported and stored in storage unit "Unit 218" at Cube Smart 5440 S. Marginal Rd., Cleveland, OH 44114 (the "Unit 218 Storage Unit") by Dave Thompson.

**B. How Defendants Illegally Obtained Control and the Ongoing Risk of Disposal**

6. Defendants Debra Brown and Phil McCall (and/or their associates) obtained control of the Unit 218 Storage Unit and/or its contents through deception/unauthorized transfer/unauthorized paperwork, without my authorization nor companies' authorization.

7. On or about December 13, 2025, I gave Debra Brown and Phil Mccall temp job to take pics and videos of the property inside unit 218 Cube Smart, but they went against my permission and command and put Unit 218 with its contents in Debra Brown's name without my authorization when there has been no sale nor auction whatsoever and when the mover Dave Thompson has written on Dec 12, 2025 to Julie Robert that she could retrieve all belonging in unit 218 on Dec 13, 2025 without signing any waiver. Please see Exhibit A in Appendix. Debra Brown has no authority to take over the unit into her name when she was directed by me not do so.

8. After I demanded return of my property, Defendants refused to return it and instead they demanded ransom payment and threatened to withhold property/claimed ownership and destroy them. Please see Exhibit B in Appendix.

9. Defendants' conduct created an immediate risk that the property would be sold, discarded, or transferred to third parties. Defendants have told Jon Liptak, Level Woodruff and mayor Matt Burke that they removed the property in unit 218 out of the unit. Mccall told Level and Jon that they moved the property to 5492 E 141, Maple Hts, Oh from unit 218 Cube Smart then Witness has seen they moved the stolen property from the Maple Hts house to U haul on the most blizzard Jan 25, 2026. They chose that weather to transport so no one would come out to stop them.

10. The loss of this property is irreparable because: (a) many items are unique and cannot be replaced with money alone; (b) once sold or transferred to third parties, recovery becomes practically impossible; and (c) evidence establishing what was taken and where it went is being actively concealed or destroyed.

**C. Dropbox "Unit 218" Evidence Folder Was Revoked/Removed**

11. Because Defendants controlled access to key evidence, Defendants (or someone acting on their behalf) maintained a Dropbox folder related to Unit 218, commonly referred to as "Julia Unit 218" / "Unit 218," containing photos/videos documenting the Unit 218 Storage Unit contents and related evidence (the "Dropbox Unit 218 Folder").

12. The Dropbox Unit 218 Folder was owned by a Dropbox account controlled by Defendants, and it was shared with me as a shared folder with multiple members (not merely a one-time file attachment).

13. On February 4, 2026, I had access to the Dropbox Unit 218 Folder and/or could locate it through the Dropbox app. On February 5, 2026, the Dropbox Unit 218 Folder was no longer accessible to me and no longer appeared in search results, indicating that Defendants removed access, disabled the share link, renamed/moved the folder, and/or deleted it. Please see Exhibit I.

14. I did not delete the Dropbox Unit 218 Folder, I did not revoke sharing permissions, and I did not receive any consent request or lawful notice explaining the removal of access.

15. The sudden disappearance of the Dropbox Unit 218 Folder occurred after the dispute escalated and shortly before the February 10, 2026 federal hearing, which increases the risk that evidence is being destroyed or concealed.

**D. Anticipated Defenses and Why Immediate Relief Is Still Necessary**

16. I understand Defendants will argue this is dispute of pay and rent but the evidence show that the Defendants illegally seized half mil dollars merchandise inventory tools and furniture by abusing the access of work. The illegal seize of the enormous amount of property is theft besides they owed $8000 back rent at least by today and I paid them $250 which is more than $100/hr to go to court drop the notice to ask Cleveland Municipal for more time to retain attorney and they were not paid to betray their job duty and to take up the responsibility as traitor to help the company who committed fraud in court and obtained void eviction to deprive Plaintiff's and her companies' rights to their half mil dollars worth property. Defendants betrayed their duty and used the stolen property for ransom, I agreed to give the $700 ransom they asked but needed them to return the property they illegally seized, they agreed to accept the money but refused to return the property they illegally seized. They lied to mayor Burk that they got rid of all the property. That lie does not give them excuse for their obligation to return the stolen property or to pay the damage.

17, Defendant Mccall has been sending the most racist harassing message calling me "paper tiger" , 'vexatious", etc, Before I took residence in NH, over years, the company I invested has contributed half mil dollars to Cuyahoga County, I have supported the county and court and has never filed any frivolous lawsuit, the void vexatious declaration issued without hearing nor evidence nor jurisdiction is in the process to be vacated and that void declaration in state court has nothing to do with the enormous damages Defendants caused because of their theft, deception, tampering evidence, concealing the theft and other potential malicious unlawful acts Defendants committed. Defendants have been using void declaration to mislead and to cover up their unlawful acts and damages they caused.

3

17. The immediate issue before this Court is preventing irreparable harm and preserving evidence pending adjudication.

18. I understand Defendants may argue "Unit 218 is empty" or "the items are gone," implying the case is moot. It is not moot. Even if items were moved or sold, the Court can and should order: (a) preservation of records and devices; (b) disclosure of where the items were taken; (c) an immediate halt to further transfers; and (d) production of documents and account activity showing what happened.

19. Defendants may present false statements again to this Court as how they did to Garfield mayor by claiming my agent has all the property but the evidence show in Appendix that Defendants have unlawfully kept the majority property that arrange from enormous amount of cartons of hundreds of thousands of dollars worth medical merchandise, inventory, tools and modern, 16-19 century furniture, deprived Plaintiff's rights to her belonging besides the property Defendants stole were never mover Dave Thompson's but the Defendants have been misleading · Everyone by stating that they bought from Dave for $200.

**E. Requested Temporary Relief**

19. I respectfully request the Court enter temporary injunctive relief and evidence preservation measures, including an order that Defendants:

  a. Preserve and not destroy, alter, delete, or conceal any evidence relating to the Unit 218 Storage Unit and its contents, including all photos/videos, communications, and cloud data;

  b. Preserve all devices and accounts used to create, store, share, move, delete, or transmit evidence, including phones, computers, and cloud accounts (including Dropbox);

  c. Refrain from selling, transferring, discarding, encumbering, or otherwise disposing of any property identified in my exhibit list and/or known to be associated with Unit 218;

  d. Within 48–72 hours, identify the current location of the Unit 218 property to the extent known, identify all persons who received any items, and produce any inventory, receipts, listings, sale records, transport records, and communications relating to transfers/disposal;

  e. Permit expedited discovery, including third-party subpoenas to Dropbox, CubeSmart, and U-Haul, for records needed to locate the property and preserve evidence (including share/deletion/access logs for the Dropbox Unit 218 Folder).

20. I am seeking narrow, emergency relief focused on preventing further loss and preserving evidence. Without such relief, I believe the property and evidence will be permanently lost before the Court can decide the merits.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 5 2026, at Derry, New Hampshire.

Julie Robert
5 Tsienneto Road, #177, Derry, NH 03038

Email: julirrrobert@yahoo.com

## CERTIFICATE OF SERVICE

The declaration is served on all parties through US Postal Service on Feb 6, 2026 on the addresses in this court record.

/s/ Julie Robert

Julie Robert, Plaintiff