UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JULIE ROBERT, | ) | CASE NO. 1:26-cv-103 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| v. | ) | |
| | ) | |
| DEBRA BROWN, *et al.*, | ) | **ORDER SETTING PLAINTIFF'S** |
| | ) | **DEADLINE** |
| Defendant. | ) | |
| | ) | |
| | ) | |

On January 30, 2026, the Court denied Plaintiff Julie Robert's request for an *ex parte* temporary restraining order, granted her request for an expedited preliminary injunction hearing, and scheduled a hearing for February 10, 2026. (ECF No. 9). On February 6, 2026, Plaintiff filed an emergency motion seeking to appear remotely or to continue the hearing. (ECF No. 11). The Court granted Plaintiff's request to continue and cancelled the February 10, 2026 preliminary injunction hearing. (ECF No. 13). The Court also ordered Plaintiff, on or before February 16, 2026, to provide the Court with four dates when she would be available to appear in person for a preliminary injunction hearing. (*Id.*). The February 16, 2026 deadline passed without Plaintiff providing dates to the Court, requesting an extension of time, or otherwise responding to the Court's order.

On February 18, 2026, the Court issued an order to show cause. (ECF No. 16). The Court ordered Plaintiff, on or before February 25, 2026, to show cause for her failure to comply with the Court's order and her failure to seek an extension of time. (*Id.*). The Court also warned Plaintiff that a failure to timely respond to the order, or to show cause, might result in sanctions without

1

further notice, up to and including dismissal of this action for failure to prosecute under Fed. R. Civ. P. 41(b). (*Id.*).

The February 25, 2026 deadline has elapsed without Plaintiff filing a response to the Court's show cause order. Instead, Plaintiff submitted two filings on February 20, 2026: (i) a notice of service issues and non-receipt of court notices ("Notice of Non-Service"), (ECF No. 17); and (ii) a request for clerk's entry of default, (ECF No. 18).[1] Neither of these filings are responsive to the Court's show cause order, nor do they reference or mention it. Additionally, even if the Court were to construe the Notice of Non-Service as a response, the Court finds that it does not demonstrate good cause to excuse the failure to comply with the deadlines set by the Court.

Plaintiff says that she has not received any Court notice, order, or decision at her residential address (5 Tsienneto Road, #177, Derry, NH 03038) since this case was initiated. (ECF No. 17, PageID #261–62). First, the record reflects that the Clerk of Court has mailed copies of all the Court's filings to the address provided by Plaintiff—5 Tsienneto Road, #177, Derry, NH 03038. Plaintiff has provided no documents or other evidence to support her assertion that the Court's mailings were not delivered to the address she provided. Nor has the Court received any returned mail or notice of non-delivery. It is Plaintiff's responsibility to provide a valid and current address. *See Barber v. Runyon*, No. 93-6318, 1994 WL 163765, at *1 (6th Cir. May 2, 1994) ("If [the pro se litigant's] address changed, [she] had an affirmative duty to supply the court with notice of any and all changes in [her] address."); *see also Mustin v. Wainwright*, No. 3:21-cv-321, 2025 LX 526781, at *2 (N.D. Ohio Nov. 20, 2025) ("It is well-settled that a pro se litigant 'has an affirmative duty to notify the Court of any change in address.'") (citing cases). The Court satisfied its

---

[1] The Court denied Plaintiff's request for entry of default (ECF No. 18) because none of the parties were in default after the Court: (i) had previously granted Cube Smart an extension of time to respond to the complaint (Order [non-document] dated Feb. 17, 2026); and (ii) granted Defendants Debra Brown and Phil McCall an extension of time and accepted their motion to dismiss (ECF No. 20) as a timey-filed response to the complaint. (ECF No. 22).

obligation to Plaintiff by mailing copies of the Court's filings to Plaintiff's address on the record. *See Chukwa v. Murphy*, Civil Action No. 23-23010 (RK) (JTQ), 2025 LX 131651, at *3-4 (D.N.J. Jan. 27, 2025); *Francis v. Hypen*, No. 3:18-cv-0058, 2022 U.S. Dist. LEXIS 206044, at *4-5 (D.V.I. Nov. 14, 2022); *Williams v. Overmyer*, Civil Action No. 17-cv-251, 2023 U.S. Dist. LEXIS 123013, at *3 (W.D. Pa. July 13, 2023).

That said, even if Plaintiff has not received a copy of the Court's filings, she has an affirmative duty to monitor the Court's docket and keep herself apprised of what is happening in the case, including all filing deadlines and decisions of the Court. *See Yeschick v. Mineta*, 675 F.3d 622, 630 (6th Cir. 2012) ("[P]arties have an affirmative duty to monitor the dockets to keep apprised of the entry of orders[.]") (citation omitted); *see also Nitka v. Nelnet, Inc.*, 809 F. App'x 491, 495 (10th Cir. 2020) ("As a party representing himself, it was [the plaintiff's] responsibility to keep himself apprised of the status of his case."); *Lal v. California*, 610 F.3d 518, 527 (9th Cir. 2010) (explaining that it is ultimately the plaintiff's burden to prosecute a case, and a litigant has "a duty to keep track of the progress of their lawsuit"); *State v. Jenkins*, No. 22CA011874, 2023-Ohio 2635, 2023 Ohio App. LEXIS 2606, at *7 (Ohio App. 9th Dist. July 21, 2023) (providing that, under Ohio law, "[p]arties are charged with the duty to keep themselves apprised of entries upon the court's docket and to monitor the progress of the suit").

Plaintiff has demonstrated that she has the ability to both monitor the docket and timely respond to the Court's orders. She states that she has been able to call the clerk's office to check the status of her case and that she has an active PACER account. (ECF No. 17, PageID #261–62). She filed an emergency motion to continue the original scheduled preliminary injunction hearing, (ECF No. 11), and filed a request for entry of default, (ECF No. 18), with both motions indicating that she was aware of specific deadlines, the docket, and the general status of the proceedings.

3

Moreover, the Court has been informed that Plaintiff personally filed these motions, as well as the Notice of Non-Service, at the clerk's office located in the Carl B. Stokes United States Courthouse in Cleveland, Ohio.

Accordingly, to the extent that Plaintiff is requesting that future notices of the Court be served via email or re-sent to her mailing address, that request is **DENIED**.  Although Plaintiff has not established good cause for missing the aforementioned deadlines, the Court will **GRANT** her one final extension.  On or before March 18, 2026, Plaintiff is **ORDERED** to provide the Court with four dates when she will be available to appear in person for a preliminary injunction hearing. Noting that Plaintiff missed the original deadline to provide the Court with such dates, as well as the deadline to show cause for this failure, this is the Court's **FINAL** warning to Plaintiff that a failure to provide dates by the March 18, 2026 deadline **WILL** result in sanctions without further notice, which may include dismissal of this action for failure to prosecute under Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

Date: March 3, 2026

_____
**CHARLES E. FLEMING**
**U.S. DISTRICT COURT JUDGE**