IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JULIE ROBERT, | ) | CASE NO. 1:26-cv-00103 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES ESQUE FLEMING |
| | ) | |
| v. | ) | |
| | ) | **DEFENDANT CUBESMART, L.P.'S** |
| DEBRA BROWN, *et al.*, | ) | **BRIEF IN OPPOSITION TO** |
| | ) | **PLAINTIFF'S REQUESTS FOR** |
| Defendants. | ) | **INJUNCTIVE RELIEF, EVIDENCE** |
| | ) | **PRESERVATION AND EXPEDITED** |
| | ) | **DISCOVERY** |

NOW COMES Defendant, CubeSmart, L.P., by and through undersigned counsel, and hereby submits the instant Brief in Opposition to Plaintiff Julie Robert's ("Plaintiff") requests for injunctive relief, evidence preservation, and expedited discovery ("requests"). Pursuant to this Court's February 17, 2026 Order, Defendant must respond to Plaintiff's requests by March 3, 2026, but is not required to answer Plaintiff's Complaint until March 13, 2026. Accordingly, this Brief is submitted solely to respond to Plaintiff's requests in compliance with this Court's Order and is not intended to serve as Defendant CubeSmart, L.P.'s answer or response to the Complaint.

Specifically, this Brief is in response to: Pages 7–8 of Plaintiff's Complaint for Injunctive Relief (ECF No. 1); Plaintiff's Motion for an expedited hearing on her preliminary injunction request (ECF No. 2); and Plaintiff's request for Evidence Preservation and Expedited Discovery (ECF No. 12). In sum, Plaintiff claims that, without an injunctive order, she will suffer irreparable harm, because the property she seeks to protect includes irreplaceable antiques and valuable and unique items, which could be sold, damaged, destroyed, or otherwise dispersed prior to the resolution of this matter.

As to Defendant CubeSmart, L.P. ("CubeSmart") in particular, Plaintiff claims that certain property of hers is or was located in Unit 218 at CubeSmart's storage facility. Accordingly, she requests this Court issue an order that CubeSmart must:

> [I]mmediately place and maintain an administrative hold on Unit 218… no auction or lien sale, no clean out/disposal, no transfer of contents, no change of locks/codes/authorized users, and no release of contents to any person absent further order.
>
> [I]mmediately preserve all surveillance video currently in its possession, custody, or control that is reasonably related to Unit 218 and surrounding areas. To the extent video from November 13, 2025 to present is available, preserve that date range. If any portion is unavailable due to routine overwriting/retention limits, CubeSmart shall immediately preserve all access logs, gate logs, account notes, payment history, lock cut/change records, and communications/notes regarding Unit 218 and the disputed Property. CubeSmart shall not overwrite or recycle any relevant footage pending further order.

(ECF No. 2) at p. 1–2.

As the argument below explains, injunctive relief is unwarranted in this case, because Plaintiff has failed to establish the elements necessary for obtaining such relief. Additionally, the standard rules governing the discovery phase of litigation are sufficient to prevent harm and the spoliation of evidence, rendering Plaintiff's requests for an evidence preservation order and expedited discovery unnecessary.

**I.    LAW & ARGUMENT**

    **a. Plaintiff is not entitled to a preliminary injunction because she is not likely to suffer irreparable harm in the absence of preliminary relief**

To secure a preliminary injunction, a plaintiff must establish that: (1) she is likely to succeed on the merits; (2) she is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in her favor; and (4) an injunction is in the public interest. *EOG Resources, Inc. v. Lucky Land Management, LLC*, 134 F.4th 868, 874 (6th Cir. 2025), quoting

*Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Because a preliminary injunction "is an 'extraordinary' equitable remedy that is 'never awarded as of right,'" the plaintiff must make a "clear showing" that these factors favor him. *EOG Resources*, 134 F.4th at 874, citing *Starbucks Corp. v. McKinney*, 602 U.S. 339, 345–46 (2024) (quoting *Winter*, 555 U.S. at 24). Importantly, "[i]rreparable harm is the core of the preliminary injunction, as [the Sixth Circuit] and the Supreme Court have made clear before. It is true that courts 'balance' the four factors, but… 'the *existence* of an irreparable injury is mandatory.'" *EOG Resources*, 134 F.4th at 883, quoting *D.T. v. Sumner County Schools*, 942 F.3d 324, 327 (6th Cir. 2019).

