**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**CLEVELAND, OHIO**

| | |
|---|---|
| Julie Robert, | ) Case No. 1:26-cv-00103 |
| Plaintiff, | ) |
| v. | ) Judge Charles E. Fleming |
| Debra Brown and Philip McCall, | ) |
| Defendants. | ) |

**FILED**

**MAR 1 8 2026**

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO CLEVELAND

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS,**

**NOTICE OF NON-SERVICE, AND ALTERNATIVE MOTION TO**

**RESET RESPONSE DEADLINE**

Plaintiff Julie Robert respectfully opposes Defendants' Motion to Dismiss. Plaintiff further states that Defendants filed Motion to Dismiss but did not serve Plaintiff as required by Fed. R. Civ. P. 5. Plaintiff files this opposition promptly upon discovering the motion on the docket and expressly does not waive the defect in service. Plaintiff respectfully requests that the Court deny the motion, deem this opposition timely, or alternatively reset any response deadline to run from proper service.

**ARGUMENT**

**I. Defendants Failed to Serve the Motion**

Defendants filed Motion to Dismiss without serving Plaintiff. This failure deprived Plaintiff of fair notice and the ability to respond within the time contemplated by the rules. Accordingly, the Court should deem this opposition timely, require proper service, or deny or strike the motion without prejudice.

1

## II. Court Has Subject-Matter Jurisdiction

This Court has subject-matter jurisdiction over this action. Plaintiff's claims arise not only under diversity jurisdiction, but also under federal law, including violations of Plaintiff's civil rights. Defendants unlawfully deprived Plaintiff of property and interfered with Plaintiff's rights, giving rise to federal question jurisdiction.

In addition, the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff has evidence showing that the value of the property Defendants unlawfully seized, withheld, damaged, and/or caused to be lost exceeds the jurisdictional threshold. Defendants' assertions that the property is of minimal value are false and unsupported. Plaintiff will further support this amount with declarations, photographs, inventories, receipts, and valuation evidence prior to or at the injunction hearing, as directed by the Court.

## III. Defendants' Assertions Are Factually False

Defendants' statements regarding possession, value, and condition of the property are inaccurate. Plaintiff maintains evidence contradicting these assertions and will present such evidence to the Court.

## IV. Sanctions or Costs Should Be Treated as Secondary Relief

Defendants failed to serve Plaintiff with their motion as required by the Federal Rules. Plaintiff seeks immediate curative relief from this Court. To the extent the Court finds Defendants' conduct was willful or prejudicial, Plaintiff respectfully requests that the Court award sanctions and/or costs as secondary relief.

**CONCLUSION**

Plaintiff respectfully requests that the Court:

1. Deny Defendants' Motion to Dismiss;

2. Deem this opposition timely;

3. Alternatively reset any response deadline;

4. Grant such other relief as the Court deems just, including sanctions or costs as

secondary relief if warranted.


Respectfully submitted,
*Respectfully submitted,*

/s/ Julie Robert
Julie Robert
5 Tsienneto Road, #177
Derry, NH 03038
julierrobert@yahoo.com
440-638-9632
Plaintiff, pro se


**CERTIFICATE OF SERVICE**

I certify that on March 18, 2026, I served a copy of the foregoing Plaintiff's

Opposition to Defendants' Motion to Dismiss by email and US Postal Service  upon all

parties entitled to service.

/s/ Julie Robert

Julie Robert