<table>
<tr><td colspan="3" align="center">UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF OHIO<br>CLEVELAND, OHIO</td></tr>
<tr><td>Julie Robert,<br>Plaintiff,<br><br>v.<br><br>Debra Brown, et al.,<br>Defendants.</td><td align="center">'FILED'<br><br>MAR 18 2026<br><br>CLERK U.S. DISTRICT COURT<br>NORTHERN DISTRICT OF OHIO CLEVELAND</td><td>Case No. 1:26-CV-00103<br>Judge: Charles Fleming<br><br>PLAINTIFF'S MOTION TO STRIKE DEFENDANTS'<br>PROCEDURALLY DEFECTIVE MOTION FOR SANCTION</td></tr>
</table>

Plaintiff Julie Robert respectfully moves to strike Defendants' Motion for Sanction because the filing is defective in its entirety and fails to comply with Federal Rule of Civil Procedure 11. As Plaintiff understands the record, Defendants filed a Rule 11 sanctions motion without first serving it on Plaintiff and without providing the mandatory 21-day safe-harbor period. Plaintiff further reviewed the docketed filing and did not observe any signature or electronic signature for either pro se Defendant. Because Defendants did not comply with Rule 11's mandatory requirements, the Motion for Sanctions should be stricken in full and the accompanying exhibits should be disregarded.

## MEMORANDUM IN SUPPORT

### I. Factual Background

Defendants filed a motion trying to seek frivolous sanction against Plaintiff and attached extensive exhibits some of which are not relevant. Plaintiff was never served with that sanction motion before it was filed and never received the motion together with the exhibits in advance of filing. Plaintiff further reviewed the docket and did not observe any signature or electronic signature for either pro se Defendant.

Because the sanctions filing did not comply with Rule 11's mandatory procedural requirements, it should be stricken in full.

### II. Defendants' Motion for Sanctions Is Defective in Its Entirety Because It Does Not Comply

1

**with Rule 11**

Rule 11 requires that every written motion be signed by the filer. Because Defendants are proceeding pro se, each Defendant was required to sign personally. Plaintiff reviewed the docketed filing and did not observe any signature or electronic signature for either Defendant.

Rule 11 also requires that a motion for sanctions be served under Rule 5 before filing and not be filed unless the challenged paper is not withdrawn or corrected within 21 days after service. Defendants did not serve Plaintiff with the motion before filing it and did not provide the mandatory 21-day safe-harbor period.

Defendants' Motion for Sanction therefore fails to comply with Federal Rule of Civil Procedure 11 and is defective in its entirety. The Court should not consider the substance of a sanctions motion that was filed in violation of Rule 11's mandatory requirements.

**III. Relief Requested**

Plaintiff respectfully requests that the Court strike Defendants' Motion for Sanctions in its entirety as procedurally defective, disregard the exhibits filed in support of that motion, deny any request for sanctions against Plaintiff, and grant such further relief as the Court deems just.

*Respectfully submitted,*
*/s/ Julie Robert*
Julie Robert
5 Tsienneto Road, #177
Derry, NH 03038
julierrobert@yahoo.com
440-638-9632
Plaintiff, pro se

## CERTIFICATE OF SERVICE

I certify that on March 18, 2026, I served a copy of the foregoing Plaintiff's Motion to Strike Defendants' Procedurally Defective Motion for Sanctions by email and US Postal Service upon all parties entitled to service.

/s/ Julie Robert

Julie Robert

3