

FILED

MAR 2 4 2026

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

| | |
|---|---|
| **JULIE ROBERT,** | ) |
| | ) **CASE NO. 1:26-cv-00103** |
| Plaintiff, | ) |
| | ) **JUDGE CHARLES E. FLEMING** |
| v. | ) |
| | ) |
| **DEBRA BROWN, PHILIP MCCALL,** | ) |
| | |
| Defendants, | ) |
| | |
| | ) |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANTS'**

**MOTION FOR SANCTIONS**

## INTRODUCTION

Plaintiff moves to strike Defendants' sanctions motion as procedurally defective, asserting lack

of service, failure to provide the Rule 11 safe-harbor, and absence of signatures. Defendants

acknowledge that, at the time of filing, they signed the motions at the Clerk's office and the

Clerk accepted the filings. Defendants further acknowledge that pre-filing service and the full

21-day safe-harbor period were not provided due to a misunderstanding of the required

procedure. Even so, striking the sanctions motion in its entirety is an extreme remedy that is not

warranted where Plaintiff had actual notice and has already responded. The Court should deny

the motion to strike, permit Defendants to cure any technical defects, or consider the sanctions motion on the merits.

FACTUAL BACKGROUND

1. Defendants filed a Motion for Sanctions (ECF No. 21). At the time of filing, Defendants signed the motion in the Clerk's office and the Clerk accepted the filing. See Exhibit 1; see Exhibit 2.

2. Defendants did not effectuate pre-filing service in the precise manner Plaintiff describes and did not allow a full 21-day safe-harbor period prior to filing due to a misunderstanding of the procedural requirements.

3. Plaintiff filed a Motion to Strike (ECF No. 31) and has already responded substantively to the filings on the docket.

ARGUMENT

I. Striking the sanctions motion is an extreme remedy and is not warranted here

Rule 11's safe-harbor requirement is intended to encourage correction of improper filings, not to serve as an automatic bar that voids a sanctions motion where the opposing party had actual notice and an opportunity to respond. Plaintiff has already responded to the sanctions filing and to the Motion to Dismiss, demonstrating actual notice and lack of prejudice. The Court should exercise its discretion to deny the motion to strike and, if appropriate, permit Defendants to cure any procedural defects.

## II. Substantial compliance with signature requirements is present

Defendants signed the motions at the Clerk's office at the time of filing and the Clerk accepted the filings. That fact demonstrates substantial compliance with signature requirements. Any clerical irregularity is curable and does not justify striking the entire motion and exhibits. See Exhibit 1; see Exhibit 2.

## III. Rule 12(f) does not apply to non-pleading motions

Rule 12(f) applies only to pleadings and not to motions. Because the challenged filing is a motion for sanctions and not a pleading, Plaintiff's reliance on Rule 12(f) is misplaced and the motion to strike should be denied. If the Court is concerned about procedural defects, the appropriate remedy is to permit Defendants to re-serve the sanctions motion and provide the safe-harbor period now, or to allow Defendants to file a short supplemental declaration confirming signature and service.

## IV. The Court should permit cure or consider the sanctions motion on the merits

If the Court is concerned about procedural defects, the appropriate remedy is to permit Defendants to re-serve the sanctions motion and provide the safe-harbor period now, or to allow Defendants to file a short supplemental declaration confirming signature and service. Alternatively, the Court should deny the motion to strike and consider the sanctions motion on the merits, taking into account any procedural irregularities in its discretion.

REQUEST FOR RELIEF

Defendants respectfully request that the Court:

1. Deny Plaintiff's Motion to Strike in its entirety; or

2. In the alternative, permit Defendants to cure any procedural defects by re-serving the sanctions motion and providing the 21-day safe-harbor period, and permit Defendants to file a short supplemental declaration confirming the signature and service; and

3. Award such other relief as the Court deems just.

Respectfully submitted,

/ s / **Debra Brown**

Debra Brown, pro se

10705 Grace Avenue

Garfield Heights, OH, 44125

(216) 253-0863

debrabattles@msn.com

Date: March 20, 2026