**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JULIE ROBERT, | ) | CASE NO. 1:26-cv-103 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| v. | ) | |
| | ) | |
| DEBRA BROWN, *et al.*, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | |
| | ) | |
| | ) | |

Before the Court is Defendants Debra Brown and Phil McCall's motion to dismiss the complaint for lack of subject matter jurisdiction ("Motion to Dismiss") (ECF No. 20). For the reasons that follow, the Motion to Dismiss is **DENIED**.

## I. BACKGROUND

On January 15, 2026, Plaintiff Julie Robert filed a complaint against Defendants Debra Brown, Phil McCall, and CubeSmart, L.P., alleging that Defendants unlawfully possess, control, and threaten to dispose of her personal and business property valuing over $500,000, which includes high-end antique furniture, medical equipment, tools, records, and documents. (ECF No. 1). Plaintiff alleges that "Mover Dave Thompson" illegally seized her property, stored the property at Cube Smart Unit 218 at 5440 S. Marginal Rd., Cleveland, Ohio 44114 ("Unit 218") since November 13, 2025, and Defendants illegally seized the property around December 13, 2025. (*Id.* at PageID #3–4, ¶¶ 3–4, 7). Plaintiff asserts six causes of action: (i) a violation of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030; (ii) conversion; (iii) replevin; (iv) trespass to chattels; (v) civil conspiracy; and (vi) unjust enrichment. (*Id.* at PageID #5–6). Plaintiff requests relief in the form of temporary, preliminary, and permanent injunctions, the return of

1

Plaintiff's property, compensatory damages, and costs. (*Id.* at PageID #9). The complaint asserts that the Court has subject matter jurisdiction over this action based on: (i) diversity jurisdiction under 28 U.S.C. § 1332; and (ii) federal question jurisdiction under 28 U.S.C. § 1331 because Plaintiff asserts a claim under the CFAA. (*Id.* at PageID #2, ¶¶ 1–2).

On February 25, 2026, Brown and McCall (collectively, "Individual Defendants") filed the instant Motion to Dismiss. (ECF No. 20). Plaintiff filed a timely opposition, (ECF No. 30), and the Individual Defendants a reply in support, (ECF No. 33).

## II. DISCUSSION

The Individual Defendants argue that the Court lacks subject matter jurisdiction over this case. They first argue that there is no diversity jurisdiction because the amount in controversy does not meet the $75,000 threshold. (ECF No. 20, PageID #275). They then argue that federal jurisdiction is improper because the amount in controversy requirement is not satisfied and Plaintiff has failed to establish grounds for injunctive relief. (*Id.*). Plaintiff responds that the Court has subject matter jurisdiction because the amount in controversy exceeds $75,000 and her claims also arise under federal law. (ECF No. 30, PageID #614).

District courts have original jurisdiction of "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. This type of jurisdiction arises where a "well-pleaded complaint establishes either that federal law creates the cause of action or that the Plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27 28, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983). Here, the complaint explicitly invokes federal question jurisdiction and specifically

asserts a cause of action under a federal statute—18 U.S.C. § 1030.[1] (ECF No. 1, PageID #2, 5). The Individual Defendants appear to have overlooked these portions of the pleadings and do not challenge the validity of Plaintiff's federal claim. Thus, the Court finds that it has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.[2]

## III.     CONCLUSION

For the foregoing reasons, the Court **DENIES** the Motion to Dismiss (ECF No. 20).

**IT IS SO ORDERED.**

Date: March 25, 2026

**CHARLES E. FLEMING**
**U.S. DISTRICT COURT JUDGE**

---

[1] "In broad terms, the CFAA bars unauthorized access to computers. It provides a cause of action to '[a]ny person who suffers' a 'loss' of 'at least $5,000' in a single year due to a § 1030 violation." *Moxie Pest Control (Utah), Ltd. Liab. Co. v. Nielsen*, 164 F.4th 1195, 1199 (10th Cir. 2026) (citations omitted).

[2] Because the Court has federal question jurisdiction, it is unnecessary at this time to determine whether the amount in controversy exceeds $75,000 such that the Court also maintains diversity jurisdiction over this action. Even if diversity jurisdiction were lacking, the Court would have supplemental jurisdiction over Plaintiff's state-law claims. 28 U.S.C. § 1367.