# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO

FILED

Julie Robert,

MAR 3 1 2026

Case No. 26-cv- 00103

Plaintiff,

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO CLEVELAND

Judge: Fleming

v

Mag Judge: Armstrong

Debra Brown, Philip McCall, et al.,

Defendants.

## PLAINTIFF'S MOTION TO DENY AND STRIKE

## DEFENDANTS' MOTION FOR SANCTIONS

Plaintiff Julie Robert respectfully moves this Court for an order denying and striking Defendants Debra Brown and Philip McCall's Motion for Sanctions. The said Defendants intentionally violated Federal Rule 5, 6 and 11 twice and committed fraud in front of this Honorable Court twice.

This motion is based on Federal Rules of Civil Procedure 5, 6, and 11, the Local Rules of this Court, the record in this case, and the memorandum in support is attached herein. According to Federal Rule 5, 6 and 11, Defendants' frivolous motion for sanction shall be denied and stricken.

Respectfully submitted,

*Julie Robert*

Julie Robert, Plaintiff

5 Tsienneto Road, #177

Derry, NH 03038

Email: 

Tel: 440-638-9632

1

**MEMORANDUM IN SUPPORT**

## I.   STATEMENT OF FACTS

Defendants seek sanctions against Plaintiff based on serious false factual accusations, including fraudulent claims and misleading false accusations such as: Plaintiff exaggerated damages, fabricated or distorted facts, and acted in bad faith without evidence to support. Yet on March 19, 2026, Defendants served Plaintiff with an incomplete motion package and failed to provide the exhibits on which the motion and its false accusations rely. Defendants' motion repeatedly references Exhibits 1 through 22, but those exhibits were not served on Plaintiff. As a result, Plaintiff was deprived of a fair opportunity to review and respond. The motion therefore procedurally defective and prejudicial.

A sanctions motion is not a casual filing. It is a serious request for punitive relief. Defendants cannot fairly accuse Plaintiff of misconduct while withholding the very materials they claim support those false accusations. The omission indicates that Defendants knew that the exhibits are not supporting their false accusation. They abused Rule 11 trying to falsely defame Plaintiff, mislead the court allowing them to continue violating Plaintiff's constitutional rights and continue keeping the property that are not theirs. There was no sale nor auction on Plaintiff's property on Dec 13, 2025. Defendants were given a job to take pictures and videos of Plaintiff's property when Plaintiff's movers planned to move her property from unit 218 to other two units at the same Cube Smart Plaintiff rented and paid on Dec 12, 2025. Defendants were not give any consent nor authorization to seize her $500 k worth property inside unit 218 nor Defendants ever called and asked Plaintiff's permission on Dec 13, 2025 to illegally seize her $500k worth property then Defendants used the property that are not their for ransom money from Plaintiff while wanting to keep the ransom money and refusing return the property that are not theirs,

2

consequently making false representation in front of this Honorable Court, trying to deceive the Court and continue violate Plaintiff's constitutional rights to her property.

On Feb 25, 2026 Defendants are obligated to follow safe harbor rule and the service rule to serve Plaintiff the motion and exhibits as obligated in Federal Rule 11 before they filed at this Court on Feb 25, 2026 but the Defendants have failed to follow the rules and their obligations stated in Fed Rule 11. Defendants have been intentionally wasting this Court and all parties' resources and time by intentionally not following the rules and their obligations.

The statements Defendants submitted to this Court in their motion for sanction unlawfully filed on Feb 26, 2026 without following the rules of safe harbor and 21 days to serve before filing at court and in the motion for sanction mailed to Plaintiff on March 19, 2026 are all false, the proof to support the action of Defendants intentionally committing fraud in front of this Honorable Court will be submitted during this Court scheduled April 29, 2026 injunction hearing.

For the reasons alone, all Defendants' motion for sanction should be denied and stricken.

**II LEGAL GROUNDS**

**A. DEFENDANTS FAILED TO EFFECT COMPLETE SERVICE OF THEIR SANCTION MOTIONS**

Rule 5 requires service of every written motion on every party. Fed. R. Civ. P. 5(a)(1)(D). Rule 6(c)(2) further provides that any affidavit supporting a motion must be served with the motions. Here, Defendants served Plaintiff with a sanctions motion that repeatedly cites Exhibits 1–22, yet Defendants did not serve those exhibits. Because the motion depends on those exhibits for its factual accusations, Defendants did not affect complete service of the materials on which they rely.If Defendant filed their motion before properly serving the complete motion and allowing

3

the required safe-harbor period, the motion is procedurally defective. A party cannot satisfy Rule 11 by serving an incomplete version of the motion while withholding the evidence it relies upon. That intentional omission is prejudicial and serves the purpose of harassment.

