FILED

APR 0 2 2026

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO CLEVELAND

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| Julie Robert | ) Case No: 26-CV-00103 |
| Plaintiff, | ) Judge: Fleming |
| v. | ) |
| Debra Brown, et al, | ) |
| Defendants. | ) |

### PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY

Plaintiff respectfully moves this Court for an Order permitting narrowly tailored expedited discovery in advance of the preliminary-injunction hearing currently set for April 29, 2026. This Motion is made pursuant to Federal Rule of Civil Procedure 26(d)(1), which permits discovery before a Rule 26(f) conference by court order. Fed. R. Civ. P. 26(d)(1). Discovery requests themselves generally are not filed unless used in the proceeding or ordered filed. Fed. R. Civ. P. 5(d)(1).

Good cause exists because limited expedited discovery is necessary to prevent the April 29, 2026 preliminary-injunction hearing from being burdened by avoidable evidentiary disputes, incomplete factual development, and unnecessary delay, and to ensure that the Court may address the request for injunctive relief in an orderly, efficient, and informed manner. In support, Plaintiff states as follows:

### I. INTRODUCTION

A preliminary-injunction hearing is scheduled for April 29, 2026. Limited expedited discovery is warranted to ensure that the hearing proceeds in an orderly, efficient, fair, and timely manner and on an adequately developed factual record.

This request is not an effort to begin full merits discovery ahead of schedule. Rather, Plaintiff seeks only narrowly tailored discovery directed to the specific factual issues likely to arise at the

1

injunction hearing, including the identification of relevant witnesses, custodians, records, communications, and evidence concerning possession, control, transfer, preservation, and disposition of the property and materials at issue.

Allowing this limited pre-hearing discovery will serve the best interests of justice by narrowing disputed issues, reducing avoidable evidentiary disputes, minimizing interruption and delay during the hearing, and conserving judicial resources.

## II. RELEVANT PROCEDURAL POSTURE

This action is pending before this Court.

1. A preliminary-injunction hearing is presently scheduled for April 29, 2026.

2. The parties have not yet conducted a Rule 26(f) conference.

3. Because the injunction hearing is imminent, limited expedited discovery is necessary before the ordinary discovery schedule would otherwise begin.

## III. LEGAL STANDARD

Under Federal Rule of Civil Procedure 26(d)(1), a party may not ordinarily seek discovery before the Rule 26(f) conference unless authorized by court order. Fed. R. Civ. 26(d)(1).  Courts routinely permit expedited discovery upon a showing of good cause, particularly where a forthcoming preliminary-injunction hearing requires a focused factual record. The good-cause analysis considers whether the requested discovery is narrowly tailored, whether it is needed for an imminent hearing, and whether it will promote efficient and fair case management.

Discovery materials themselves generally are not filed on the docket unless they are used in the proceeding or the court orders filing. Fed. R. Civ. P. 5(d)(1).

## IV. ARGUMENT

**A. Good cause exists because expedited discovery will promote the orderly and efficient**

2

**administration of the April 29, 2026 injunction hearing.**

Good cause exists for limited expedited discovery because a preliminary-injunction hearing is already set for April 29, 2026, and a focused exchange of core information before that date will materially assist the Court in conducting the hearing in an orderly, efficient, and timely manner. Without limited pre-hearing discovery, the Court may be required to address avoidable disputes during the hearing concerning the identity of knowledgeable witnesses, the location and custodianship of records, the existence of communications and electronically stored information, and foundational facts concerning possession, transfer, control, preservation, or disposition of relevant property and evidence. Addressing such threshold matters for the first time at the hearing risks unnecessary delay, interruption, piecemeal factual development, and inefficient use of judicial resources.

By contrast, limited expedited discovery will streamline the issues for hearing, reduce avoidable motion practice and evidentiary disputes, and facilitate a more focused presentation of the issues.

**B. The requested discovery is narrow, targeted, and tied directly to the injunction issues.**

Plaintiff does not seek broad merits discovery. Plaintiff seeks only leave to serve a limited number of interrogatories and requests for production directed to matters central to the upcoming injunction hearing, including:

1. the identity of individuals with knowledge of relevant events;

2. the identity of custodians of relevant documents and electronically stored information;

3. records concerning possession, access, control, transfer, movement, storage, or disposition of the property or materials at issue;

4. communications concerning such possession, access, control, transfer, movement, storage, or disposition;

5. surveillance, video, photographs, logs, access records, lease records, transfer records, agreements, internal reports, and related materials; and

6. preservation measures taken with respect to relevant documents, electronically stored information, and tangible evidence.

This discovery is narrowly tailored to the factual questions the Court is likely to confront at the preliminary-injunction hearing and is proportional to the immediate needs of that proceeding.

**C. Expedited discovery will conserve judicial resources and advance the best interests of justice.**

Limited pre-hearing discovery will serve the best interests of justice by helping to ensure that the injunction hearing is conducted on a more complete and reliable record. It will also conserve judicial resources by reducing the likelihood of avoidable evidentiary disputes, unanticipated foundational objections, requests for delay, or the need for supplemental proceedings to address matters that could be efficiently addressed beforehand.

In short, expedited discovery here is justified not to accelerate ordinary merits discovery, but to promote efficient case management and to assist the Court in resolving the request for preliminary relief in a fair, organized, and timely manner.

**V. REQUESTED RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order:

1.  granting Plaintiff leave to immediately serve narrowly tailored expedited interrogatories and requests for production limited to issues directly relevant to the April 29, 2026 preliminary-injunction hearing;

2. requiring Defendants to serve written responses and produce responsive documents on an expedited basis within seven (7) days of service, or within such other shortened period as the Court deems appropriate;

3.directing the parties to promptly meet and confer regarding any dispute concerning the scope of this limited expedited discovery;

4.directing preservation of all relevant documents, electronically stored information, surveillance, video, photographs, logs, access records, lease records, transfer records, communications, and other tangible or digital evidence relevant to the issues to be addressed at the injunction hearing; and

5.granting such other and further relief as the Court deems just and proper to ensure the orderly, efficient, fair, and timely conduct of the April 29, 2026 preliminary-injunction hearing.

Respectfully submitted,

/s/ *Julie Robert*

Julie Robert, Plaintiff, Pro Se

5 Tsienneto Road, #177, Derry, NH 03038

Email: julierrobert@yahoo.com

## CERTIFICATE OF SERVICE

This motion is served on all parties via US Postal and email according to the address in the court record.

/s/ *Julie Robert*

Julie Robert