IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

FILED

APR 16 2026

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO CLEVELAND

JULIE ROBERT,

        Plaintiff,

v.

DEBRA BROWN, *et al.*,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)

CASE NO. 1:26-cv-00103

JUDGE CHARLES E. FLEMING

## DEFENDANTS' DEBRA BROWN AND PHILIP MCCALL'S ANSWER TO THE COMPLAINT

Defendants Debra Brown and Philip McCall ("Defendants"), pro se, submit the following Answer to Plaintiff's Complaint.

**I. BRIEF OF THE CASE**

Defendants deny the allegations in Paragraphs 1–4.

**II. JURISDICTION AND VENUE**

Defendants lack sufficient knowledge or information to admit or deny Plaintiff's citizenship and therefore deny.

Defendants deny the allegations in Paragraphs 2–3.

Defendants admit only that they reside in this District and deny the remaining allegations in Paragraph 4.

Defendants deny the allegations in Paragraph 5.

1

## III. PARTIES

Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 1 and therefore deny.

Defendants admit only that Debra Brown resides in Ohio and deny the remaining allegations in Paragraph 2.

Defendants admit only that Philip McCall resides in Ohio and deny the remaining allegations in Paragraph 3.

Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 4 and therefore deny.

## IV. STATEMENT OF FACTS

Defendants deny the allegations in Paragraphs 1–2, 4–12, and 14–17.

Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 3 and therefore deny.

(Plaintiff omitted Paragraph 13; Defendants mirror her numbering.)

## V. CLAIMS FOR RELIEF

Count I – Computer Fraud and Abuse Act

Defendants deny Paragraphs 1–4.

Count II – Conversion

Defendants deny Paragraphs 1–2.

Count III – Replevin / Claim and Delivery

Defendants deny Paragraphs 1–2.

2

Count IV – Trespass to Chattels

Defendants deny Paragraphs 1–2.

Count V – Civil Conspiracy

Defendants deny Paragraphs 1–2.

Count VI – Unjust Enrichment

Defendants deny Paragraphs 1–2.

## VI. INJUNCTIVE AND EQUITABLE RELIEF

Defendants deny all allegations in this section and deny that Plaintiff is entitled to any injunctive or equitable relief.

## VII. PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to any of the relief requested.

Defendants assert the following Affirmative Defenses:

## AFFIRMATIVE DEFENSE NO. 1 — UNCLEAN HANDS

Plaintiff's claims are barred by unclean hands. Plaintiff engaged in misrepresentation, contradictory statements, intimidation, and bad-faith conduct directly related to the subject matter of this action.

1. Plaintiff authorized access, provided door codes, and hired Defendants.

On December 12, 2025, Plaintiff voluntarily provided Defendants with the door code to 5492 E. 141 St. ("Press 1967 then press lock"), invited Defendants to stay at the property, and requested

3

repairs, cleaning, and moving assistance.

(Ex. 1, Dec. 12, 2025, 12:29 PM.)

Plaintiff now alleges "illegal entry" despite granting access and requesting work.

2. Plaintiff directed, supervised, and approved the movement of her own property.

Plaintiff instructed Defendants to take photos and videos of each antique and item being moved.

(Ex. 1, Dec. 13, 2025, 11:28 AM.)

Plaintiff stated she had 15 antiques.

Defendants and Plaintiff's agents (Jon and Tim) moved 11 antiques on Dec. 12–13; Jon moved the remaining 4 on Dec. 18.

Plaintiff now claims "theft" of items moved at her direction.

3. Plaintiff approved the CubeSmart transfer.

The CubeSmart Assignment shows Defendant Brown became the legal tenant of Unit 218 on December 13, 2025.

(Ex. 7.)

Plaintiff's own texts show she knew about, approved, and coordinated the transfer.

(Ex. 1, Dec. 13, 2025.)

4. Plaintiff fabricated allegations of computer hacking.

Plaintiff alleges Defendants accessed her "computers/digital devices."

(Complaint ¶11–12.)

But:

- Defendants never accessed any device.

- Plaintiff never provided credentials.

