**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JULIE ROBERT, | ) | CASE NO. 1:26-cv-00103 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES ESQUE FLEMING |
| | ) | |
| v. | ) | |
| | ) | |
| DEBRA BROWN, *et al.*, | ) | **DEFENDANT CUBESMART, L.P.'S** |
| | ) | **BRIEF IN OPPOSITION TO** |
| Defendants. | ) | **PLAINTIFF'S MOTION FOR** |
| | ) | **EXPEDITED DISCOVERY** |
| | ) | |

NOW COMES Defendant, CubeSmart, L.P., by and through undersigned counsel, and hereby submits its Brief in Opposition to Plaintiff's Motion for Expedited Discovery. Plaintiff is seeking an order permitting her to conduct "narrowly tailored expedited discovery in advance of the preliminary injunction hearing currently set for April 29, 2026." Plaintiff's Motion for Expedited Discovery ("Plaintiff's Motion") filed 4/02/2026 at p. 1. Plaintiff asserts that expedited discovery is warranted to prevent the upcoming preliminary injunction hearing from "being burdened by avoidable evidentiary disputes, incomplete factual development… unnecessary delay, and to ensure that the Court may address [Plaintiff's] request for injunctive relief in an orderly, efficient, and informed manner." *Id.* However, as explained below, neither this rationale nor any of Plaintiff's other asserted bases establish good cause for expedited discovery under the facts and circumstances of this case. Thus, Plaintiff's request for expedited discovery should be denied.

Furthermore, on April 14, 2026, Plaintiff filed her "First Requests for Production to Defendants" ("Requests"). ECF No. 43. Plaintiff asserts in her Requests that "Defendant CubeSmart shall follow the court March 18, 2026 order to produce the following documents before April 22, 2026 to Plaintiff…" However, this is a mischaracterization of the Court's March 18, 2026 Order; the Court has not ordered any of the defendants to produce documents to Plaintiff. Rather, the March 18, 2026 Order provides that, "[w]itness and exhibit lists shall be exchanged and filed by April 22, 2026." ECF No. 29 at p. 2. Thus, because Plaintiff's Motion for Expedited Discovery has yet to be ruled on, and because no other order permits Plaintiff to propound these Requests, Plaintiff's Requests are properly considered a proposed set of Requests for Production. These proposed Requests further demonstrate that Plaintiff's Motion for Expedited Discovery should be denied, as they are not narrowly tailored to obtain information relevant to the determination of the preliminary injunction.

I. **Plaintiff has failed to show good cause for her overbroad, unduly burdensome, irrelevant and untimely Requests for Production.**

"Court's considering motions for expedited discovery typically apply a good cause standard." *Russell v. Lumpkin*, 2010 WL 1882139, at *2 (S.D. Ohio May 11, 2010), citing *Lemkin v. Bell's Precision Grinding*, 2009 WL 1542731, at *2 (S.D. Ohio June 2, 2009). "The burden of demonstrating good cause rests with the party seeking expedited discovery." *Id.* "The moving party may establish good cause by demonstrating that 'the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party.'" *Id.* Importantly, "[t]he scope of the discovery request is also relevant to whether or not good cause exists." *Lemkin* at *2. *See Johnson v. U.S. Bank Nat. Ass'n*, 2009 WL 4682668, *1 (S.D. Ohio 2009) (noting that "[a]s part of the good cause inquiry, courts also look to see that the proposed discovery is appropriately narrow and targeted"); *Hydropartners, LLC v. Econergy Energy*

*Generation Ltd.*, 2008 WL 1775411, at \*2 (N.D. Ohio Apr. 16, 2008). The timing of the preliminary injunction hearing is another relevant factor. *Wurth Electronics ICS, Inc. v. Elemary*, 2023 WL 3159738, \*2 (S.D. Ohio Apr. 18, 2023).

Good cause has been found where the discovery was limited to a specific issue, like personal jurisdiction. *Id. See also Russell* at \*2 (permitting expedited discovery where the plaintiff sought "to depose a single individual" merely to "authenticate documents attached to their preliminary injunction motion" and to "establish in more detail… the steps Defendants and their agents took in processing the applications of Plaintiffs."); *5ifth Element Creative, LLC v. Kirsch*, 2010 WL 4102907, \*2 (E.D. Ky. Oct. 18, 2010) (finding no good cause for expedited discovery where the requested evidence was overbroad and irrelevant to the motion for a preliminary injunction, which sought to enjoin the defendant from using confidential information).

Here, Plaintiff's Motion for Expedited Discovery asserts that her Requests will be "limited" and "narrowly tailored." Plaintiff's Motion at p. 1. However, it is clear from Plaintiff's proposed Requests that she seeks broad, merits discovery and to obtain evidence that is irrelevant to her pending request for a preliminary injunction. For instance, Plaintiff's Requests include:

➢ All lease agreements for unit 218 from Nov 13, 2025 to April 14, 2026: Rental application, Account holder information, Payment history, Account Notes

➢ Any documents showing: transfer of unit 218, reassignment of account, change of lock or access rights from Nov 13, 2025 to April 14, 2026

➢ Gate logs, entry logs, keypad access records, audit trails from Nov 13, 2025 to April 14, 2026 for unit 218

➢ Video footage showing: unit 218 area, loading areas, entrance/exits from Nov 13, 2025 to April 14, 2026 for unit 218

