FILED

APR 16 2026

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO CLEVELAND

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

JULIE ROBERT,

      Plaintiff,

v.

DEBRA BROWN, *et al.*,

      Defendants.

)
)
)
)
)
)
)
)
)
)
)
)

CASE NO. 1:26-cv-00103

JUDGE CHARLES ESQUE FLEMING

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S REQUESTS FOR INJUNCTIVE RELIEF, EVIDENCE PRESERVATION, AND EXPEDITED DISCOVERY**

Defendants Debra Brown and Philip McCall, appearing pro se, respectfully oppose Plaintiff's requests for a temporary restraining order, preliminary injunction, evidence-preservation order, and expedited discovery. Plaintiff has not met the legal requirements for any of the relief she seeks. Her filings rely on speculation, shifting narratives, and assumptions about what "might" happen, rather than evidence of any real or immediate harm.

The record shows:

- Plaintiff directed the movement of her own property;

- Plaintiff's agent, Jon Liptak, took possession of the antiques on December 18, 2025;

- Defendants have not sold, damaged, concealed, or disposed of anything;

- Plaintiff assigns monetary value to the property;

- Plaintiff includes items from Unit 119, which Defendants never possessed;

1

- Plaintiff previously filed a nearly identical lawsuit in New Hampshire, which was transferred to this Court for improper venue;

- Plaintiff's credibility is undermined by contradictions, misrepresentations, and prior judicial findings.

Because Plaintiff cannot show irreparable harm, likelihood of success, or any emergency, her requests must be denied.

## I. INTRODUCTION

Plaintiff seeks extraordinary emergency relief based on the claim that her property is at risk of being sold, destroyed, or dispersed. But her own text messages, timeline, and conduct show the opposite. Plaintiff directed the move, controlled the units, and placed her own agent in possession of the antiques. Defendants acted only at her request and documented everything for her.

The law requires more than speculation before a federal court can issue an injunction. Plaintiff has not met that burden.

## II. FACTUAL BACKGROUND

### A. Plaintiff requested Defendants' help and directed the move

On December 12, 2025, Plaintiff asked Defendants to help her move items:

"Would you both be available tomorrow… help Tim and Jon move…?" (Ex. 1, p. 40, 6:10 PM)

On December 13, 2025, Plaintiff instructed Defendants to move the antiques first:

"Move all the antique furnitures… to the climate controlled units first." (Ex. 1, p. 44, 2:46 PM)

She also instructed Defendants to take photos and videos:

"Could you take pic n video of each furniture…?" (Ex. 1, p. 41, 11:28 PM)

**B. Plaintiff confirmed the landlord moved the antiques**

"The landlord moved all our 16-19 century furnitures… I rented two climate controlled units…"
(Ex. 1, p. 41, 11:35 AM)

**C. Plaintiff confirmed she had 15 antiques**

"I have 15 pieces antique furnitures." (Ex. 1, p. 43, 2:14 PM)

**D. Plaintiff assigned monetary value to the antiques**

"I invested $$1.4 mil… including 15 pieces 16-19 century antiques…" (Ex. 1, p. 43, 9:33 AM)

**E. Defendants documented the condition of each antique**

Defendants provided a detailed condition report on December 14, 2025. (Ex. 1, p. 52, 9:42 AM)

**F. Plaintiff admitted the units were in her agent's name**

"I got two units all under Jon's name…" (Ex. 1, p. 68, 10:29 AM)

"I signed the lease… for two units that are Jon's n my name." (Ex. 1, p. 84, 4:19 PM)

**G. Plaintiff accused Dave Thompson, not Defendants**

"Lots stuff are missing... tell Dave the cop will make theft report..." (Ex. 1, p. 99, 4:44 PM)

**H. Unit 119: Defendants never possessed these items**

Video attachment 162 (Ex. 23) shows the contents of Unit 119 at the moment it was opened on December 18, 2025. Defendants never had access beyond photographing and videoing at Plaintiff's request.

## III. PLAINTIFF'S PRIOR FEDERAL CASE CONFIRMS A PATTERN OF MISREPRESENTATION AND IMPROPER VENUE

Plaintiff previously filed a nearly identical lawsuit in the District of New Hampshire, asserting:

- $1.4 million in damages
- Fraud related to eviction
- Wrongful handling of property
- Harassing communications

The New Hampshire court found:

- Venue was improper
- All events occurred in Ohio
- The communications were not threats
- The case belonged in the Northern District of Ohio
- Plaintiff's motions lacked merit

(Ex. 25; Ex. 26)

This demonstrates a pattern of:

- Filing improper emergency motions

- Misrepresenting facts

- Attempting to litigate the same issues in multiple courts

- Misusing judicial resources

This undermines Plaintiff's credibility and supports denial of her requests.

## IV. LEGAL STANDARD

A plaintiff seeking a TRO or preliminary injunction must show:

1. Likelihood of success on the merits;

2. Likelihood of irreparable harm;

3. Balance of equities in her favor;

4. Public interest supports relief.

Winter v. NRDC, 555 U.S. 7, 20 (2008).

"Irreparable harm is mandatory." D.T. v. Sumner Cnty. Schs., 942 F.3d 324, 327 (6th Cir. 2019).

## V. PLAINTIFF CANNOT SHOW IRREPARABLE HARM

A. Plaintiff's claims are speculative.

B. Plaintiff's alleged harm is economic.

C. Plaintiff's agent has possession of the antiques.

D. Plaintiff includes items Defendants never possessed.

E. Plaintiff delayed seeking relief.

## VI. PLAINTIFF CANNOT SHOW LIKELIHOOD OF SUCCESS

Her claims rely on contradictions, shifting stories, and no evidence of wrongful possession.

Her prior federal case further undermines her credibility.

## VII. BALANCE OF EQUITIES FAVORS DEFENDANTS

An injunction would impose obligations based on speculation.

Denying relief harms no one.

## VIII. PUBLIC INTEREST DOES NOT SUPPORT AN INJUNCTION

The public interest favors applying the legal standard correctly and avoiding unnecessary emergency orders.

## IX. EVIDENCE-PRESERVATION ORDER IS UNNECESSARY

Parties already have a duty to preserve evidence.

## X. EXPEDITED DISCOVERY IS NOT WARRANTED

Plaintiff shows no emergency and no risk of evidence loss.

## XI. CONCLUSION

Defendants respectfully request that the Court:

1. Deny Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction;

2. Deny Plaintiff's request for an evidence-preservation order;

3. Deny Plaintiff's request for expedited discovery;

4. Require Plaintiff to proceed through normal Rule 26 discovery.

Respectfully submitted,

/s/ Debra Brown

Debra Brown, Defendant
10705 Grace Avenue
Garfield Heights, OH 44125
(216) 253-0863
debrabattles@msn.com

/s/ Philip McCall

Philip McCall, Defendant
10705 Grace Avenue
Garfield Heights, OH 44125
(216) 253-1574
notjustanotherhedgehog@gmail.com