**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| JULIE ROBERT, | ) | CASE NO. 1:26-cv-103 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| v. | ) | |
| | ) | |
| DEBRA BROWN, *et al.*, | ) | **ORDER DENYING INTERPLEADER** |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

Before the Court is Defendants Debra Brown and Philip McCall's ("Defendants") Motion to Interplead Remaining Property ("Interpleader Motion") (ECF No. 48).  Defendants state that they have attempted to return any remaining personal items to Plaintiff but she "has refused return, issued threats, involved public officials, and created uncertainty regarding safe and proper delivery." (*Id.* at PageID #709).  Defendants seek an "interpleader" under Fed. R. Civ. P. 22 and 28 U.S.C. § 1335 and move the Court to: "1. Grant leave to interplead the remaining items; 2. Permit Defendants to deposit the items with the Clerk of Court; [and] 3. Discharge Defendants from any further responsibility for those items[.]" (*Id.* 709–10).

Interpleader is "an equitable proceeding that affords a party who fears being exposed to the vexation of defending multiple claims to a limited fund or property that is under his control a procedure to settle the controversy and satisfy his obligation in a single proceeding." *United States v. High Tech. Prods., Inc.*, 497 F.3d 637, 641 (6th Cir. 2007) (quoting 7 Wright, Miller & Kayne, Federal Practice and Procedure, § 1704 (3d ed. 2001)). The Sixth Circuit has noted that a "typical interpleader action" involves a disinterred stakeholder who "would deposit with the court the fund or property at issue and be discharged from further liability during the first stage of the action[.]"

1

*United States v. High Tech. Prods.*, 497 F.3d 637, 641 n.2 (6th Cir. 2007). In simpler terms, the

Sixth Circuit has described the typical interpleader case as follows:

> [A] party owes money but doesn't know whom to pay. So it sues the potential claimants—all parties who might have a legitimate claim against it for the money. The real contest is between the claimants; the interpleader plaintiff usually doesn't care who wins. To that end, the court will often order the plaintiff to deposit the disputed funds with the court and dismiss it from the case entirely. Then the court sorts out the various claims to the money and distributes the funds.

*United of Omaha Life Ins. Co. v. Kay*, 844 Fed. App'x 863, 864 (6th Cir. 2021).

There are two mechanisms for seeking interpleader relief in federal court: "rule

interpleader" pursuant to Fed. R. Civ. P. 22 and "statutory interpleader" pursuant to 28 U.S.C.

§ 1335. *See High Tech. Prods.*, 497 F.3d at 641 n.1. For rule interpleader, Rule 22 states:

> **(1)** *By a Plaintiff.* Persons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead. Joinder for interpleader is proper even though:
>
> > **(A)** the claims of the several claimants, or the titles on which their claims depend, lack a common origin or are adverse and independent rather than identical; or
> >
> > **(B)** the plaintiff denies liability in whole or in part to any or all of the claimants.
>
> **(2)** *By a Defendant.* A defendant exposed to similar liability may seek interpleader through a crossclaim or counterclaim.

Fed. R. Civ. P. 22(a).

> For statutory interpleader, 28 U.S.C. § 1335 states, in relevant part:
>
> (a) The district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by any person, firm, or corporation, association or society having in his or its custody or possession money or property of the value of $ 500 or more. . . if
>
> > (1) Two or more claimants, of diverse citizenship . . . are claiming or may claim to be entitled to such money or property . . . ; and if
> >
> > (2) the plaintiff has deposited such money or property or has paid the

amount of or the loan or other value of such instrument or the amount due under such obligation into the registry of the court . . .

28 U.S.C. § 1335(a).

Defendants' reliance on Rule 22 and § 1335 is misplaced.  Defendants are not seeking to join themselves as defendants or file cross/counterclaims in this action.  Defendants are not a disinterested stakeholder, but parties to this dispute with claims against them for conversion, replevin, trespass to chattels, civil conspiracy, and unjust enrichment.  To the extent Defendants wish to rid themselves of Plaintiff's property and involve the Court in that process, interpleader is not a proper mechanism or procedure to do so.  Accordingly, the Court **DENIES** Defendants' Interpleader Motion (ECF No. 48).

**IT IS SO ORDERED.**

Date: April 17, 2026

_____
**CHARLES E. FLEMING**
**U.S. DISTRICT COURT JUDGE**

3