**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| JULIE ROBERT, | ) | CASE NO. 1:26-cv-103 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| v. | ) | |
| | ) | |
| DEBRA BROWN, *et al.*, | ) | **ORDER DENYING EXPEDITED** |
| | ) | **DISCOVERY** |
| Defendant. | ) | |
| | ) | |
| | ) | |

Before the Court is Plaintiff Jule Robert's motion for expedited discovery.  (ECF No. 41).

Plaintiff requests leave to serve interrogatories and requests for production related to the following:

l. the identity of individuals with knowledge of relevant events;

2. the identity of custodians of relevant documents and electronically stored information;

3. records concerning possession, access, control, transfer, movement, storage, or disposition of the property or materials at issue;

4. communications concerning such possession, access, control, transfer, movement, storage, or disposition;

5. surveillance, video, photographs, logs, access records, lease records, transfer records, agreements, internal reports, and related materials; and

6. preservation measures taken with respect to relevant documents, electronically stored information, and tangible evidence.

(ECF No. 41, PageID #656–57).  Plaintiff also requests that the Court direct Defendants to preserve all relevant evidence.  (ECF No. 41, PageID #658).  Defendant CubeSmart, L.P. ("CubeSmart") opposes the request for expedited discovery, arguing that Plaintiff has failed to show good cause, the requested discovery is overbroad and burdensome, and the requests are irrelevant to the requested preliminary injunctive relief.  (ECF No. 46, PageID #681–85).

1

Under Rule 26(d), the default rule is that a party may not seek discovery before the Rule 26(f) planning meeting absent a court order.  Fed. R. Civ. P. 26(d).  Rule 26(d) expressly permits the Court discretion  to depart from the default and order expedited discovery.  *See id.*  Courts in the Sixth Circuit generally require the moving party to show good cause before granting expedited discovery.  *See Union Home Mortg. Corp. v. Everett Fin. Inc.*, No. 1:23-cv-996, 2023 U.S. Dist. LEXIS 110921, at *3 (N.D. Ohio June 27, 2023) (collecting cases); *Lemkin v. Bell's Precision Grinding*, No. 2:08-CV-789, 2009 U.S. Dist. LEXIS 126739, at *4 (S.D. Ohio June 1, 2009) ("Although there is no binding authority on point, unpublished decisions from this and other district courts within this circuit have applied a good cause standard in determining whether or not to permit expedited discovery.").

"Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Voltage Pictures, LLC v. Does 1-43*, No. 1:13-cv-465, 2013 U.S. Dist. LEXIS 63764, at *16 (N.D. Ohio May 3, 2013) (citations omitted); *Arista Records, LLC v. Doe*, No. 2:07-cv-450, 2007 U.S. Dist. LEXIS 97283, at *7 (S.D. Ohio Nov. 5, 2007) (quoting *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002)).  In making the good cause determination, court consider several factors, including: "(1) the danger that the information sought will be lost or destroyed, (2) whether the discovery would substantially contribute to moving the case forward, and (3) the scope of the information sought."  *Barrette Outdoor Living, Inc. v. Doe*, No. 1:16-cv-914, 2016 U.S. Dist. LEXIS 52919, at *4 (N.D. Ohio Apr. 20, 2016) (citing *Voltage Pictures*, 2013 U.S. Dist. LEXIS 63764, at *16).

The Court finds that Plaintiff has not met her burden of demonstrating sufficient good cause to warrant expedited discovery.  First, there is no indication that any information will be lost or

destroyed if expedited discovery is not granted; nor has Plaintiff provided any evidence to demonstrate such harm.[1] Second, the Court finds that expedited discovery will not substantially contribute to moving the case forward and the scope of the discovery is not narrowly tailored. The preliminary injunction hearing was postponed once, in response to Plaintiff's own request, and there was great difficulty in scheduling a date acceptable to Plaintiff. (*See* ECF Nos. 11, 13, 23, 29). The requested discovery is also overly broad and would be burdensome to Defendants; particularly given the current time frame and upcoming preliminary injunction hearing and Plaintiff's generalized and expansive requests for information.[2]

Finally, the Court agrees with CubeSmart's argument that Plaintiff is putting the "cart before the horse" in this instance. For preliminary injunctive relief, Plaintiff requests that the Court: (i) enjoin Defendants from selling, transferring, and disposing of Plaintiff's property; (ii) enjoin CubeSmart from auctioning, selling, or disposing of Plaintiff's property held in its relevant storage unit; (iii) order Defendants to preserve all surveillance and other documentary evidence; and (iv) order Defendant to give Plaintiff the location of her property not presently in the relevant storage unit. (ECF No. 2-2, PageID #28). Plaintiff's motion for expedited discovery requests the same preservation of evidence and directed discovery that she is requesting in her pending injunctive motion. Granting her expedited discovery motion will grant her the very relief that is the subject to the upcoming preliminary injunction hearing. Moreover, much of the expedited discovery sought by Plaintiff goes directly the to the merits of this case and is not related

---

[1] The Court previously denied ex parte injunctive relief because Plaintiff had provided only speculation that her property was in danger of being sold, destroyed, or disposed of. (ECF No. 9, PageID #70).
[2] The Court notes Defendants Debra Brown and Phil McCall will attend the preliminary injunction hearing, as well as counsel for CubeSmart. In addition to the ability to introduce her own evidence and witnesses, Plaintiff will have an opportunity to directly examine or cross-examine the individual defendants, as well as the opportunity to challenge the authenticity of any evidence presented by Defendants during the hearing.

to her claims that her property is in danger of being sold and that evidence is in danger of spoliation (*i.e.*, the subject of her request for injunctive relief).

For the above reasons, the Court finds Plaintiff has failed to establish good cause for expedited discovery.  Accordingly, Plaintiff's motion for expedited discovery (ECF No. 41) is **DENIED**.

**IT IS SO ORDERED.**

Date: April 21, 2026

_____

**CHARLES E. FLEMING**
**U.S. DISTRICT COURT JUDGE**

4