IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

FILED

APR 2 2 2026

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO CLEVELAND

| | | |
|---|---|---|
| JULIE ROBERT, | ) | CASE NO. 1:26-cv-00103 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| v. | ) | |
| | ) | |
| DEBRA BROWN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

AMENDED MOTION TO STRIKE THE AFFIDAVIT OF TIM SMITH (ECF No. 1-1)

Defendants Debra Brown and Philip McCall, pro se, respectfully submit this Amended Motion to

Strike the Affidavit of Tim Smith, attached to Plaintiff's Complaint as ECF No. 1-1, to correct a

misstatement in the original motion and to clarify the evidentiary grounds for striking the

affidavit.

Defendants acknowledge that the affidavit is notarized.

However, notarization does not cure the affidavit's fundamental evidentiary defects under the

Federal Rules of Evidence.

The affidavit must be stricken because it:

- lacks personal knowledge (Fed. R. Evid. 602),

- contains hearsay and double hearsay (Fed. R. Evid. 801–803),

- contains narrative argument and legal conclusions,

- contradicts objective evidence,

- contradicts the CubeSmart General Manager's sworn declaration,

- contradicts the surveillance-verifiable timeline,

- contains statements the affiant did not personally witness,

- misrepresents text messages the affiant never received,

- and appears to be ghost-written, mirroring Plaintiff's narrative rather than the affiant's own observations.

I. The Affidavit Lacks Personal Knowledge (Rule 602)

Although the events described in the affidavit occurred after December 13, 2025, Mr. Smith still lacks personal knowledge of the key accusations he makes. His affidavit describes events he did not personally observe, including:

- alleged "lock changes" by Defendants,

- alleged refusals of access,

- alleged "seizure" of property,

- alleged statements or conduct inside Unit 218,

- alleged computer access,

- alleged valuations of property he did not purchase, inventory, or appraise,

- alleged conversations between Plaintiff and third parties,

- alleged intentions or motives of Defendants.

Mr. Smith was not present for these events, did not witness them, and does not identify any basis for personal knowledge. His statements rely on what others allegedly told him, what Plaintiff claimed, or assumptions he made.

Under Fed. R. Evid. 602, testimony must be based on firsthand observation. Statements based on hearsay, speculation, or second-hand information are inadmissible and cannot support injunctive relief.

II. The Affidavit Contains Hearsay and Double Hearsay

Examples include:

- "According to Level Woodruff, Phil McCall broke into the computer,"
- statements allegedly made by Plaintiff,
- statements allegedly made by the mover,
- statements allegedly made by the landlord.

None of these statements are based on firsthand observation.
They are inadmissible under Fed. R. Evid. 801–803.

III. The Affidavit Contains Legal Conclusions and Narrative Argument

The affidavit repeatedly uses Plaintiff's language, including:

- "unlawfully seized,"
- "illegally took the unit,"
- "deceived us,"

- "stole half a million dollars."

These are legal conclusions, not facts.

Affidavits must contain admissible evidence, not argument or speculation.

## IV. The Affidavit Is Contradicted by Objective Evidence

The affidavit is contradicted by:

- the CubeSmart General Manager's sworn declaration,

- the surveillance-verifiable timeline,

- the fact that Mr. Liptak, not Defendants, installed the locks on December 13,

- the fact that Mr. Liptak retained a key and later re-entered Unit 218 and removed items,

- the fact that Plaintiff was on the phone with Mr. Liptak throughout the transfer and was aware of the events as they occurred,

- the fact that Plaintiff did not stop the transfer despite being informed of the situation in real time,

- the fact that Plaintiff later refused return of items in February,

- Plaintiff's contradictory statements in her New Hampshire federal case (1:25-cv-00481-LM) and related Ohio eviction litigation.

Contradicted affidavits are not competent evidence.

## V. The Affidavit Appears Ghost-Written and Is Internally Inconsistent

The affidavit:

- switches between first-person and third-person,

- uses Plaintiff's exact phrasing and narrative style,

- contains valuations Mr. Smith could not personally verify,

- contains descriptions of events he did not witness,

- contains details contradicted by surveillance and the GM.

These defects undermine reliability and admissibility.

VI. The Affidavit Misrepresents Text Messages and Contains Statements the Affiant Did Not Receive

Paragraphs 12 and 13 of the affidavit assert that:

- "Phil McCall sent us threatening harassing messages," and

- "Debra Brown sent us a message stating all our property is hers."

These statements are factually false.

Mr. Smith was not a recipient of any text message from either Defendant.

Neither Defendant ever sent Mr. Smith a message.

All messages referenced in the affidavit were sent directly to Plaintiff, never to Mr. Smith, and never in a group chat.

Mr. Smith therefore lacks personal knowledge of the content, context, or meaning of those messages. Any testimony about messages he did not receive is:

- hearsay (Fed. R. Evid. 801–803),

- outside personal knowledge (Fed. R. Evid. 602),

- misleading,

- and contradicted by the New Hampshire Magistrate Judge's findings that the same messages were not harassment, not threats, and related to property retrieval logistics.

The fact that Mr. Smith describes messages he never received further demonstrates that the affidavit is not written from his personal knowledge and appears to be ghost-written, mirroring Plaintiff's narrative rather than the affiant's own observations.

REQUEST FOR RELIEF

For the reasons stated above, Defendants respectfully request that the Court:

1. Strike the Affidavit of Tim Smith (ECF No. 1-1) in its entirety;

2. Disregard all statements in the affidavit for purposes of any motion or hearing;

3. Grant any further relief the Court deems just and proper.

Respectfully submitted,

/s/ Debra Brown

Debra Brown, Defendant Pro Se

10705 Grace Avenue

Garfield Heights, OH 44125

(216) 253-0863

Email: debrabattles@msn.com

/s/ Philip McCall

Philip McCall, Defendant Pro Se

10705 Grace Avenue

Garfield Heights, OH 44125

(216) 253-1574

Email: notjustanotherhedgehog@gmail.com