UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

FILED

APR 23 2026

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO CLEVELAND

JULIE ROBERT, )
)           Case No. 1:26-cv-00103
Plaintiff, )
v. )           Judge Charles E. Fleming
)
DEBRA BROWN, et al., )
)
Defendants. )

DEFENDANTS DEBRA BROWN AND PHILIP McCALL'S MOTION TO DISMISS

COUNT I (CFAA) FOR FAILURE TO STATE A CLAIM UNDER RULE 12(b)(6)

Defendants Debra Brown and Philip McCall respectfully move this Court to dismiss

Count I of Plaintiff's Complaint, which asserts a claim under the Computer Fraud and

Abuse Act ("CFAA"), 18 U.S.C. § 1030. Even accepting Plaintiff's allegations as true for

purposes of this motion, the Complaint fails to state a claim upon which relief can be

granted.

In support of this Motion, Defendants state as follows:

MEMORANDUM

I.    Plaintiff Alleges No "Access" to Any Computer

The CFAA requires actual "access" to a protected computer. 18 U.S.C. § 1030(a).

Plaintiff alleges only that Defendants "possessed and/or accessed" her computer(s)

(Complaint ECF 1-1), but alleges no facts showing:

- any login

- any attempt to log in

- any password entry

- any circumvention of security

- any access to files or accounts

- any attempt to obtain information

Possession is not access. Conclusory allegations are insufficient under Rule 12(b)(6).

II.   Under "Van Buren v. United States", Possession Is Not Access as a Matter of Law

The Supreme Court has made clear that the CFAA applies only to "accessing a computer without authorization," meaning bypassing a technological barrier or breaking into a system. "Van Buren v. United States", 593 U.S. 374 (2021). The Court rejected broad interpretations of the statute and limited CFAA liability to situations involving a digital intrusion.

Plaintiff alleges no facts showing that either Defendant:

- logged into any device
- attempted to log in
- used a password
- bypassed any security measure
- accessed any file, account, or data

Under "Van Buren", mere possession of a device — without any alleged entry into it —

does not constitute "access" under the CFAA. Plaintiff's allegations fail as a matter of law.

III.   Plaintiff Alleges No Facts Showing Either Defendant Ever Accessed the Device

Plaintiff alleges no facts showing that Defendants ever:

• powered on the computer

• opened the computer

• attempted to access the computer

• attempted to obtain information from the computer

Her allegations are speculative and unsupported.

IV.    Plaintiff Alleges No "Damage" or "Loss" as Required by § 1030(g)

A civil CFAA claim requires at least $5,000 in qualifying "loss" within a one-year period. 18 U.S.C. § 1030(c)(4)(A)(i)(I), § 1030(g).

Plaintiff alleges no:

• forensic IT costs

• security remediation

• account restoration

• expert fees

• invoices or receipts

• business interruption tied to computer access

Emotional distress, fear, or speculation do not satisfy § 1030(g).

V.  Plaintiff's Allegations Are Conclusory and Implausible

Plaintiff's allegations are:

• unsupported by facts

• contradicted by her own exhibits

• speculative

• legally insufficient

She alleges no conduct by either Defendant that falls within the scope of the CFAA.

VI.  Conclusion

Because Plaintiff fails to allege:

• any access

• any unauthorized access

• any attempt to access

• any damage

• any qualifying loss

Count I of the Complaint fails to state a claim under the CFAA and must be dismissed with prejudice as to both Defendants.

WHEREFORE, Defendants Debra Brown and Philip McCall respectfully request that this

Court dismiss Count I of the Complaint with prejudice.

Respectfully submitted,

s/Debra Brown

Debra Brown, Defendant Pro Se

10705 Grace Avenue

Garfield Heights, OH 44125

(216) 253-0863

Email: debrabattles@msn.com

---

s/Philip McCall

Philip McCall, Defendant Pro Se

10705 Grace Avenue

Garfield Heights, OH 44125

(216) 253-1574

notjustanotherhedgehog@gmail.com

**CERTIFICATE OF SERVICE**

I certify that on this 23rd day of April, 2026, a true and correct copy of the foregoing Motion to Strike was served upon Plaintiff by U.S. Mail and email:


Julie Robert

5 Tsienneto Road, #177

Derry, NH 03038

Email: julierrobert@yahoo.com


_____

Debra Brown


_____

Philip McCall