## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| Julie Robert | ) Case No.: 1:26-CV-103 |
| Plaintiff, | ) |
| v | ) JUDGE: FLEMING |
| Debra Brown, et al | ) |
| Defendants | ) |

FILED

APR 28 2026

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO CLEVELAND

## MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE, DESTRUCTION OF PROPERTY, AND BAD FAITH LITIGATION CONDUCT

Plaintiff respectfully moves this Court for sanctions against Defendants Debra Brown and Phil McCall for egregious misconduct, including:

* Spoliation and destruction of critical evidence *Intentional interference with Plaintiff's property * Bad faith litigation conduct * Repeated false and misleading statements to the Court. This case involves intentional misconduct -not negligence but intentional and Defendant Cube Smart enabling Defendants Brown and McCall's misconduct and patterned prejudice against Plaintiff.

The record shows that Defendants illegally seized control over Plaintiff's property without authorization but through deception, disabled access to critical digital evidence (including disabling shared digital records) after litigation was reasonably foreseeable and made repeated false statements to this Court to conceal their conduct. Their conduct was not negligent—it was intentional, strategic, and designed to deprive Plaintiff of both property and proof.

1

Sanctions are necessary to remedy the prejudice and to preserve the integrity of the judicial process.

## I. FACTUAL BACKGROUND

### A. Unauthorized Transfer and Control of Property

Defendants took control of Plaintiff's property located in Unit 218 without Plaintiff's knowledge or consent.

* Defendant Debra Brown signed a transfer of the unit with a third-party Dave Thompson

* Plaintiff was never informed prior to the transfer

* Plaintiff only learned of the transfer after the fact

This was done behind Plaintiff's back and without authorization.

### B. Restriction and Manipulation of Access

After taking control:

- Defendants restricted Plaintiff's access to the unit

- Prevented recovery of property

- Controlled the narrative presented to third parties and the Court

### C. Spoliation of Evidence (Digital and Physical)

Defendants engaged in deliberate destruction and concealment of evidence, including:

- Disabling shared Dropbox folders containing photos/videos of Unit 218

- Failing to preserve evidence after litigation became reasonably foreseeable

- Returning only a small portion of property, much of it damaged, *please see Exhibit I.*

This constitutes intentional spoliation, not accidental loss.

## D. False Statements to the Court

Defendants made repeated false representations, including:

- Claiming Plaintiff knew about and approved the transfer (false)

- Claiming property was minimal or abandoned (false)

- Claiming others removed all property without evidence (false)

- False claiming that Plaintiff refuse her property to this Court multiple times

Defendants have no surveillance, no documentation, and no credible proof supporting these claims.

## E. Bad Faith Use of Court Process

Defendants further acted in bad faith by:

- Filing motions to "return property to the Court" after attempting to retain control

- Using litigation tactics to delay and avoid accountability

- Attempting to mislead the Court to obtain dismissal while retaining Plaintiff's property This is classic abuse of judicial process.

## F. Pattern of Deception and Intentional Damage

1. On Dec 13, 2025, Defendants Debra Brown and Phil McCall were hired for only one specific assignment which is to take photos of all Plaintiff's property inside unit 218 of Cube Smart, no

