| | | |
|---|---|---|
| JULIE ROBERT, | ) | CASE NO. 1:26-cv-103 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| v. | ) | |
| | ) | |
| DEBRA BROWN, *et al.*, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

Defendants Debra Brown and Phil McCall (collectively, "Individual Defendants") have filed thee motions to strike: (i) a motion to strike Plaintiff Julie Robert's exhibits and attachments to ECF No. 12, (ECF No. 49); (ii) a motion to strike the Affidavit of Tim Smith (ECF No. 1-1), (ECF No. 50); and (iii) a renewed motion to strike the Affidavit of Tim Smith, (ECF No. 53). Individual Defendants argue that these materials should be stricken because they are misleading, unauthenticated, prejudicial, are contradicted by other information on the record, and they lack foundation. (*See* ECF Nos. 49, 50, 53). A district court may strike "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). That said, "[m]otions to strike are viewed with disfavor and are not frequently granted." *Operating Eng'rs Loc. 324 Health Care Plan v. G&W Constr. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015). The Court notes the issues raised by Individuals Defendants with the various filings they wish stricken, but declines to strike the filings at this time. To the extent the filings present unauthenticated, irrelevant, prejudicial, or otherwise inadmissible information, the Court has the ability to discern those issues. The Court will resolve the pending preliminary injunction request (ECF No. 2) using evidence and

information that is properly before the Court. Accordingly, the three motions to strike (ECF Nos. 49, 50, 53) are **DENIED WITHOUT PREJUDICE**.

Also before the Court is Plaintiff's Motion for Sanctions for Spoliation of Evidence, Destruction of Property, and Bad Faith Litigation Conduct ("Sanction Motion"). (ECF No. 64). The Court finds the Sanction Motion improper and premature. First, the arguments and requests set forth in the motion (*e.g.*, spoliation of evidence and bad-faith conduct) are essentially the same as those put forward in Plaintiff's pending request for a preliminary injunction. Second, for the same reason the Court denied Individual Defendants' request to strike, the Court also denies Plaintiff's similar request to the strike various pleadings. Finally, the arguments for sanctions set forth by Plaintiff are better suited for, and more properly presented in, a future motion for judgment. If Plaintiff ultimately prevails, she may, if she chooses to do so, seek sanctions against Individual Defendants based on any alleged bad-faith litigation and related sanctionable conduct at that time.[1] Thus, given the early stage of this case and its procedural posture, the Sanctions Motion (ECF No. 64) is **DENIED WITHOUT PREJUDICE**.

As stated in the April 29, 2026 Preliminary Injunction Hearing, the Court will not entertain further motions to compel, expedite discovery, sanction, or strike which are related to matters already before the Court and for matters which have been raised or should have been raised in prior filings. The Court again warns the parties that a failure to abide by these instructions may result in the imposition of sanctions deemed appropriate by the Court.

**IT IS SO ORDERED.**

Date: May 11, 2026

_____
**CHARLES E. FLEMING**
**U.S. DISTRICT COURT JUDGE**

---

[1] The Court notes that it previously denied a similar motion for sanctions (ECF No. 21) filed by Individual Defendants. (*See* ECF No. 42).