# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF OHIO

## EASTERN DIVISION

FILED

JUL 2 9 2026

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO CLEVELAND

JULIE ROBERT,                                   Case No. 1:26-cv-00103-CEF
    Plaintiff,

v.                                              Judge Charles E. Fleming

DEBRA BROWN, et al.,
    Defendants.

## PLAINTIFF'S MOTION FOR CLARIFICATION AND TO RECOGNIZE APRIL 27, 2026 FILING AS TIMELY OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AS ECF NO. 58,

Plaintiff Julie Robert, proceeding pro se, respectfully moves this Court for clarification and for recognition of Plaintiff's April 27, 2026 filing as a timely substantive opposition to Defendants Debra Brown and Phillip McCall's Motion to Dismiss, ECF No. 58, filed on April 23, 2026.

## I. PLAINTIFF FILED A SUBSTANTIVE BRIEF FOUR DAYS AFTER DEFENDANTS' MOTION TO DISMISS AS ECF NO. 58 FILED ON APRIL 23, 2026

On April 23, 2026, Defendants Brown and McCall filed ECF No. 58, seeking dismissal of Count I of Plaintiff's Complaint.

Only four days later, on April 27, 2026, Plaintiff filed her extensive Brief in Support of Motion for Injunctive Relief, together with Plaintiff's declaration, exhibits, documentary evidence, photographs, communications, and other materials concerning the same Defendants and the same underlying conduct.

Plaintiff's April 27 filing addressed, among other matters, Defendants Brown and McCall's illegal possession and control of Plaintiff's property, Unit 218, Plaintiff's computer and electronically stored information, Defendants' unauthorized conduct, destruction and removal of property, electronic evidence, and Defendants' constant false representations to this Court. Accordingly, Plaintiff did not abandon to oppose Defendants' motion, nor waive her opposition, nor cease prosecuting this action. To the contrary, Plaintiff was actively litigating the claims and presenting substantial evidence to this Court only four days after Defendants filed frivolous motion to dismiss ECF No. 58 on April 23, 2026. The evidence and laws Plaintiff presented in

1

her April 27, 2026 brief is opposition memorandum to the Defendants' Motion to Dismiss on April 23, 2026.

## II. THE MERIT IN PLAINTIFF APRIL 27 FILING IS A MEMORANDUM IN OPPOSITION

Plaintiff recognizes that the April 27 filing was captioned "Plaintiff's Brief in Support of Motion for Injunctive Relief" rather than separately captioned "Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss as ECF No. 58 filed on April 23, 2026." What the Court ordered to file in June 1, 2026 order was already filed on April 27, 2026. As Matter of Fact, Plaintiff's April 27, 2026 Brief is a right motion, Defendants were supposed to file Brief not another frivolous motion to dismiss after their previous was already denied.

Plaintiff is proceeding without counsel and understood her April 27 submission, which directly addressed Defendants' conduct, their recent motions, the computer and electronic evidence, and the factual basis of Plaintiff's claims, to place her substantive opposition and supporting evidence before the Court.

Plaintiff's April 27 filing was made only four days after Defendants' frivolous motion to dismiss. The issue therefore is not abandonment or failure to prosecute. Even the title of the motion is not titled as Memorandum of Opposition, but the contents are Memorandum of Opposition. According to Civil Procedural Rule, what should be filed before hearing is trial brief not motion to dismiss. Before the hearing, Defendants filed motion to ask to deposit Plaintiff's property with the Court, because Defendants knew from the bottom of their heart, they have illegally held the property that is not theirs so Plaintiff filed motion to ask the court to order them return at the present of law enforcement or at the parking lot of Maple Heights police department so there will be safe transfer of Plaintiff's property. Since Jan, 2026, Plaintiff has made 12 -15 extremely tiresome round trips travel from NH to OH to file motions and attend hearings. The extensive and very tiring trips and all efforts Defendants unconsciously caused either through the deception of Plaintiff's property or through the constant frivolous filings in front of this Court has cost Plaintiff eight months' working time to litigate to try to receive the injunction order so her property and the property she bought with loan for Jupiter Global Resources LLC and Sara Mellott Real Estate Dev LLC would not be lost or sold or destroyed. That extraordinary effort Defendants caused Plaintiff to spend because of the Defendant theft behaviors through deception

and unconsciousness taking advantage of Plaintiff's good heart to help them is extraordinary contrary to the statement that Plaintiff failed to prosecute.

## III. JON LIPTAK'S AFFIDAVIT PROVIDES ADDITIONAL FIRSTHAND EVIDENCE

Plaintiff further attaches the Affidavit of Jon Liptak in support of this Motion. Mr. Liptak served as an authorized agent for Jupiter Global Resources LLC and Sara Mellott Real Estate Development LLC during the relevant period and was personally involved with the property, moving arrangements, storage arrangements, and events concerning Unit 218. His affidavit provides firsthand evidence relevant to Defendants Brown and McCall's possession and control of the property and circumstances concerning the computer and other properties stored in Unit 218.

Among other matters, Mr. Liptak describes his personal involvement in attempts to retrieve the property, communications concerning Defendants' control of the property, demands for money associated with return of the property, and events concerning the subsequent removal of the property.

A true and correct copy of the Affidavit of Jon Liptak is attached hereto as Exhibit.

## IV. PLAINTIFF DID NOT FAIL TO PROSECUTE THIS ACTION

The Court's June 1, 2026 Order stated that the deadline had passed without Plaintiff filing an opposition to ECF No. 58 and directed Plaintiff to establish good cause and excusable neglect. The Order further warned of dismissal under Rule 41(b). But as Matter-of-fact Plaintiff has already done what the Court asked on April 27. 2026, over a month before this Court June 1, 2026 order.

Plaintiff respectfully requests clarification because the docket demonstrates that Plaintiff was actively prosecuting this action. Plaintiff filed a substantial brief and supporting evidentiary materials on April 27, only four days after Defendants' frivolous motion to dismiss. Plaintiff respectfully submits that dismissal for failure to prosecute should be vacated because the record demonstrates Plaintiff filed Memorandum of Opposition only four days after Defendants' Motion to Dismiss Defendants have never served on Plaintiff who accidentally found from federal court computer when she submitted April 29 hearing evidence binder on April 24, 2026.

3

Then Defendants made multiple false representations during April 29, 2026, hearing, this Court advised Plaintiff to file sanctions against the Defendants at the end of the hearing if the evidence shows the Defendants made false representation. According to the transcript that was filed by reporter George with this Court, Defendants have been untruthful with the Court during the under-oath hearing.

## VI. RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Recognize Plaintiff's April 27, 2026 filing and supporting evidence as Plaintiff's timely substantive opposition to Defendants' Motion to Dismiss;

2. Clarify that Plaintiff did not fail to prosecute this action;

3. Consider the attached Affidavit of Jon Liptak (Exhibit A) as additional evidentiary support;

4. Alternatively, grant Plaintiff leave to file the attached Supplemental Memorandum in Opposition to Defendants' Motion to Dismiss and deem it accepted;

5. Deny Defendants' Motion to Dismiss

6. Grant such other and further relief as the Court deems just and proper.


Respectfully submitted,

/s/ Julie Robert
Julie Robert, Plaintiff Pro Se
5 Tsienneto Road, #177, Derry, NH 03038

Email: julierrobert@yahoo.com

### CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Motion and its attachments was served upon all parties or counsel of record on July 29th, 2026, by the court electronic system or email on the email address in court record.

/s/ Julie Robert
Julie Robert

4