**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF OHIO**

**EASTERN DIVISION**

FILED

JUL 29 2026

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO CLEVELAND

| | |
|---|---|
| JULIE ROBERT, | Case No. 1:26-cv-00103-CEF |
| Plaintiff, | Judge Charles E. Fleming |
| v. | |
| DEBRA BROWN, et al., | |
| Defendants. | |

### PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO DEFENDANTS DEBRA BROWN AND PHILLIP McCALL'S MOTION TO DISMISS COUNT I (ECF NO. 58)

Plaintiff Julie Robert, proceeding pro se, respectfully submits this Supplemental Memorandum in Opposition to Defendants Debra Brown and Phillip McCall's Motion to Dismiss Count I under Federal Rule of Civil Procedure 12(b)(6), ECF No. 58. Defendants' Motion should be denied because witness Level Woodruff's statement under oath during April 29, 20226 hearing proves that Defendants' motion to dismiss is lack of merit but another misrepresentation in front of this Court, trying to mislead and confuse this Court.

### I. PLAINTIFF'S EVIDENCE CONCERN THE COMPUTER AND PRIVATE DATA

Defendants contend that Plaintiff alleges no facts showing that either Defendant accessed Plaintiff's computer. Plaintiff disputes that characterization.

Plaintiff submitted evidence concerning Defendants' unauthorized possession and control of Plaintiff's property from Unit 218, including a desktop computer containing Plaintiff's and her companies' private information and data. Plaintiff further alleged that the property was removed from Unit 218, transported, retained, and later moved to other locations.

Plaintiff's April 27, 2026 filing also identified witness evidence concerning Defendant McCall's alleged statements to Level Woodruff regarding breaking into the computer and taking private data. Plaintiff relies upon that evidence as fact and truth rather than solely by the photograph discussed below.

1

## II. PHYSICAL EVIDENCE CORROBORATES ILLEGAL POSSESSION AND CONTROL OF THE COMPUTER

Plaintiff's evidence is not limited to an abstract allegation that a computer existed. A photograph connected with the return or deposit of Plaintiff's property at the Maple Heights location visibly shows a desktop computer tower outdoors among boxes and other property in the snow. Plaintiff states that the computer had previously been stored with Plaintiff's property in Unit 218. Plaintiff further states that the computer system was not returned intact. The desktop computer tower was present among the property left outdoors, but the computer monitor was missing and was never returned to Plaintiff.

Plaintiff did not authorize Defendants Brown or McCall to take, possess, transport, access, dismantle, separate, dispose of, or exercise control over Plaintiff's computer equipment or its contents.

The photograph itself establishes only what it visibly depicts—the computer tower outdoors among the property. Plaintiff relies on her testimony, witness evidence, Jon Liptak's affidavit, and the other record evidence for the circumstances of possession, transportation, ownership, and alleged access. A true and correct copy of the photograph is attached as Exhibit.

## III. DEFENDANTS' CHARACTERIZATION OF THE CASE AS MERE POSSESSION IS DISPUTED

Defendants rely upon Van Buren v. United States, 593 U.S. 374 (2021), and characterize this case as involving nothing more than physical possession of a computer. Plaintiff does not contend that CFAA liability arises merely from physical possession.

Plaintiff submitted evidence and witness to prove unauthorized control of her computer, deprivation of access to the device and information, removal and transportation of the equipment, the failure to return the complete computer system, and witness evidence concerning alleged intrusion into the computer and private data.

Whether the computer was actually entered, what information was accessed or obtained, when any access occurred, and what was done with electronically stored information are factual matters for which Plaintiff seeks preservation and discovery.

## IV. FORENSIC AND OTHER TECHNICAL DETAILS REQUIRE FACTUAL DEVELOPMENT

Defendants emphasize that Plaintiff has not identified a particular login, password entry, security circumvention, file access, or other technical mechanism.

Plaintiff was deprived of possession and control of her computer. Plaintiff therefore did not have the ability to observe every act allegedly performed on the computer while it was outside her possession. Plaintiff has sought preservation of electronic evidence because forensic examination and discovery may determine whether the computer was powered on or accessed and whether files or data were opened, copied, altered, deleted, or transferred. But the evidence and witness prove Defendants stole Plaintiff's computer.

## V. JON LIPTAK'S AFFIDAVIT PROVIDES FIRSTHAND EVIDENCE

Plaintiff relies upon the attached Affidavit of Jon Liptak. Mr. Liptak served as an authorized agent for Jupiter Global Resources LLC and Sara Mellott Real Estate Development LLC during the relevant events and had firsthand involvement in attempts to recover the property. His affidavit describes circumstances concerning Brown and McCall's possession and control of the property, attempts to retrieve it, communications concerning its return, demands for money, and subsequent movement of the property. Plaintiff offers the affidavit to corroborate those matters within Mr. Liptak's personal knowledge.

A true and correct copy of the Affidavit of Jon Liptak is filed with this Court.

## VII. CONCLUSION

WHEREFORE, Plaintiff respectfully requests that the Court:

1. DENY Defendants Brown and McCall's Motion to Dismiss Count I, ECF No. 58;

2. Consider Plaintiff's April 27, 2026 filing, supporting materials, the Affidavit of Jon Liptak and the photograph of the computer tower and property at the Maple Heights location (Exhibit );

3. Permit appropriate preservation and discovery concerning Plaintiff's computer and electronically stored information;

4. Alternatively, if the Court determines that Count I lacks sufficient factual allegations concerning unauthorized access or qualifying CFAA loss, grant Plaintiff leave to amend Count I rather than dismissing it with prejudice; and

5. Grant such other and further relief as the Court deems just and proper.


Respectfully submitted,

/s/ Julie Robert
Julie Robert, Plaintiff Pro Se
5 Tsienneto Road, #177, Derry, NH 03038
julierrobert@yahoo.com

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Supplemental Memorandum in Opposition was served upon all parties or counsel of record on July 29th , 2026, by email or court electronic system.

/s/ Julie Robert
Julie Robert