FILED

JUL 29 2026

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO CLEVELAND

JULIE ROBERT,
  Plaintiff,

v.

DEBRA BROWN, et al.,
  Defendants.

Case No. 1:26-cv-00103-CEF

Judge Charles E. Fleming

## PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR RELIEF FROM JUDGMENT AND TO REOPEN CASE (ECF NO. 74)

Plaintiff Julie Robert, proceeding pro se, respectfully submits this Reply in support of her Motion for Relief from Judgment and to Reopen Case pursuant to Federal Rule of Civil Procedure 60(b), ECF No. 74.Defendants have tried to wrongfully characterize Plaintiff as having abandoned this litigation, ignored Defendants' April 23, 2026 Motion to Dismiss, failed to correct her mailing address, and failed to take reasonable steps to remain informed of this case. Plaintiff respectfully submits that the record and additional evidence demonstrate otherwise.

Most importantly, the premise underlying the June 12 dismissal—that Plaintiff filed no opposition or response to Defendants' April 23 Motion to Dismiss—is disputed by Plaintiff's April 27 filing, submitted only four days after Defendants' frivolous motion to dismiss which is ECF No. 58. Plaintiff has separately moved for clarification and for leave to supplement that timely substantive opposition.

Plaintiff has provided the Court her correct mailing address along with proof. Repeated failures in United States Postal Service delivery prevented Plaintiff from receiving important Court orders despite Plaintiff's efforts to correct the postal problem and obtain Court communications. These circumstances do not demonstrate abandonment or intentional disregard of this Court.

## I. THE CENTRAL PREMISE THAT PLAINTIFF DID NOT RESPOND TO DEFENDANTS' APRIL 23, 2026 MOTION TO DISMISS WHICH IS ECF NO. 58 IS INCORRECT AND SHOULD BE RECONSIDERED AND CORRECTED

The June 12 Order states that the deadline passed without Plaintiff filing an opposition or response and thereafter relied upon Plaintiff's failure to respond to the June 1 Show Cause Order in dismissing the action under Rule 41(b).

1

The docket, however, contains Plaintiff's extensive April 27, 2026 filing, submitted only four days after Brown and McCall filed their frivolous motion to dismiss, ECF No. 58. Plaintiff's April 27 filing addressed Brown and McCall's illegal possession and control of Plaintiff's property, Unit 218, the computer and electronically stored information, removal and destruction of property, CubeSmart's conduct, and supporting evidence.

Although the April 27 filing was captioned as a brief supporting preliminary injunctive relief, because that is normal procedure before the injunction hearing, Defendants' motion to dismiss is incorrect procedural before the hearing. Plaintiff respectfully submits that its substance also constituted her opposition to Defendants' effort to dismiss her claims. Plaintiff's separate Motion for Clarification does not seek permission to file a late opposition or to replace the April 27 filing; it asks the Court to recognize the substance of the timely filing and permit additional evidence to supplement it. Because the contents, the evidence, facts and laws in Plaintiff's April 27, 2026 brief is opposition memorandum to Defendants' wrong motion to dismiss which is another frivolous multiple motion to dismiss after their previous similar motions were all denied. Their conducts in front of this Court constitute vexatious litigator because they lack merit but make constant frivolous misrepresentation, never serving Plaintiff with their motions, constant violating Plaintiff's due process rights, causing more pain, suffering and burden on Plaintiff who never met them but extended good heart to help because of the request of Garfield Heights Mayor and ended up losing $500,000 worth merchandise she purchased with loan, loosing eight months sleep and work. This is not serving the interest of justice for Defendants to be reward more based on their misleading motions and violations of procedurals and for Plaintiff to suffer more instead of delivering the recovery Plaintiff is entitled to.

Plaintiff therefore was not sitting idle while ECF No. 58 remained unanswered. She was actively litigating and placed extensive evidence before the Court four days after that motion was filed.

## II. PLAINTIFF DID NOT KNOWINGLY DISREGARD THE JUNE 1 SHOW CAUSE ORDER

The June 1 Order required Plaintiff to act by June 8 and warned of dismissal. Plaintiff did not receive that Order through the mail. She therefore did not make a conscious decision to disregard the June 8 deadline. As matter of fact, what the Court ordered in June 1, 2026 order was already accomplished on April 27, 2026.

