# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

FILED

JUL 2 9 2026

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO CLEVELAND

JULIE ROBERT,
Plaintiff,

Case No. 1:26-cv-00103-CEF

v.

Judge Charles Esque Fleming

DEBRA BROWN, et al.,
Defendants.

**AFFIDAVIT OF JON LIPTAK IN SUPPORT OF PLAINTIFF'S PROPOSED OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

I, Jon Liptak, being first duly sworn, state as follows:

1. I am over eighteen years of age and competent to testify concerning the matters stated in this Affidavit.

2. I make this Affidavit based upon my own personal knowledge, including events that I personally observed, participated, conversations that I personally heard or participated in, and property that I personally saw and handled.

3. I was the agent for Jupiter Global Resources LLC and Sara Mellott Real Estate Dev LLC. I know Plaintiff Julie Robert and was personally involved in events concerning the movement, storage, attempted retrieval, and subsequent location of her personal and the two companies' property she bought for the companies with loans during December 13th, 2025 and thereafter.

**CubeSmart Units and December 13, 2025**

4. On or about December 12, 2025, Julie Robert paid for two climate-controlled storage units at CubeSmart. A welcome email from Cube Smart is attached as Exhibit A.

1

5. On December 13, 2025, I personally went to the CubeSmart facility to execute rental/lease documents concerning the two climate-controlled storage units that Julie had paid for us to store all property that were hers and our companies out of unit 218 and 119 on Dec 13, 2025.

6. I personally interacted with the CubeSmart manager concerning the units and Julie's and our companies' property.

7. The CubeSmart manager knew that the property located inside Unit 218 belonged to Julie Robert. During my interaction with the manager, I was provided the key/access to Unit 218.

8. I personally observed Julie Robert's property inside Unit 218 on December 13, 2025.

9. Cube Smart had no sale nor auction of Julie's nor our property inside Unit 218 on Dec 13, 2025 and it was still legally Julie and our companies' on Dec 13, 2025 and after because Cube Smart has never had any sale or auction of Julie's and our companies' property inside Unit 218 at Cube Smart.

10. The manager let me use my key to lock unit 218 because she knew the property inside is Julie's and our companies Julie paid two different units at the same location to store the property from unit 218.

11. On Dec 12, 2025, mover Dave Thompson sent Julie written text message stating that he allowed her and her staff to exam all items inside unit 218 on Dec 13, 2025 and retrieve all the property out of unit 218 on Dec 13, 2025.

## Brown Obtained the Key to Unit 218

12. Debra Brown asked me for the key to Unit 218.

13. Brown told me that she wanted to use Unit 218 to move and store her belongings from the fire-damaged house in Garfield Heights, Ohio.

14. Based upon Brown's stated purpose, Brown obtained the key to Unit 218.

15. After Brown got the key from me then asked me, Tim to come another day to retrieve.

## First Return to Cube Smart

16. We subsequently returned to Cube Smart to retrieve and Julie told us that Brown had informed her that the Cube Smart facility was too far from Garfield Heights and that Brown would not use Unit 218 to store her belongings.

19. Because Brown had not moved her belongings into the unit, and because Julie told us that Brown had said she would not use the unit, so we decided to retrieve on another day because Brown had no need for the space.

20. Also because the weather was very cold, we decided to return on another day when the weather was warmer to retrieve Julie's property from Unit 218.

## Second Return — Lock Changed and Access Refused

21. We subsequently returned to CubeSmart a second time around the end of Dec, 2025 for the purpose of removing and retrieving Julie Robert's property from Unit 218.

22. When we returned, Tim and I personally observed that the lock to Unit 218 had been changed.

23. Brown refused to let us in to retrieve Julie's and our company's property from Unit 218.

25. As a result, although we returned specifically to retrieve Julie's property, we were unable to remove it from the unit.

26. I personally knew that the property we were attempting to retrieve belonged to Julie and our companies because I had previously seen, handled, moved, and/or observed that property.

3

## Property Subsequently Located at 5492 E. 141st Street

27. Thereafter and on and before Jan 12, 2026, Julie's property that had been stored in Unit 218 was moved to or located at 5492 E. 141st Street, Maple Heights, Ohio 44137.

28 Phil McCall texted me and Level, told me and Level Woodruff that they moved the property from unit 218 to 5492 E 141, Maple Hts, OH 44137.

## Demand for Money and Threatened Disposal of Property

39. Thereafter, a written communication was received stating that Julie's property had been moved to 5492 E. 141st Street and demanding money within approximately one hour, with a statement that the property would otherwise be disposed of.

31. A true and accurate copy of that written communication is attached as Exhibit B.

32. Julie provided me with the requested money for the purpose of obtaining the return of her property.

33. Phil McCall agreed to accept the requested money but refused to return the property they took that do not belong to them.

35. Despite agreeing to accept the requested money, Julie's property was not returned to me.

36. I therefore was unable to recover Julie's property despite having brought the money that had been demanded for its return.

## Photographs Showing Property Being Loaded Into a U-Haul

37. The neighbor sent photographs depicting property being removed from 5492 E. 141st Street, Maple Heights, Ohio, and being placed into a U-Haul truck to Julie, Julie showed me asking my son

in law to stop them. Because of the blizzard weather, my son in law vehicle was broken and he could not go there to stop them so Julie called Maple Hts police dept, because of the blizzard weather, and there were shooting incidents, the police was short of hand to come.

38. I personally recognize items depicted in those photographs as property belonging to Julie Robert because I had previously seen, handled, moved, and/or transported those items.

39. True and accurate copies of the photographs I reviewed are attached as Exhibit C. Teri Wang was dispatched and she testified at April 29, 2026 hearing.

**The Maple Heights House Was Already Furnished**

40. I was personally familiar with the residence at 5492 E. 141st Street before and/or during Brown and McCall's occupancy.

41. The residence is a furnished Airbnb and contained Julie Robert's furniture and personal property.

42 There is no room to store Debra Brown and Phil McCall stuff after they stored all the property from unit 218 inside the E 141 house.

44. Based upon my firsthand familiarity with Julie's property, I personally recognized property later being removed as property belonging to Julie Robert because they intentionally disposed $46000 worth antique furniture in two feet snow, the broken brand new reception desk by the garbage can.

**Property Subsequently Returned in Damaged Condition**

45. At a later time, a relatively small quantity of property was returned to the driveway at 5492 E. 141st Street in snow at mid night according to neighbor.

46. I personally observed the returned property.

47. I recognized the returned items as belonging to Julie Robert.

48. On second day I personally retrieved the broken items left outside on the driveway during snowy at midnight prior.

49. I personally observed that all the returned items were broken, damaged, and parts of tools and computer were missing. Obviously, they brought the broken ones back and kept all the good ones. They also intentionally dumped cat litters on the front and back steps of the house.

50. Photographs accurately depicting the returned property and its condition, if available, are attached as Exhibit D.

51. Based upon my firsthand observations, the property returned represented only a small portion of the property belonging to Julie that I had previously seen and/or handled.

53. The above are my first-hand witness and expereice.


**FURTHER AFFIANT SAYETH NAUGHT.**

_____
Jon Liptak


STATE OF _Ohio_ )
COUNTY OF _Cuyahoga_ ) SS:

Sworn to and subscribed before me by Jon _Liptak_ on this _20th_ day of _July_, 2026.

_____
Notary Public

My Commission Expires: _July 20 2030_
Notary Registration No.: _892562_

FRANK TALLY DELORENZO IV
Notary Public, State of Ohio
My Commission Expires
July 20, 2030
COMMISSION: 2025-RE-892562

6