**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JULIE ROBERT, | ) | CASE NO. 1:26-cv-103 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| v. | ) | |
| | ) | |
| DEBRA BROWN, *et al.*, | ) | **OPINION AND ORDER DENYING RULE 60(B) MOTION** |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

Plaintiff Julie Robert has filed a Motion for Relief from Judgment and to Reopen Case pursuant to Fed. R. Civ. P. 60(b) ("Motion to Reopen"). (ECF No. 74). For the reasons discussed below, the Motion to Reopen is **DENIED**.

## I. BACKGROUND

On January 15, 2026, Plaintiff filed a complaint against Defendants Debra Brown, Phil McCall, and Cube Smart, alleging that Defendants unlawfully possess, control, and threaten to dispose of her personal and business property valued at over $500,000, which includes high-end antique furniture, medical equipment, tools, records, and documents. (ECF No. 1). Plaintiff alleges that "Mover Dave Thompson" illegally seized her property, stored the property at Cube Smart Unit 218 at 5440 S. Marginal Rd., Cleveland, Ohio 44114 ("Unit 218") since November 13, 2025, and Defendants illegally seized the property around December 13, 2025. (*Id.* at PageID #3–4, ¶¶ 3–4, 7). Plaintiff asserts six causes of action: (i) a violation of the Computer Fraud and Abuse Act under 18 U.S.C. § 1030; (ii) conversion; (iii) replevin; (iv) trespass to chattels; (v) civil conspiracy; and (vi) unjust enrichment. (*Id.* at PageID #5–6). Plaintiff requests relief in the form

of temporary, preliminary, and permanent injunctions, the return of Plaintiff's property, compensatory damages, and costs. (*Id.* at PageID #9).

The same day, Plaintiff filed an Emergency Motion for Ex Parte Temporary Restraining Order and for Expedited Hearing on Preliminary Injunction Motion ("TRO Motion"). (ECF No. 2). Plaintiff requested a temporary restraining order ("TRO") that: (i) enjoins Defendants Brown and McCall from selling, transferring, moving, hiding, damaging, disposing of, or encumbering any of Plaintiff's property; (ii) orders Defendant Cube Smart to place an administrative hold on Unit 218; and (iii) orders Cube Smart to preserve all surveillance video and other evidence reasonably related to Unit 218. (*Id.* at PageID #24–25).

On January 30, 2026, the Court denied Plaintiff's request for an *ex parte* temporary restraining order, granted her request for an expedited preliminary injunction hearing, and scheduled a hearing for February 10, 2026. (ECF No. 9). On February 6, 2026, Plaintiff filed an emergency motion seeking to appear remotely or to continue the hearing. (ECF No. 11). The Court granted Plaintiff's request to continue and cancelled the February 10, 2026 preliminary injunction hearing. (ECF No. 13). The Court also ordered Plaintiff, on or before February 16, 2026, to provide the Court with four dates when she would be available to appear in person for a preliminary injunction hearing. (*Id.*). The February 16, 2026 deadline passed without Plaintiff providing dates to the Court, requesting an extension of time, or otherwise responding to the Court's order.

On February 18, 2026, the Court issued an order to show cause. (ECF No. 16). The Court ordered Plaintiff, on or before February 25, 2026, to show cause for her failure to comply with the Court's order and her failure to seek an extension of time. (*Id.*). The Court also warned Plaintiff that a failure to timely respond to the order, or to show cause, might result in sanctions without

further notice, up to and including dismissal of this action for failure to prosecute under Fed. R. Civ. P. 41(b). (*Id.*). Plaintiff failed to file any response, or show cause, by the Court's deadline.

On March 3, 2026, the Court issued an order that set a final deadline for Plaintiff to provide dates for a preliminary injunction hearing and gave Plaintiff a final warning that she would face sanctions, including dismissal, if she did not comply with the Court's order. (ECF No. 23). The order also addressed Plaintiff's claims she was not receiving mail at her address and she was having issues accessing PACER:

> Plaintiff says that she has not received any Court notice, order, or decision at her residential address (5 Tsienneto Road, #177, Derry, NH 03038) since this case was initiated. (ECF No. 17, PageID #261–62). First, the record reflects that the Clerk of Court has mailed copies of all the Court's filings to the address provided by Plaintiff—5 Tsienneto Road, #177, Derry, NH 03038. Plaintiff has provided no documents or other evidence to support her assertion that the Court's mailings were not delivered to the address she provided. Nor has the Court received any returned mail or notice of non-delivery. It is Plaintiff's responsibility to provide a valid and current address. *See Barber v. Runyon*, No. 93-6318, 1994 WL 163765, at *1 (6th Cir. May 2, 1994) ("If [the pro se litigant's] address changed, [she] had an affirmative duty to supply the court with notice of any and all changes in [her] address."); *see also Mustin v. Wainwright*, No. 3:21-cv-321, 2025 LX 526781, at *2 (N.D. Ohio Nov. 20, 2025) ("It is well-settled that a pro se litigant 'has an affirmative duty to notify the Court of any change in address.'") (citing cases). The Court satisfied its obligation to Plaintiff by mailing copies of the Court's filings to Plaintiff's address on the record. *See Chukwa v. Murphy*, Civil Action No. 23-23010 (RK) (JTQ), 2025 LX 131651, at *3–4 (D.N.J. Jan. 27, 2025); *Francis v. Hypen*, No. 3:18-cv-0058, 2022 U.S. Dist. LEXIS 206044, at *4–5 (D.V.I. Nov. 14, 2022); *Williams v. Overmyer*, Civil Action No. 17-cv-251, 2023 U.S. Dist. LEXIS 123013, at *3 (W.D. Pa. July 13, 2023).
>
> That said, even if Plaintiff has not received a copy of the Court's filings, she has an affirmative duty to monitor the Court's docket and keep herself apprised of what is happening in the case, including all filing deadlines and decisions of the Court. *See Yeschick v. Mineta*, 675 F.3d 622, 630 (6th Cir. 2012) ("[P]arties have an affirmative duty to monitor the dockets to keep apprised of the entry of orders[.]") (citation omitted); *see also Nitka v. Nelnet, Inc.*, 809 F. App'x 491, 495 (10th Cir. 2020) ("As a party representing himself, it was [the plaintiff's] responsibility to keep himself apprised of the status of his case."); *Lal v. California*, 610 F.3d 518, 527 (9th Cir. 2010) (explaining that it is ultimately the plaintiff's burden to prosecute a case, and a litigant has "a duty to keep track of the progress of their lawsuit"); *State v. Jenkins*, No. 22CA011874, 2023- Ohio 2635, 2023 Ohio App.

> LEXIS 2606, at *7 (Ohio App. 9th Dist. July 21, 2023) (providing that, under Ohio law, "[p]arties are charged with the duty to keep themselves apprised of entries upon the court's docket and to monitor the progress of the suit").
>
> Plaintiff has demonstrated that she has the ability to both monitor the docket and timely respond to the Court's orders. She states that she has been able to call the clerk's office to check the status of her case and that she has an active PACER account. (ECF No. 17, PageID #261–62). She filed an emergency motion to continue the original scheduled preliminary injunction hearing, (ECF No. 11), and filed a request for entry of default, (ECF No. 18), with both motions indicating that she was aware of specific deadlines, the docket, and the general status of the proceedings. Moreover, the Court has been informed that Plaintiff personally filed these motions, as well as the Notice of Non-Service, at the clerk's office located in the Carl B. Stokes United States Courthouse in Cleveland, Ohio.

(*Id.* at PageID #566–68).

Plaintiff provided dates for her availability by the deadline, (ECF No. 28), and the Court set a Preliminary Injunction Hearing for April 29, 2026, (ECF No. 29). On April 29, 2026, the Court held the Preliminary Injunction Hearing. (ECF No. 66). At the hearing, the Court confirmed with Plaintiff that she had an active PACER account, and explained to her several times that it was her responsibility to both keep track of the case and to resolve any purported PACER access issues with PACER. (ECF No. 82, PageID #1157–58, 1170, 1280–81, 1288–91, 93). The Court also addressed Plaintiff's issues with receiving mail at the mailing address she provided and mail that was being returned to the Court as undeliverable; the Court reiterated that it was her responsibility to provide a proper address to the Court and address any delivery issues. (*Id.* at PageID #1280–83).

On April 23, 2026, Defendants Debra Brown and Phil McCall moved to dismiss Count I of the complaint ("Motion to Dismiss"). (ECF No. 58). Pursuant to Local Rule 7.1(d), "each party opposing a motion must serve and file a memorandum in opposition within thirty (30) days after service of any dispositive motion . . . . If a party opposing a motion was served with the motion under Fed. R. Civ. P. 5(b)(2)(C) [mail], (D), or (F), three days shall be added to the prescribed period as provided in Fed. R. Civ. P. 6(d)." That deadline passed without Plaintiff Julie Robert

filing any opposition or response to the Motion to Dismiss. On June 1, 2026, the Court ordered Plaintiff to file a motion for an extension of time by June 8, 2026 and show good cause for her failure to a timely file an opposition brief. (ECF No. 71). The Court also warned Plaintiff that if she failed to file a motion for an extension of time by the stated deadline, the Court would dismiss this case for failure to prosecute pursuant to Fed. R. Civ. P. 41(b) without further notice. (*Id.*).