With respect to irreparable harm, "showing just any old injury won't do. The injury must be *irreparable*, in the legal sense, and not every injury is irreparable." *EOG Resources*, 134 F.4th at 884. "'Irreparable' means "not fully compensable by monetary damages." *Id.*, quoting *Overstreet v. Lexington-Fayette Urb. Cnty. Gov't*, 305 F.3d 566, 578 (6th Cir. 2002). For example, lost profits alone are calculable and compensable through monetary damages and, therefore, do not constitute irreparable harm. *Overstreet*, 305 F.3d at 579. The injury "must be both certain and immediate," not "speculative or theoretical." *D.T.*, 942 F.3d at 327, quoting *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 154 (6th Cir.).

Here, Plaintiff alleges that preliminary injunctive relief is warranted because the property she seeks to protect includes irreplaceable antiques that "**can** be quickly sold, moved, concealed, damaged, dismantled, or destroyed, and once dispersed… recovery becomes extremely difficult or impossible." Plaintiff's Complaint filed 01/15/2026 (ECF No. 1) ("Complaint") at p. 8 (emphasis added). She further alleges that such relief is warranted on the basis that the property also includes inventory and equipment for her business, the loss of which may interrupt her ability to conduct business. *Id.*

3

In light of these allegations, it clear that Plaintiff is <u>not</u> likely to suffer irreparable harm. Again, irreparable harm does not include speculative or theoretical injury. Rather, the injury must be both certain and immediate. Yet, Plaintiff's only support for injunctive relief is the speculative and theoretical possibility that her property could be sold, damaged, dispersed, etc. In fact, Plaintiff herself states, "**I believe** the property and evidence will be permanently lost before the Court can decide the merits." ECF No. 12 at p. 5 (emphasis added). The Sixth Circuit has made clear that such allegations are insufficient to provide the basis for a preliminary injunction.

Further, there is no evidence or reason to believe that the sale, damage, or dispersion of Plaintiff's property is imminent. Even if it were, the property Plaintiff identifies as requiring protection would be fully compensable by monetary damages if it were sold, damaged, or otherwise dispersed. Notably, Plaintiff does not allege any strong emotional attachment or other significant connection to the property. Instead, she asserts only that the antiques are "irreplaceable." But, even accepting that allegation as true, irreplaceability alone does not establish irreparable harm; the potential loss, destruction, or damage of the property remains compensable by monetary damages. Indeed, "high-end 16th–19th century antique furniture" and related accessories are property for which a value can be readily determined, and Plaintiff herself has assigned her property a value of approximately $500,000 to $800,000.

Plaintiff's only other support for a preliminary injunction comes from the speculative and theoretical possibility that her business equipment and inventory could be lost, sold, destroyed, or otherwise displaced, thereby impeding her ability to conduct her business. Again, speculative or theoretical harm is insufficient to satisfy the irreparable harm element. Yet, even if Plaintiff's business equipment or inventory was lost, sold, or destroyed, and that resulted in lost profits due

4

to her inability to conduct business, lost profits are nonetheless compensable through monetary damages and, therefore, do not constitute irreparable harm.

On top of this, Plaintiff does not allege or make any showing that she is likely to succeed on the merits in this case, that the balance of equities tips in her favor, or that an injunction is in the public interest. Rather, she relies solely on her allegation of potential irreparable harm to establish the need for a preliminary injunction. Accordingly, Plaintiff has failed entirely to establish that three out of the four factors favor her, warranting the denial of her request for a preliminary injunction. Being that Plaintiff has failed to establish any of the four factors listed above, but especially because she has failed to make a clear showing that she is likely to suffer irreparable harm, it is proper to deny her request for a preliminary injunction. *D.T.*, 942 F.3d at 327.