**B. TO THE EXTENT DEFENDANTS SEEK RULE 11 SANCTIONS, RULE 11 REQUIRES STRICT PROCEDURAL COMPLIANCE**

Rule 11(c)(2) requires that a motion for sanctions be made separately from any other motion, be served under Rule 5, and not be filed or presented to the court if the challenged paper is withdrawn or corrected within 21 days after service.

If Defendants filed their sanctions motion before properly serving the complete motion package and waiting the required 21-day period, the motion is procedurally defective. A party cannot satisfy Rule 11's safe-harbor procedure by serving an incomplete version of the motion while withholding the exhibits that supposedly support it. Rule 11 requires fair notice of the actual sanctions motion being pursued.

Plaintiff therefore preserves and asserts her objection under Rule 11(c)(2) to the extent Defendants failed to comply with the Rule's mandatory service and safe-harbor requirements twice. The failure constitutes intentional harassment to the court besides wasting the Court resource, time and all parties' time.

**C. LOCAL RULE 7.1 MEASURES RESPONSE TIME FROM SERVICE**

Local Rule 7.1(d) provides that a party opposing a motion must serve and file a memorandum in opposition within the applicable period after service of the motion.

Because Defendants did not serve the exhibits referenced throughout their motion, Plaintiff has not received complete service of the sanction's papers. Because of Defendants' second time

intentional violation of Rule 11, Plaintiff's response and request for denial and strike should be considered timely.

## D. THE MOTION IS PREJUDICIAL AND IMPROPERLY SEEKS SANCTIONS WITHOUT FOLLOWING RULE 11 TWICE AND WITHOUT GIVING PLAINTIFF A FAIR OPPORTUNITY TO RESPOND

Defendants accuse Plaintiff of serious wrongdoing while depriving Plaintiff of access to the materials they claim prove those false accusations. That is fundamentally unfair.

The prejudice is obvious. Defendants' motion references exhibit to support statements regarding the quantity of retained property, Plaintiff's communications, alleged contradictions, and alleged bad faith. Without those exhibits, Plaintiff is forced to respond to Defendants' false accusations that were given from intentionally incomplete, selective, or misleading presentation of the record.

The Court's electronic filing procedures also recognize that electronically filed documents are subject to the Federal Rules and Local Rules, and the Court may strike an inappropriately filed document.

## E. DEFENDANTS ARE COMMITTING FRAUD IN FRONT OF THIS COURT AND ABUSING RULE 11 TRYING TO FURTHER DEPRIVE PLAINTIFF'S RIGHTS TO HER PROPERTY DEFENDANTS ILLEGALLY SEIZED THROUG DECEPTION ON DECEMBER 13, 2025

Defendants have not followed Rule 11 twice but abusing Rule 11 and falsely accusing Plaintiff to practice her constitutional rights as so called "bath faith" when it is Plaintiff's constitutional rights to plead this Court to order Defendants return the property they illegally seized through

5

deception. What they illegally are withholding is way more than $75000 because the ones they illegally withheld and intentionally destroyed are already way more than $75000 and they still illegally withhold the $300k at least merchandise and inventory and refused to return, trying to abuse Rule 11 and commit fraud in court, misleading the court dismiss Plaintiff's legitimate claims so they can continue have Plaintiff's property illegally. Defendants represented that the property they illegally retained was minimal, but that statement is contradicted by their own photographs which show 15 to 20 large intentional shipping boxes of merchandise and inventory of Plaintiff worth at least $300K – 500K are still in Defendants' hands. The evidence of their intentional theft through deception and intentional criminal damage, receipts and records of all the property that are not theirs but illegally seized by them through deception will be submitted at April 29, 2026 injunction hearing

## F. PLAINITFF'S CLAIMS ARE NOT BAD FAITH

Plaintiff's claims arise from Defendants wrongful retention and intentional damage of Plaintiff's property.

Plaintiff's request for return of her property is a lawful and proper use of the judicial process. It is not harassment or bad faith.

Defendants attempt to characterize Plaintiff's efforts to recover her property as sanctionable conduct while continuing to retain that property. This characterization is improper. Seeking return of one's property is the ordinary purpose of civil litigation. Defendants should be sanctioned for continuous fraud committed in court.

## III. RELIEF REQUESTED

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1. deny and strike Defendants' Motion for Sanctions in its entirety;

6

2.disregard any factual assertions purportedly supported by exhibits not served on Plaintiff; and

3. sanction Defendants for intentionally abusing Rule 11 and committing fraud in front of this Court.

4. grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Julie Robert

Julie Robert, Plaintiff

5 Tsienneto Road, #177, Derry, NH 03038


## Certificate of Service

I certify that on March 29, 2026, I served a copy of the foregoing Plaintiff's Motion to Deny and Strike Defendants' Motion for Sanctions via US Postal and email upon all parties of record according to the address and email address in the court record.

/s/ Julie Robert

Julie Robert, Plaintiff