- The NH federal court confirmed her landlord moved her computer after eviction. (NH R&R, pp. 1–2.)

5. Plaintiff used abusive, threatening language toward Defendants.

Examples include:

"You are full of shit."

"You will be charged deception and theft."

"US Marshal will charge you."

(Ex. 2, Feb. 9, 2026.)

Plaintiff now claims she was the victim.

6. Plaintiff invoked public officials to intimidate Defendants.

Plaintiff repeatedly invoked the Mayor, a Councilman, and a former Police Commissioner — none of whom filed reports or verified her claims.

(Ex. 2; Ex. 3.)

7. Plaintiff's exhibits are unauthenticated and self-generated.

They contain no metadata, no timestamps, no receipts, no valuation, and no third-party verification.

8. Plaintiff contradicts her own prior litigation.

In New Hampshire, Plaintiff blamed:

- her landlord,

- mover Dave Thompson,

- and the eviction process

  for destroying her property.

  She now blames Defendants for the same items.

9. Plaintiff refused multiple attempts to return items.

Defendants attempted repeatedly to return remaining items; Plaintiff responded with threats and shifting demands.

(Ex. 2.)

10. A federal judge already rejected Plaintiff's harassment narrative.

The NH Magistrate Judge found the same messages Plaintiff relies on here were not threats, not harassment, and related only to property logistics.

(NH R&R, pp. 2–3.)

11. Plaintiff caused her own alleged damages.

Plaintiff waited the full 30-day rental period before attempting retrieval, just as she did with mover Dave Thompson.

Defendant Brown could not afford another month's rent and was forced to empty the unit.

## AFFIRMATIVE DEFENSE NO. 2 — FAILURE TO MITIGATE DAMAGES

Plaintiff failed to mitigate damages by delaying retrieval, refusing return attempts, escalating conflicts, and failing to secure her own property.

## AFFIRMATIVE DEFENSE NO. 3 — COLLATERAL ESTOPPEL

The NH federal court already ruled the same messages Plaintiff relies on were not threats, not harassment, and concerned property logistics only.

(NH R&R, pp. 2–3.)

## AFFIRMATIVE DEFENSE NO. 4 — RATIFICATION

Plaintiff authorized, directed, approved, and benefited from the conduct she now challenges, including access, moving assistance, documentation, and the CubeSmart transfer.

## AFFIRMATIVE DEFENSE NO. 5 — WAIVER

Plaintiff knowingly waived objections by approving, directing, and benefiting from Defendants' actions.

## AFFIRMATIVE DEFENSE NO. 6 — ESTOPPEL

Plaintiff is estopped because her own statements contradict her Complaint and show Defendants acted with her full knowledge and approval.

## AFFIRMATIVE DEFENSE NO. 7 — LACHES

Plaintiff's unreasonable delay in retrieving property and providing instructions caused prejudice to Defendants.

## AFFIRMATIVE DEFENSE — UNRELIABLE AND CONTRADICTED AFFIDAVITS (Tim Smith)

To the extent Plaintiff relies on the "Affidavit of Tim Smith" attached to the Complaint (ECF No. 1-1), Defendants deny its contents. The affidavit is contradicted by Plaintiff's own text messages (Ex. 1), contradicted by Plaintiff's prior federal filings, contradicted by the NH Magistrate

7

Judge's findings, and contradicted by the CubeSmart GM's sworn declaration. It lacks foundation, contains hearsay, and is not admissible.

**Respectfully submitted,**

SIGNATURE

/s/ Debra Brown

Debra Brown, Defendant Pro Se

10705 Grace Avenue

Garfield Heights, OH 44125

(216) 253-0863

Email: debrabattles@msn.com

---

/s/ Philip McCall

Philip McCall, Defendant Pro Se

10705 Grace Avenue

Garfield Heights, OH 44125

(216) 253-1574

notjustanotherhedgehog@gmail.com

8

CERTIFICATE OF SERVICE

I certify that on April ___, 2026, a copy of this Answer was served on Plaintiff by U.S. Mail and email.

/s/ Debra Brown

/s/ Philip McCall