- Communications: email, text, internal message between Cube Smart staff, Debra Brown, Phil McCall, Dave Thompson and Jon Liptak
- Documents identifying who approved account changes, who authorized access, and dates
- CubeSmart policies, procedures, training manuals in effect during Nov 13, 2025 to April 14, 2026 concerning: storage unit transfer, change of access rights, third party claims to property and preservation records or surveillance footage
- Any records that Plaintiff was blocked, access was denied
- Any documents about auction of unit 218 and content inside from Nov 13, 2025 to April 14, 2026
- Any documents about disposal, abandonment, removal of contents inside unit 218

The vast majority of these Requests are entirely irrelevant to the issue targeted by the preliminary injunction—namely, whether Plaintiff will suffer irreparable harm. Indeed, Plaintiff's sole basis for a preliminary injunction is that she will suffer irreparable harm, and that injunctive relief is warranted to preserve the status quo and prevent the spoliation of evidence. ECF No. 1 at p. 7. It is unclear how or why most of the information Plaintiff seeks is necessary to resolve that issue. In truth, much of the information sought is irrelevant to determining whether Plaintiff will suffer irreparable harm and, as such, Plaintiff's Requests are overbroad and not narrowly tailored to the issue central to the requested injunctive relief. Therefore, Plaintiff's Motion should be denied.

Notably, the evidence Plaintiff seeks to obtain through expedited discovery is the same evidence that is the subject of her preliminary injunction request. Permitting Plaintiff to obtain this information prior to the preliminary injunction hearing would, effectively, put the cart before the horse.

Furthermore, Plaintiff claims that good cause exists because, without expedited discovery, the preliminary injunction hearing may be burdened by evidentiary disputes, incomplete factual development, and unnecessary delay. These bases are merely speculative generalizations, and are things that exist in *almost every case* involving a preliminary injunction. They are not targeted to any specific issue that is the subject of Plaintiff's preliminary injunction request. For that reason alone, Plaintiff's Motion should be denied.

Plaintiff's Motion also ignores the fact that all defendants: (1) will present at the hearing; (2) will have copies of their supporting evidence available to Plaintiff; (3) will be capable of answering any questions relative to Plaintiff's preliminary injunction request; and (4) will be capable of certifying or authenticating the evidence they seek to put forth. Simply put, at this time, there is no reason to expect that significant evidentiary disputes will arise at the April 29, 2026 hearing, or that the hearing will be unfair, unorganized, or unduly delayed in the absence of expedited discovery. Even then, a preliminary injunction hearing is, by design, typically decided on a limited and sometimes imperfect record. Plaintiff has given no case-specific reason why her request for a preliminary injunction is so different from others that it is necessary to divert from the standard hearing and discovery schedule.

Additionally, the hearing on Plaintiff's preliminary injunction request is scheduled for April 29, 2026 at 10:00 a.m. As Plaintiff is seeking overbroad discovery, CubeSmart will be prejudiced and unduly burdened if it is made to respond to Plaintiff's Requests prior to the hearing. In fact, if Plaintiff's Motion is granted, CubeSmart will have less than two weeks to seek out and obtain an as-yet unascertainable number of text messages, emails, internal and external communications, data logs, video footage, documents, policies, and other records and information. On top of this, CubeSmart will necessarily have to analyze each individual piece of evidence,

which will include lengthy video footage, to determine its relevancy and whether it is subject to a claim of privilege or confidentiality.  For these reasons, Plaintiff's speculative, generalized grounds for expedited discovery <u>do not</u> outweigh the prejudice to CubeSmart.

**II.  Conclusion**

Plaintiff has failed to show good cause for expedited discovery under the particular facts and circumstances of this case.  Her proposed Requests are neither narrowly tailored nor targeted to her preliminary injunction request.  Rather, Plaintiff's Motion is supported merely by speculative, generalized assertions, all of which relate to efficiency.  Yet, efficiency issues are present in any case and do not, by themselves, warrant expedited discovery.  Additionally, Defendant CubeSmart will be prejudiced and unduly burdened if it is made to respond to Plaintiff's Requests in advance of the April 29, 2026 preliminary injunction hearing.

Based on the foregoing, Defendant CubeSmart, L.P. respectfully requests that this Honorable Court deny Plaintiff Julie Robert's Motion for Expedited Discovery.

Respectfully submitted,

MARSHALL DENNEHEY, P.C.

By:    */s/ John A. Rubis*
JOHN A. RUBIS  (#0085885)
ADAM J. MINTZ  (#0106292)
127 Public Square, Suite 3510
Cleveland, Ohio  44114
Phone:  216-912-3800
Fax:  216-344-9006
Email:  jarubis@mdwcg.com
        ajmintz@mdwcg.com
*Counsel for Defendant, CubeSmart, L.P.*

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that the foregoing Defendant CubeSmart, L.P.'s Brief in Opposition to Plaintiff's Motion for Expedited Discovery has been filed electronically on this 16th day of April, 2026. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties not receiving service through the Court's electronic filing system will be served by regular U.S. Mail as noted. Parties may access this filing through the Court's system.

Julie Robert
5 Tsienneto Road, #177
Derry, New Hampshire 03038
*Email: julierrobert@yahoo.com*
Plaintiff, *Pro Se*

Debra Brown
10705 Grace Avenue
Garfield Heights, Ohio 44125
Defendant, *Pro Se*

Phil McCall
10705 Grace Avenue
Garfield Heights, Ohio 44125
Defendant, *Pro Se*

MARSHALL DENNEHEY, P.C.

By: ___*/s/ John A. Rubis*_____
JOHN A. RUBIS (#0085885)
ADAM J. MINTZ (#0106292)
*Counsel for Defendant, CubeSmart, L.P.*