3

more nor less they were expected to do after that. But Defendant Brown went on her own and signed the unit 218 transfer without obtaining permission from Plaintiff nor her representative Mr Jon Liptak nor Mr Tim Smith then told Jon after she illegally took over the unit that since she needed the storage space to store her stuff from the burnt down house in Garfield Hts, Oh so she needed the key from him for the unit. On Dec 12, 2025 we had written agreement from mover Dave Thompson that we were supposed to move all our property out of unit 218 on Dec 13, 2025 that is why Plaintiff rented two units at the same Cube Smart which is at the same location, that is why Plaintiff rented Penski and Tim went to Home Depot bought two four wheels' dollies. Please see Exhibit II. Defendants' job was to take pictures of all Plaintiff's property when they were moved from Dave's unit 218 to Plaintiff's two units, they were not given any permission to take unit 218 with Plaintiff's property inside. There was no sale nor auction of Plaintiff's property inside unit 218 on Dec 13, 2025. But Defendant illegally seized the unit 218 and only allowed Jon and Tim take a few items out of unit 218 and sent everyone home, telling everyone come back another day, then telling Jon that she needed the key from him because she needed to have access to the unit to store her stuff from the burnt down house in Garfield, OH. Then she changed the lock and kept majority of Plaintiff's property, when Plaintiff asked her return her property Defendant had no right to, Defendant Brown texted to Plaintiff, telling her " leave me alone, call fucking police". Defendant had no intention to use unit 218 to store her stuff from Garfield Hts because she told Plaintiff that the unit 218 is too far from Garfield, she would not use the unit to store her staff, she asked Plaintiff to reimburse her the $200 she gave to mover Dave Thompson to transfer the unit into her name. Plaintiff agreed to give her the $200, then her partner Defendant McCall sent ramson note for money more than $200, Plaintiff agreed but Defendant McCall would agree to take the money and not agreed to return Plaintiff's property.

4

The ransom note is in Exhibits Binder for the Injunction hearing.  Defendants filed frivolous motion in front of this Court without serving Plaintiff by making misrepresentation to this Court after the Court denied their frivolous motions for Sanctions twice and falsely claimed that Plaintiff has refused to take her property back and asked for Court permission for them to deposit Plaintiff's property with Court, trying to shift the liability to the Court. If Plaintiff refused to take her property back, she would not go extend and pay four to five staff members go Cleveland and Maple Hts Police Depts for two months day in and day out trying to retrieve the stolen property from the Defendants then went extended two months and expense to ask this Honorable Court to intervene because Cleveland and Maple Hts police depts stated that this issue in front of this Court is civil matter.  Then Defendants kept filing frivolous motions in front of this Court, burdening this Court by stating that Plaintiff refuse to take her property back after making false statements to this Court that they did not have Plaintiff's property or Plaintiff's agent Jon and Tim had them all removed out of unit 218 then filed another frivolous motion trying to mislead this Court not consider the credibility of Tim's testimony in his affidavit by stating that Tim was not at the scene on Dec 13, 2025.

2. Prior to all the frivolous motions Defendants filed in front of this Court trying to mislead and deceive this Court, Defendants sent misleading message to Mayor Burke by telling him that they had Plaintiff's property and they were safe and sound after they intentionally destroyed Plaintiff's 15 century museum quality executive desk and after they illegally changed the locks of the front and back door of the home at 5492 E 141, Maple Hts, OH 44137 and left all lights in every room of this five bedrooms' house on and heat set for 80 degree for ten days straight when they left and there was no one in there. Defendant McCall lied to Jon and texted him that they did not leave while the neighbor told Plaintiff that they already left for 10 days and said " they

5

were full of shit" They intentionally and purposely caused the utility bills went up $400 for two weeks' time. Then they dumped all cat liters on front and back steps of the house and after the snow was melt, the front and back steps were full of cat liters everywhere. Please see Exhibit II

3. Defendants deceived Mayor Burke by telling him that they would bring Plaintiff's property back but in reality, they only brought the broken items back and dumped on driveway of 5492 E 141 Street, Maple Hts, OH 44137 in the middle of night then texted Plaintiff that they brought all property to Clerk of Court and outside Clerk of Court. Please see Exhibit III.

4. Defendant Brown texted Plaintiff stating that she would curse the Mayor for him to connect her with Plaintiff because Plaintiff wanted her property back. Please see Exhibit IV

5. Defendants then burdened this Court with irrelevant cases including the void declaration and wrongful dismissal of wrongful death when they were not the party. They constantly insult Plaintiff and illegally defame Plaintiff after Plaintiff went extra miles to help them and wanted to hold them accountable for their deception, their theft through deception and their intentional damage on her property and her health because they were taking advantage of her kindness. Please see Exhibit V, they called Plaintiff mentally sick, Plaintiff told Defendants that she advocates for people who suffer with mental illness, that is not mentally sick. Defendant Brown texted Plaintiff that Defendant McCall lost his mother, Plaintiff told Defendant that tragedy is not excuse for stealing.