Plaintiff has lived in the address given to the court for years. The delivery problem occurred twice in the beginning of the year, Plaintiff went in and communicated with the post office of their negligence, they promised to correct but till today it still has not been corrected even they sent email to Plaintiff about correcting their repeated negligence because after they acknowledge in their late email about their problem, their negligence still affected subsequent orders. Plaintiff did not receive through the mail the June 1 Show Cause Order, the June 12 Order of Dismissal, or the June 24 Order Setting Response Deadlines. Plaintiff states that she still had not received those Orders through regular mail as of the filing of this Reply. Those orders were not returned but still have not received but Plaintiff has never had any problem with any notices issued by Federal Court in NH and has received each of them.

## III. PLAINTIFF'S ADDRESS OF RECORD WAS CORRECT

Defendants characterize Plaintiff as having failed to remedy an address problem. Plaintiff respectfully clarifies that there was no changed address for her to provide.
The address in this Court record as 5 Tsienneto Road, #177, Derry, New Hampshire 03038 was and remains Plaintiff's correct mailing address. The return or nondelivery of Court mail does not itself establish that Plaintiff supplied an incorrect address. Plaintiff's attached affidavit explains the repeated postal failures and her efforts to correct them.

## IV. PLAINTIFF ACTIVELY ATTEMPTED TO CORRECT THE MAILING AND ACCESS PROBLEMS

Plaintiff disputes CubeSmart's characterization that she chose not to address known mailing problems. Court mail was erroneously returned on more than one occasion in different months. Plaintiff personally went to the Post Office and attempted to correct the delivery problem. Despite that effort, problems continued.
Plaintiff also repeatedly contacted the Clerk's Office because she was not receiving Court orders. She requested that orders be transmitted to the email address already appearing in the Court record and was informed that the Clerk's Office could not provide the orders to her in that manner. Plaintiff also experienced continuing difficulties accessing PACER.

It is Plaintiff's fault that she has been having bad luck with US Postal Office in regard to this Court orders delivery and her Pacer account but she has been having no delivery problem to the

same mailing address from NH federal court. These circumstances and Plaintiff's efforts are further explained in her attached affidavit and may be supported by available documentary evidence.

## V. CUBESMART'S DILIGENCE ARGUMENT DOES NOT ESTABLISH ABANDONMENT

CubeSmart argues that a litigant experiencing problems receiving Court information should take additional measures, including contacting the Court. Plaintiff did repeatedly call the Court seeking assistance. So far the only way for Plaintiff to know about the court notice is to travel from NH to OH and use the federal court computer in the lobby, it is more than diligent for someone to spend thousands of dollars traveling from one state to another and nine months' working time to litigate. Who can be more diligent than that? It is enormous unbearable burden for the Defendants maliciously to place on Plaintiff as return to her goodness to help them when she has not met them. All their conducts arise from the racial prejudice because they have sent multiple racial hatred messages, disturbing someone who just acted as a good citizen with good heart. The litigation Defendants mentioned in front of the same Court but in front of different judge is totally different from the one in front of this Court. The one Defendants mentioned in this same Federal Court and in front of different judge contain racial hatred and constant harassment torture and the one litigation in front of this Court is to ask this Court to issue injunction to stop Defendants from further selling and destroying Plaintiff's property she bought with loans she borrowed, and she is obligated to pay. Defendants stole Plaintiff's property then acted as vexatious litigator in front of this Court, misleading and trying to confuse the Court, trying to use the void declaration to damage Plaintiff's reputation so they can continue keep and benefit from the property they basically stole from Plaintiff according to all Ohio laws Plaintiff quoted in the complaint and all her motions filed in front of this Court. *Please see Plaintiff's Affidavit.*

Plaintiff traveled between New Hampshire and Ohio to file documents and attend proceedings. Her April 27 filing, participation in the April 29 evidentiary hearing, communications with the Court, eight months waking time and working time spent to litigate and subsequent effort to reopen the case are inconsistent with an intent to abandon this litigation.

## VI. THE EQUITABLE EXCUSABLE-NEGLECT FACTORS FAVOR RELIEF

CubeSmart relies upon Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380 (1993), and authority concerning excusable neglect. Considered as a whole, Plaintiff respectfully submits that the circumstances favor relief.

Prejudice. Reopening would return the parties to litigation of claims dismissed for procedural reasons rather than after adjudication on the merits. The reopening is not prejudice to any Defendant besides Plaintiff has filed opposition four days after Defendants' frivolous motion to dismiss and over one month before the Court's request. Defendants have not followed the federal court rule to file answer within 21 days and they have absolutely no merit in their answers, the Court gave them plenty time and leeway to file answer. Defendants' intentional delay have severely prejudiced Plaintiff's interest to recover her valuable stolen items. To the interest of justice and fairness, the case in front of this Court should not be dismissed without prejudice. Plaintiff deserves credit for spending eight months day and night time to litigate trying to obtain the justice.