On June 12, 2026, the Court dismissed the case without prejudice for want of prosecution under Rule 41(b) based on Plaintiff's missing deadlines, failing to comply with the Court's order, and failing to update her mailing address, even though she had been continually warned and granted extended deadlines. (ECF No. 72).

Plaintiff filed the instant Motion to Reopen on June 23, 2026. (ECF No. 74). Defendants Brown and McCall jointly filed a timely response in opposition, (ECF No. 79), and Defendant CubeSmart a timely opposition as well, (ECF No. 81). On July 29, 2026, Plaintiff filed her reply in support. (ECF No. 85).

## II. LAW AND ANALYSIS

"A Rule 60(b) motion is neither a substitute for, nor a supplement to, an appeal." *GenCorp. v. Olin Corp.*, 477 F.3d 368, 373 (6th Cir. 2007) (citing *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989)). Petitioner may not use Rule 60(b) to relitigate his case. *See Tyler v. Anderson*, 749 F.3d 499, 509 (6th Cir. 2014). Instead, the "classic function of a Rule 60(b) motion" deals "primarily with some irregularity or procedural defect in the procurement of the judgment denying relief." *Gonzalez v. Crosby*, 545 U.S. 524, 539 n.1, 124 S. Ct. 2641, 162 L. Ed. 2d 480 (2005) (Stevens, J., dissenting); *see* 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedures* § 2858 (3d ed. June 2024 Update) (explaining that Rule 60(b)

gives courts discretionary powers to "relieve the oppressed from the burden of judgments unfairly, fraudulently, or mistakenly entered").

Federal Rule of Civil Procedure Rule 60(b) includes the following grounds for relief from a final judgment:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Plaintiff argues that the Court should vacate its dismissal and reopen this case because: (i) she has not abandoned this litigation, as evidenced by her attending the Preliminary Injunction Hearing; (ii) Defendants intentionally failed to serve Plaintiff with critical motions and misled the Court; (iii) she has not had actual notice of the Court's filings because of repeated mail delivery failures, which she states are due to the negligence of the U.S. Postal Service, and issues with PACER; and (iv) the interest of justice favor resolving this case on the merits. (ECF No. 74, PageID #1091–93). The Court finds that Plaintiff is seeking relief under Rule 60(b) based on excusable neglect—(b)(1), fraud/misconduct—(b)(3), and the catcall provision—(b)(6).

Defendants Brown and McCall respond that Plaintiff has not demonstrated sufficient excusable neglect because: (i) she admitted that Court mail was repeatedly returned but never took any steps to remedy the situation despite having notice of the delivery issues; and (ii) technical issues with PACER do not excuse her failure to prosecute. (ECF No. 79, PageID #1115–16). Brown and McCall add that Plaintiff's claims of negligence by the U.S. Postal Service are undermined by the fact that she provided the same mailing address in a parallel case in the N.D. Ohio before Judge Calabrese (case no. 1:26-cv-995), but she has experienced no returned mail or

delivery problems in that case. (*Id.* at PageID #1116). They also argue that Plaintiff has failed to meet the burden of establishing fraud under Rule 60(b)(3) because she has not provided clear and convincing evidence of fraud on the part of Defendants. (*Id.*).

Cubesmart responds that Rule 60(b)(6) is inapplicable because Plaintiff has not established the "extraordinary circumstances" required to obtain relief under this subsection and she must seek relief solely under Rule 60(b)(1) based on excusable neglect because she is partially to blame. (ECF No. 81, PageID #1138–40). It further responds that Plaintiff is not entitled to relief under Rule 60(b)(1) because she failed to demonstrate excusable neglect. (*Id.* at PageID #1141–43). Cubesmart argues that: (i) Plaintiff was aware of PACER and mail delivery issues well before the missed deadline but failed to diligently solve those issues; (ii) she had actual notice of the Motion to Dismiss because it was discussed at the Preliminary Injunction Hearing; and (iii) Plaintiff knew there were forthcoming decisions on several motions pending before Court and should have been on high alert to monitor the docket. (*Id.*). It further argues:

> Had Plaintiff acted diligently to ensure she remained apprised of all filings and orders in the lawsuit **she filed**, especially when she knew that filings and orders were expected in the case and had previously experienced mailing and PACER issues, it is likely she would have seen the Order to Show Cause, acted appropriately, and this case might not have been dismissed. Yet, Plaintiff took no steps to cure the issues she claims prevented her from acting in accordance with her affirmative duty to monitor the docket, even after being advised to do so at the April 29, 2026 Hearing. Such inaction establishes Plaintiff's culpability and the absence of excusable neglect.