### b. Plaintiff is not entitled to permanent injunctive relief because she has not suffered irreparable injury

According to established principles of equity, a plaintiff seeking a permanent injunction must satisfy all of the following before a court may grant such relief: (1) that it has suffered irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

Here, as discussed above, Plaintiff has only alleged a speculative and theoretical injury—the potential loss, destruction, or displacement of her property. There are no allegations, or evidence to support, that her property has already been lost, destroyed, or otherwise displaced. Thus, Plaintiff has not satisfied the first element necessary to obtain a permanent injunction. For that reason alone, it is proper to deny Plaintiff's request for a permanent injunction. *Id.*

Also, monetary damages are adequate to compensate Plaintiff for any injury she might suffer. Again, all of the property Plaintiff seeks to protect can be assigned a value, as Plaintiff has shown, which valuation can be used to determine adequate monetary damages, if awarded, upon the final resolution of this matter. Likewise, lost profits have been held calculable and compensable through monetary damages. Accordingly, Plaintiff has not satisfied the second element necessary to obtain a permanent injunction, and her request should be denied.

Finally, Plaintiff has not made any showing that, considering the balance of hardships between her and defendants, a remedy in equity is warranted, or that the public interest would not be disserved by a permanent injunction. Once more, Plaintiff relies solely on her claims that the property she seeks to protect is "irreplaceable" and at risk of imminent disposal to justify her request for a permanent injunction. These facts alone, however, fail to demonstrate that a remedy in equity is warranted or that the public interest would not be disserved by a permanent injunction.

In light of the above, it is clear that Plaintiff has not satisfied the four factors necessary to warrant the grant of a permanent injunction.

**c. An Order for Evidence Preservation and Expedited Discovery is Unnecessary**

In her "Request for Evidence Preservation and Expedited Discovery" (ECF No. 12) at pages 4–5, Plaintiff asks this Honorable Court to enter "evidence preservation measures." In sum, Plaintiff requests an order that defendants preserve all evidence, devices, accounts, and property related to the Unit 218 storage unit; disclose the current location of the property and any transfers or sales; and submit to expedited discovery, including third-party subpoenas, to obtain records that will allow her to locate the property at issue and preserve related evidence. However, such an order is unnecessary in light of the well-established rules governing the preservation of evidence in anticipation of and during litigation, which defendants are already obligated to follow, as well as

the Federal Rules of Civil Procedure, which govern the disclosure of evidence and Plaintiff's ability to discover the evidence she seeks.

Indeed, "it is beyond question that a party to civil litigation has a duty to preserve relevant information, including [Electronically Stored Information], when that party 'has notice that the evidence is relevant to litigation or… should have known that the evidence may be relevant to future litigation.'" *John B. v. Goetz*, 531 F.3d 448, 459 (6th Cir. 2008), quoting *Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423, 436 (2d Cir. 2001). A party is under a common-law duty to preserve relevant information when litigation is reasonably foreseeable. This duty "arises no later than when a lawsuit is filed but may be triggered earlier than the filing of the complaint depending on the particular circumstances." *Bistrian v. Levi*, 448 F. Supp. 3d 454, 468 (E.D. Pa. 2010).

Additionally, it appears from Plaintiff's requests that her primary concern is defendants' spoliation of evidence. "Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Billiter v. SP Plus Corp.*, 329 F. Supp. 3d 459, 465–66 (M.D. Tenn. 2018). Federal courts may address spoliation by imposing many different kinds of sanctions, "including dismissing a case, granting summary judgment, or instructing a jury that it may infer a fact based on lost or destroyed evidence." *Beaven v. U.S. Dept. of Justice*, 622 F.3d 540, 554 (6th Cir. 2010), quoting *Adkins v. Wolever*, 554 F.3d 650, 653 (6th Cir. 2009).

Here, in light of the above, and the many other rules that govern the protection and preservation of evidence, it is clear that Plaintiff's request for an order requiring CubeSmart to preserve evidence is both unnecessary and redundant. As litigation has commenced, CubeSmart is already subject to an obligation to preserve relevant evidence, including electronically stored evidence. Plaintiff has given no reason for this Court to suspect that CubeSmart will engage in the

spoliation of evidence and, in fact, CubeSmart will not do so. Even then, were some relevant evidence to be spoliated, which it will not be, this Court has a wide array of tools to address such an occurrence.