## G. Defendant Cube Smart Illegal Enabling

Cube Smart knew the property inside unit 218 is Plaintiff's and it is illegal for them to transfer the unit that has Plaintiff's high valuable property to a party who has no authority to seize Plaintiff's property and there was no sale nor auction on Plaintiff's property when Defendant

6

Cube Smart illegally allowed the transfer, failed to freeze the unit when theft through deception was found.

Cube Smart violated Plaintiff's constitutional rights to her property and her access to her own units she paid and Cube Smart has been withdrawing funds from Plaintiff's credit card for.

## III. LEGAL STANDARD

Under Federal Rule of Civil Procedure 37 b€, the Court may impose sanctions where electronically stored information cannot be restored, and was destroyed with intent to deprive. Courts have inherent authority to impose sanctions for:

- Spoliation of evidence

- Bad faith conduct

- Fraud upon the Court

See:

- Chambers v. NASCO, Inc., 501 U.S. 32 (1991)

- Residential Funding Corp. v. DeGeorge Financial Corp., 306 F.3d 99 (2d Cir. 2002)

Sanctions may include:

- Adverse inference

- Monetary sanctions

- Default judgment

- Exclusion of evidence

- Attorney's fees and costs

## IV. ARGUMENT

### A. Defendants Had a Duty to Preserve Evidence

Once Defendants took control of Plaintiff's property and dispute arose, they had a clear duty to preserve: * Physical property * Digital records (photos, videos, communications)

Instead, they destroyed and disabled access.

### B. Defendants Intentionally Spoliated Evidence

The disabling of Dropbox access alone demonstrates:

- Knowledge of evidence

- Control over evidence

- Intent to prevent its use

This satisfies the standard for intentional spoliation and deprived under Rule 37 (e).

### C. Plaintiff Has Been Severely Prejudiced

As a direct result:

* Plaintiff lost valuable property (approx. $500,000)

* Evidence proving condition and contents was destroyed

* Plaintiff's ability to present full claims is impaired

### D. Defendants Acted in Bad Faith

Their conduct shows:

- Deception (unit transfer)

- Concealment (Dropbox disabling)

- Misrepresentation (false statements to Court)

- Tactical abuse (motions to manipulate outcome)

This is not negligence—it is deliberate misconduct.

## V. REQUEST FOR RELIEF

Plaintiff respectfully requests that the Court:

1. Find that Defendants engaged in spoliation of evidence under Rule 37 (e)

2. Issue an adverse inference instruction, including:

    - That destroyed evidence would have been unfavorable to Defendants

3. Order monetary sanctions, including:

    - Compensation for property loss and damage

    - Reimbursement of costs and fees

4. Preclude Defendants from introducing unsupported claims regarding:

    - Property condition

    - Alleged removal by third parties

5. Dismiss Defendants' entire exhibits including all unrelated documents

6.  Award additional sanctions deemed appropriate, including:

- Striking pleadings

- Entry of default judgment (if misconduct continues)

## VI. CONCLUSION

Defendants' conduct strikes at the heart of the judicial process. They did not merely dispute facts—they manipulated evidence, interfered with property, and misled the Court.

Sanctions are not only appropriate—they are necessary.

**Respectfully submitted,**

*/s/ Julie Robert*

Julie Robert,  Plaintiff

5 Tsienneto Road, #177, Derry, NH 03038

Email: julierrobert@yahoo.com

### CERTIFICATE OF SERVICE

This motion is served on all parties via the email addressed in court record.

Julie Robert_____

Julie Robert

10