Length of delay. Plaintiff acted right away after discovering that the case had been dismissed and sought Rule 60(b) relief; this is not a case involving years of unexplained inactivity. If Plaintiff had received the Court June 1, 2026 order, Plaintiff would have chance to explain to the Court that its order was already satisfied on April 27, 2026, over a month ago before the court was issued. Bad luck with this Court mail, Pacer account and clerk refusing to email the notice should not be considered not following this Court orders. For someone who got taken advantage by the Defendants and lost half mil dollars' worth merchandise to the Defendants' deception, to punish Plaintiff further because of the issues that were totally out of Plaintiff's control even after she went beyond any human's endurance for the burden Defendant maliciously placed on Plaintiff. From all the harassing racial hatred message Defendants sent to Plaintiff and all false representation Defendants made to this Court, according to the laws Plaintiff quoted in her complain and motions, Defendants' acts constitute criminal damages and Plaintiff is entitled to injunction to stop Defendants from further criminally damaging Plaintiff and the recovery from Defendants' intentional criminal damage.

Reason for the missed June deadline. Plaintiff did not receive the June 1 Order establishing the June 8 deadline. Till today to file this reply, Plaintiff still has not received June 1, June 12 and June 24 orders in mail after Plaintiff contacted US Postal Office who sent two emails Plaintiff submitted in her relief from judgment and stated they would correct their repeated negligence.

Plaintiff could not control repeated failures in the delivery of Court mail when the address she provided to this Court was and remains her correct residential mailing address. Significantly, Plaintiff has received federal-court mail from the United States District Court for the District of New Hampshire at this same address without the recurring return and non-delivery problems experienced with mail from this Court. Plaintiff personally contacted the United States Postal Service and went to the Post Office seeking correction after Court mail was erroneously returned. Nevertheless, the delivery problem recurred. As of the filing of this Reply, Plaintiff still has not received by mail this Court's June 1, June 12, or June 24, 2026 Orders. These circumstances support Plaintiff's position that the failure to receive those Orders was not caused by Plaintiff's failure to provide the Court with a correct address and was outside Plaintiff's reasonable control. Defendants made false statement in their motion to dismiss Plaintiff's relief from judgment motion by stating that Plaintiff has no problem to receive the court order from different judge in this Court. According to the docket of the other case in the same Court since the case was transferred from NH to this Court, Plaintiff has not received any court order in mail from this Court in a different case as well.

Good faith. Plaintiff's April 27 filing, evidentiary submissions, participation in the April 29 hearing, travel, communications with the Court, and effort to reopen the case are inconsistent with abandonment.

## VII. PLAINTIFF HAS IDENTIFIED MERITORIOUS CLAIMS AND SUPPORTING EVIDENCE

CubeSmart argues that Plaintiff's Rule 60(b) motion did not sufficiently demonstrate that her underlying claims have merit. Plaintiff respectfully submits that the record and all evidence contains merit and truth.

Plaintiff's April 27 filing asserted, among other matters, that CubeSmart could not provide the requested evidence concerning any possible auction and transfer of Unit 218 and that Brown and McCall thereafter exercised control over property Plaintiff claimed belonged to her and her companies. When there is no sale nor any consent for Plaintiff to let Defendants to illegally seize her half mil dollars' worth property, the action of Defendants is theft because they illegally seized through deception when there was no sale nor auction, no consent for Plaintiff just to give her half mil dollars' worth property away. Out of her good heart without meeting the Defendants, Plaintiff let Defendants stay at the nice fully furnished home for basically nothing and gave them a job for $25/hour and $100/hour out of her good heart to help them out not because they had the qualification for it. Instead of being grateful, they stole her half mil dollars' worth property and constantly make false representation in front of this Court trying to mislead this Court to let them keep the half mil dollars' worth property they stole .During April 29 , 2026 hearing Cube Smart could not provide any evidence to prove the property Defendants stole are not Plaintiff's nor provide any evidence that Plaintiff's property was in sale or auction on Dec 13, 2025 when Defendants stole Plaintiff's property when the evidence show Cube Smart knew the property Defendants stole were Plaintiff's.

Plaintiff also relies upon Jon Liptak's affidavit and other documentary and witness evidence concerning Unit 218, attempts to retrieve the property, control and movement of the property, and circumstances surrounding the computer and other property.

There is merit claims and there is no failure of want to prosecute.