(*Id.* at PageID #1143) (emphasis in original).

First, the Court finds that Plaintiff has failed to establish excusable neglect and therefore she is not entitled to relief under Rule 60(b)(1). As noted by Defendants, Plaintiff was well aware of mail delivery and PACER access issues well before this case was ultimately dismissed. The Court highlighted these issues in its March 3, 2026 Order and at the April 29, 2026 Preliminary

Injunction Hearing, and clearly informed Plaintiff that it was her responsibility to monitor the docket and to fix these issues. (ECF No. 23. at PageID #566–68; ECF No. 82, PageID #1157–58, 1170, 1280–83, 1288–91, 93). But Plaintiff did not fix these issues and has neither stated nor provided any evidence that she diligently pursued actions to ensure she had the ability to monitor the docket. The Court also agrees the lack of any delivery issues in the parallel case before Judge Calabrese undercuts Plaintiff's argument that the U.S. Postal Service is at fault for mail delivery issues at the provided mailing address. The Court is convinced that Plaintiff would continue to miss and flout the Court's orders and deadlines moving forward, in light of her failure to take alternative measures or sufficient corrective actions to ameliorate the matter.

Second, the Court finds that Plaintiff has failed to establish fraud, misrepresentation, or misconduct by Defendants Brown and McCall and therefore she is not entitled to relief under Rule 60(b)(3). To prevail under Rule 60(b)(3), Plaintiff needed to establish that Brown and McCall deliberately engaged in fraud, misrepresentation, or misconduct in this case by *clear and convincing* evidence. *Simmons v. City of Southfield*, No. 23-1724, 2024 U.S. App. LEXIS 23634, at *9 (6th Cir. Sep. 17, 2024) (citing *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 455 (6th Cir. 2008); *James v. City of Detroit*, No. 20-1805/21-1053, 2021 U.S. App. LEXIS 35069, at *22 (6th Cir. Nov. 23, 2021) (same)). Here, Plaintiff has provided no evidence, let alone clear and convincing evidence, that Brown and McCall engaged in fraud, misrepresentation, or misconduct during this case.

Finally, the Court finds that Plaintiff is not entitled to relief under Rule 60(b)(6). "Federal Rule of Civil Procedure 60(b)(6) is a catchall provision that provides for relief from a final judgment for any reason justifying relief not captured in the other provisions of Rule 60(b)." *West v. Carpenter*, 790 F.3d 693, 696 (6th Cir. 2015). This catchall provision is generally limited to:

(i) exceptional or extraordinary circumstances not addressed in the other provisions of Rule 60(b); and (ii) circumstances when "principles of equity mandate relief." *See id.*; *King v. United States*, 143 F.4th 705, 715 (6th Cir. 2025). Plaintiff has not demonstrated exceptional or extraordinary circumstances not addressed by the other provisions under Rule 60(b). Nor has Plaintiff demonstrated that she is entirely faultless for her having failed to comply with the Court's orders and deadlines and therefore cannot seek relief under subsection (6). *See Brown v. Braman*, No. 20-1918, 2020 U.S. App. LEXIS 40141, at *8–9 (6th Cir. Dec. 22, 2020) ("To justify relief under subsection (6), a party must show 'extraordinary circumstances' suggesting that the party is faultless in the delay. If a party is partly to blame for the delay, relief must be sought within one year under subsection (1) and the party's neglect must be excusable." (citations omitted)).

## III. CONCLUSION

For the foregoing reasons, Plaintiff Julie Robert's Motion for Relief from Judgment and to Reopen Case pursuant to Fed. R. Civ. P. 60(b) (ECF No. 74) is **DENIED**. Plaintiff's motion for clarification (ECF No. 83) is **DENIED as MOOT**.

**IT IS SO ORDERED.**

Date: August 25, 2026

Charles Fleming

**CHARLES E. FLEMING**
**U.S. DISTRICT COURT JUDGE**