Moreover, Plaintiff requests an order for expedited discovery. "Court's considering motions for expedited discovery typically apply a good cause standard." *Russell v. Lumpkin*, 2010 WL 1882139, at * 2 (S.D. Ohio May 11, 2010), citing *Lemkin v. Bell's Precision Grinding*, 2009 WL 1542731, at *2 (S.D. Ohio June, 2, 2009). "The burden of demonstrating good cause rests with the party seeking expedited discovery." *Id.* "The moving party may establish good cause by demonstrating that 'the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party.'" *Id.* Good cause is often found in cases alleging infringement, unfair competition, or where evidence may be lost or destroyed with time. *Arista Records, LLC v. Does 1-15*, 2007 WL 5254326, at *2 (S.D. Ohio Nov. 5, 2007).

Here, Plaintiff's basis for expedited discovery is her general concern that defendants will fail to preserve evidence, so there is a need to act quickly. ECF No. 12 at p. 4. Simply put, this justification fails to demonstrate the good cause necessary to warrant expedited discovery. Plaintiff has not demonstrated that her need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to defendants, specifically CubeSmart. Indeed, while Plaintiff alleges that her property may be lost or destroyed with time, this is a speculative claim, as there is no evidence that Plaintiff's property has been or will be lost or destroyed—there is no imminent emergency that expedited discovery can prevent or protect against. CubeSmart will also be prejudiced by expedited discovery due to its inability to prepare meaningful objections, prepare and discuss safeguards with Plaintiff, and prepare its own strategy.

8

Plaintiff also has ample means to obtain the information she seeks through the established discovery mechanisms under the Federal Rules of Civil Procedure. For instance, she is free to request and issue subpoenas and propound discovery upon CubeSmart and related parties. No court order is necessary for her to do so. Accordingly, even if good cause for expedited discovery is found, it would be unnecessary for this Court to issue an order permitting such discovery to occur, because Plaintiff is already capable of obtaining the evidence she seeks without a Court order.

## II.     CONCLUSION

Overall, Plaintiff's requests for a preliminary and permanent injunction should be denied because she has not demonstrated that she has suffered, or is likely to suffer, irreparable harm, nor has she satisfied the other factors required for injunctive relief. Her requests for an evidence preservation order and expedited discovery should also be denied, as she has not shown good cause, and the applicable law and Rules governing discovery are sufficient to ensure a fair, efficient and expeditious discovery process.

Based on the foregoing, Defendant CubeSmart, L.P. respectfully requests that this Honorable Court deny Plaintiff Julie Robert's requests for injunctive relief, evidence preservation, and expedited discovery.

Respectfully submitted,

MARSHALL DENNEHEY, P.C.

By:  /s/ Adam J. Mintz
JOHN A. RUBIS (0085885)
ADAM J. MINTZ (0106292)
127 Public Square, Suite 3510
Cleveland, Ohio  44114
Phone:  216-912-3800
Fax:  216-344-9006
Email: jarubis@mdwcg.com
          ajmintz@mdwcg.com
*Counsel for Defendant, CubeSmart, L.P.*

9

**CERTIFICATE OF SERVICE**

    I hereby certify that on March 3, 2026, a copy of the foregoing Defendant, CubeSmart, L.P.'s, Brief in Opposition was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

    Julie Robert
    5 Tsienneto Road, #177
    Derry, New Hampshire  03038
        Plaintiff, *Pro Se*

    Debra Brown
    6136 Dunham Road
    Maple Heights, Ohio  44137
    10705 Grave Avenue
    Garfield Heights, Ohio  44125
        Defendant

    Phil McCall
    6136 Dunham Road
    Maple Heights, Ohio  44137
    10705 Grave Avenue
    Garfield Heights, Ohio  44125
        Defendant

    MARSHALL DENNEHEY, P.C.

    By:  */s/ Adam J. Mintz*
    JOHN A. RUBIS (0085885)
    ADAM J. MINTZ (0106292)
    *Counsel for Defendant, CubeSmart, L.P.*