## VIII. THE APRIL 29 EVIDENTIARY HEARING DEMONSTRATES ACTIVE PROSECUTION

Plaintiff appeared and presented evidence and witnesses at the April 29, 2026 evidentiary/preliminary-injunction hearing concerning the property and Defendants' conduct. A litigant who appears in federal court, presents witnesses and evidence, files an extensive supporting brief shortly before the hearing, and seeks preservation and return of property is not exhibiting abandonment of her lawsuit. Even though Plaintiff is pro se but Plaintiff has diligently followed the Court orders and federal laws and procedural rules. Defendants' motion to dismiss filed before the April 27, 2026 is not a right motion after months of delayed answer intentionally violating Federal Procedures, all previous frivolous motion to dismiss and motion for sanction

were denied.  Defendants' contact constitutes vexatious litigator behavior. Plaintiff is not vexatious litigator and state void declaration has no controlling effect over the Federal Court and the declaration was issued without hearing nor evidence which was issued for wrong reasons. *Please see Plaintiff's Affidavit.*

## IX. BROWN AND McCALL'S COLLATERAL ALLEGATIONS DO NOT DEFEAT RULE 60(b) RELIEF

Brown and McCall raise collateral matters concerning another federal action, Plaintiff's name history, alleged overlapping litigation, and a vexatious-litigant declaration. Plaintiff disputes Defendants' characterization of those matters.

Plaintiff's legal name history, the distinct purposes and claims of the federal actions, and Defendants' reliance upon the referenced void Ohio vexatious-litigant declaration are explained in Plaintiff's Affidavit. Plaintiff further states in that affidavit the factual and procedural grounds upon which she contends that the referenced declaration is void.

Those collateral matters do not establish that Plaintiff intentionally failed to prosecute this case, nor do they change the central facts relevant to ECF No. 74: Plaintiff filed her April 27 submission four days after ECF No. 58, actively participated in the April 29 hearing, provided the Court her correct address, did not receive the June 1 Show Cause Order, and sought relief right after discovering the dismissal.

## X. RULE 60(b)(1) PROVIDES A BASIS FOR RELIEF

CubeSmart argues that Plaintiff's circumstances should be analyzed under Rule 60(b)(1). Even accepting that framing for purposes of this Reply, Plaintiff respectfully submits that the circumstances support relief for mistake, inadvertence, surprise, or excusable neglect. There was at minimum a material misunderstanding concerning whether Plaintiff had substantively responded to ECF No. 58. Plaintiff also failed to respond to a June 1 Order that she did not receive because of continuing delivery problems despite the correct address being on file. The equitable determination should be based upon the entire record rather than treating Plaintiff's nonreceipt of the June 1 Order as deliberate noncompliance. Plaintiff's April 27, 2026 is opposition to Defendants' frivolous motion to dismiss when Defendants should have filed trial brief instead filed wrong motion to dismiss. The mistake is on Defendants, Plaintiff is entitled to

relief because Plaintiff filed right document and satisfied this Court June 1, 2026 order over a month ahead.

**XI. THE INTERESTS OF JUSTICE FAVOR DETERMINATION ON THE MERITS**

The June 12 dismissal was without prejudice and based upon failure to prosecute rather than an adjudication of Plaintiff's claims.

Plaintiff respectfully submits that reopening is equitable because she was actively litigating; filed substantive materials four days after Defendants; frivolous wrong motion to dismiss which is ECF No. 58; traveled from NH to OH, appeared and presented evidence at the April 29 hearing; maintained a correct mailing address; experienced repeated failures in delivery of Court communications; attempted to address those delivery problems; contacted the Court seeking assistance; did not receive the June 1 Order imposing the June 8 deadline; and has substantial factual disputes concerning her property that remain unresolved.

The interests of justice favor resolving those claims on their merits rather than allowing postal and procedural problems to terminate the action.

**CONCLUSION**

WHEREFORE, Plaintiff respectfully requests that the Court:

1. GRANT Plaintiff's Motion for Relief from Judgment and to Reopen Case, ECF No. 74;

2. VACATE the June 12, 2026 Order of Dismissal and Judgment, ECF Nos. 72 and 73;

3. REOPEN this action and restore it to the Court's active docket;

4. Consider Plaintiff's Motion for Clarification concerning her April 27, 2026 opposition and permit Plaintiff to supplement that opposition;

5. Consider Plaintiff Affidavit and supporting evidence concerning the mailing failures, her efforts to obtain Court communications, the related-action allegations, and Defendants' reliance upon the disputed vexatious-litigant declaration; and

6. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Julie Robert  
Julie Robert, Plaintiff Pro Se  
5 Tsienneto Road, #177  
Derry, NH 03038  
Email: julierrobert@yahoo.com

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Reply and attachments was served upon all parties or counsel of record on July 29th , 2026, through email or by court electronic system.

/s/ Julie Robert  
Julie Robert