**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF OHIO**

**EASTERN DIVISION**

JULIE ROBERT,

Plaintiff,

v.

DEBRA BROWN, PHILIP McCALL, CUBESMART, et al.,

Defendants.

Case No. 1:26-cv-00103-CEF

Judge Charles E. Fleming

FILED

SEP 22 2026

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO CLEVELAND

**PLAINTIFF'S MOTION TO ALTER OR AMEND THE AUGUST 25, 2026 ORDER PURSUANT TO FED. R. CIV. P. 59(e), AND ALTERNATIVELY FOR RELIEF UNDER FED. R. CIV. P. 60(b)(1) AND (6)**

Plaintiff Julie Robert, proceeding pro se, respectfully moves the Court to alter or amend its August 25, 2026 Order (ECF No. 88), which denied Plaintiff's Motion for Relief from Judgment and to Reopen Case (ECF No. 74). This motion is filed within 28 days of the August 25 Order and invokes Fed. R. Civ. P. 59(e). In the alternative, and only to the extent Rule 59(e) is deemed inapplicable, Plaintiff requests relief under Fed. R. Civ. P. 60(b)(1) and 60(b)(6).

This motion asks the Court to correct material factual and procedural premises that the court submitted and stated in August 25 order are inconsistent with the existing docket: (1) the statement that Plaintiff submitted "no evidence, let alone clear and convincing evidence" of fraud, misrepresentation, or misconduct concerning Defendants Brown and McCall's claimed service; (2) the premise that Plaintiff failed to oppose Defendants' April 23, 2026 Motion to Dismiss; and (3) the conclusion that Plaintiff failed to prosecute despite extended and enormous diligent prosecuting the case and repeated in person filings from enormous traveling back and forth between NH and OH, an April 27 substantive brief, personal appearances, witnesses and evidence at the April 29 hearing, and continued filings thereafter which present the well-grounded facts, evidence and the laws the court is looking for to deny Defendants' frivolous motions to dismiss.

Plaintiff further asks the Court to enforce Fed. R. Civ. P. 5 as to all motions Defendants filed against an unrepresented Plaintiff who has never been a registered CM/ECF filer. Plaintiff's inability or ability, when available, to view a docket through PACER did not substitute for Defendants' obligation to serve their written motions via email and US Postal as required by Rule 5 because pro se Plaintiff is not registered CM/ECF filer therefore Rule 5 requires

Defendants to serve via email and US Postal service. Throughout the history of this case, Plaintiff has filed motion to bring Defendants' failure of service multiple times at least in two motions, one in the beginning stage of the litigation then right before April 29 hearing and during April 29 hearing. Plaintiff therefore requests that the Court denies Defendants' Motion to Dismiss because Defendants have never followed Rule 5 to serve Plaintiff besides having made intentional misrepresentation at Certificate of Service and during April 29 under oath and during the hearing the Court stated that it would sanction Defendants if Plaintiff could present the evidence, in Plaintiff's 60 B relief motion in Exhibit III Plaintiff presented inbox historys of email julierrobert@yahoo.com and resort2020@yahoo.com that there have been no emails from Defendants in regard to any motion they stated in their certificate of service and statement under oath to the court that they served through any of the two email addresses. Also Plaintiff filed opposition to Defendants' motion to dismiss in her brief she filed right before April 29 hearing with extended evidence and relevant laws. Therefore due to defendants' failure of following Rule 5 and Plaintiff's diligence to prosecute, Plaintiff appreciate this Court amend August 25 order and deny Defendants' frivolous motions to dismiss.

## I. RULE 59(e) STANDARD

A Rule 59(e) motion may be granted to correct a clear error of law, account for newly discovered evidence, accommodate an intervening change in controlling law, or prevent manifest injustice. GenCorp, Inc. v. Am. Int'l Underwriters, 178 F.3d 804, 834 (6th Cir. 1999); Intera Corp. v. Henderson, 428 F.3d 605, 620 (6th Cir. 2005). Plaintiff relies principally on clear error and prevention of manifest injustice. She is not asking the Court to accept an unsupported new factual theory; she asks the Court to consider materials that were already in the record before ECF No. 88 was entered.

## II. RELEVANT PROCEDURAL HISTORY

March 31, 2026 - ECF No. 39. Before the April 29 evidentiary hearing, Plaintiff filed a Motion to Deny and Strike Brown and McCall's Motion for Sanctions. Plaintiff asserted that the materials served on March 19 omitted Exhibits 1 through 22 even though the motion relied upon those exhibits. Plaintiff invoked Rule 5 and Local Rule 7.1(d), thereby placing the service problem before the Court well before dismissal.

April 23, 2026 – Defendants; frivolous Motion to Dismiss. Brown and McCall filed their dispositive Motion to Dismiss, identified in Plaintiff's later ECF No. 83 as ECF No. 58. Their Certificate of Service represented service by email

julierrobert@yahoo.com but that was not true then they told the court during April 29 hearing that they served to email resprt2020@yahoo.com when Plaintiff told the court the Defendants did not tell the truth in their Certificate of Service and in Plaintiff 60 Motion in Exhibit III Plaintiff presented the truth and facts that the Defendants lied to the Court again during April 29 hearing because they never served their frivolous motion to dismiss via email address resort2020@yahoo.com either. Plaintiff accidentally found out through this Court computer after she traveled from NH to OH and filed Brief as Opposition to their frivolous motion to dismiss, that does not excuse their obligation and failure to follow Rule 5 to serve, because of their failure, their frivolous motion to dismiss should be denied especially this Court stated during the hearing that it will sanction them if Plaintiff presented the evidence to prove which was presented as Exhibit III in Plaintiff 60 Motion that Defendants have never served their motion to dismiss to Plaintiff through email address of julierrobert@yahoo.com nor resort2020@yahoo.com they claimed under oath after Plaintiff told the court the defendants lied and made fraudulent representation in their Certificate of Service .

April 27, 2026 - substantive filing. Only four days later, and immediately before the April 29 hearing, Plaintiff filed her extensive "Brief in Support of Motion for Injunctive Relief," together with declarations, exhibits, photographs, communications, documentary evidence, and other material concerning Brown and McCall and the same underlying conduct. Plaintiff later expressly asked the Court in ECF No. 83 to recognize that April 27 filing as her timely substantive opposition to the April 23 Motion to Dismiss. ECF No. 83, PageID ## 1300-1303.

April 29, 2026 - evidentiary hearing. Plaintiff personally appeared, presented witnesses and evidence, and again raised Defendants' intentional repeated failure of Rule 5. The hearing transcript is ECF No. 82. The relevant discussion appears at transcript pages 142-150, PageID ## 1287-1295.

June 1, 2026 - show-cause order. The Court required Plaintiff to act by June 8 and warned of dismissal. Plaintiff has submitted sworn evidence that she did not receive that Order by mail and therefore did not knowingly disregard the deadline. Plaintiff submitted the email with US Postal office in regard to their repeated negligence and failure to deliver the court mails to Plaintiff. The court docket shows the repeated returned mails which are the failure of US Postal service not Plaintiff's lack of prosecution. Plaintiff submitted evidence and her driver license that proves that her right domicile address as in the court docket. Defendants have never served any of their motions to Plaintiff throughout the over nine months' litigation via any email nor US postal because they have no proof that they did so as they are obligated by Rule 5. Plaintiff has been extremely prejudiced throughout this over nine months' litigation Defendants unlawfully dragged out by

constantly filing frivolous motions and use the frivolous declaration that was issued by state court who issued for wrong reason without following state mandatory laws and civil procedure rules nor hearing nor evidence besides the state court wrong decision is not binding law to control federal court. Defendants constantly use irrelevant laws to harass and waste the court and Plaintiff time and resources, Defendants should be sanctioned instead of being rewarded for stealing $500k to $800k worth property from the Plaintiff.

June 12, 2026 - dismissal. The action was dismissed without prejudice for failure to prosecute. Plaintiff maintains that the dismissal rested materially on the perceived absence of an opposition to the April 23 motion and her failure to respond to the June 1 Order, even though she had filed substantial material on April 27as opposition but the Court overlooked and did not receive the June 1 Order, not being able to receive the court order in mail is due to post office's failure, Plaintiff is not electronic filer because she tried to register in different case in front of the federal court, it was denied so she was never registered electronic filer, the court can see all her motions be stamped as in person filing therefore the court should know that Plaintiff has never been able to receive any court notice electronically. Her Pacer account has been consistently not working, she acted right away every time when she found out from the court computer after she traveled from NH to OH therefore it is not correct to state that Plaintiff failed to prosecute after she was out of being a good Samaritan to offer Defendants a job to help them out without meeting them then they took advantage of her good heart, stole her $500k to $800K worth properties and they were further rewarded from their frivolous conducts in front of this Court after Plaintiff was caused to spend over nine months working time, countless travel expense and court costs to litigate trying to get her stolen property back and after Plaintiff did present all the well-grounded facts and laws, and evidence.

June 23, 2026 - ECF No. 74 and Exhibit III. Plaintiff moved under Rule 60(b) to reopen the case. ECF No. 74 expressly alleged that Brown and McCall did not send the April 23 frivolous motion to dismiss to julierrobert@yahoo.com as their Certificate of Service represented, and that at the April 29 hearing they referred to a different email address, resort2020@yahoo.com after Plaintiff told the court under oath that Defendants lied to the court in their Certificate of Service. Plaintiff attached Exhibit III in her 60 motion as the court requested during April 29 hearing in order to sanction them for their false representation in their Certificate of Service and under oath statement during April 29 hearing.

July 29, 2026 - ECF Nos. 83, 86, and 87. Plaintiff again raised non-service and asked the Court to recognize the April 27 filing as a timely substantive opposition. ECF No. 83 expressly states that Plaintiff filed substantial briefing only four days after the April 23 motion and asks that it be treated as her opposition. ECF No. 87 addressed Plaintiff's correct mailing address, postal-delivery problems, PACER/access difficulties, and continued prosecution. ECF No. 86 contained Jon Liptak's sworn affidavit concerning underlying property facts.

August 25, 2026 - ECF No. 88. The Court denied Rule 60(b) relief and stated that Plaintiff provided "no evidence, let alone clear and convincing evidence" that Brown and McCall engaged in fraud, misrepresentation, or misconduct. Plaintiff respectfully submits that the "no evidence" characterization does not account for ECF No. 74, Exhibit III, ECF No. 83, the April 29 transcript, and the earlier service dispute documented in ECF No. 39.

## III. THE RECORD CONTAINED EVIDENCE DIRECTED TO THE INTENTIONALLY FAILED SERVICE

Plaintiff recognizes that Rule 60(b)(3) requires proof sufficient to satisfy the governing standard and that the Court remains the finder of the weight and sufficiency of the evidence. See Jordan v. Paccar, Inc., 97 F.3d 1452, 1996 WL 528950, at *9 (6th Cir. Sept. 17, 1996) (table); Lester v. Wow Car Co., No. 16-3085, 2017 WL 149795, at *3 (6th Cir. Jan. 13, 2017). But ECF No. 88 did not merely state that Plaintiff's proof was insufficient; it stated that there was "no evidence." Plaintiff respectfully submits that this distinction is material.

ECF No. 74 specifically identified the conflict between the Certificate of Service's representation concerning julierrobert@yahoo.com and the later hearing representation concerning resort2020@yahoo.com. Exhibit III was submitted as evidence concerning whether those claimed Yahoo transmissions occurred. ECF No. 83 again directed the Court to the issue. The Court may ultimately determine what weight that evidence deserves, but the record contained evidence directed to the disputed service representation because yahoo inbox histories prove that the Defendants lied in their Certificate of Service and under oath statement during April 29 hearing.

## IV. THE APRIL 29 TRANSCRIPT SHOWS THAT DEFENDANTS ARE SUBJECT TO BE SANCTIONED BY THE COURT AS THE COURT STATED INSTEAD OF BEING REWARDED FOR THEIR DOCUMENTED INTENTIONAL MISREPRESENTATION AND FRAUD.

The April 29 transcript is important because Plaintiff did not wait until after dismissal to raise service. She raised the matter before and during active litigation. During the discussion at transcript pages 142-148, Plaintiff told the court that Defendants' misrepresentations concerning email service. Brown represented during the hearing that she had used resort2020@yahoo.com, while Plaintiff pointed to the different address identified in the Certificate of Service and told that either claimed transmission had occurred. ECF No. 82, Tr. pp. 142-148, PageID ## 1287-1293 besides Plaintiff has brought the court attention that Defendants have never followed the court order to serve their exhibits to Plaintiff before April 29 hearing as ordered.

Near the end of that discussion, the Court told Plaintiff, in substance, that if she obtained information showing Brown and McCall had made misrepresentations to the Court concerning things they claimed to have done, she could present that information by motion, so long as the motion was not frivolous. ECF No. 82, Tr. p. 149, PageID # 1294. The Court then addressed sanctions and stated, in substance, that if Plaintiff believed Brown and McCall should be sanctioned for a misrepresentation concerning the exhibits, Plaintiff could bring the matter to the Court if she could prove it. Id., Tr. p. 150, PageID # 1295.

Plaintiff thereafter submitted the evidence the Court asked for in her 60 Motion and the court should have denied Defendants' frivolous motion to dismiss when the evidence the Court asked for proved that they were subject to be sanctioned, the transcript is material because the Court invited proof, Plaintiff later submitted proof for the Court's evaluation, and ECF No. 88 subsequently characterized the record as containing "no evidence." Plaintiff respectfully requests reconsideration of that characterization and an evaluation of the evidence on its merits because Plaintiff submitted evidence the Court is looking for at multiple times throughout this over nine months' litigation.

## V. DEFENDANTS' WRITTEN MOTIONS WERE SUBJECT TO RULE 5 SERVICE REQUIREMENTS

Fed. R. Civ. P. 5(a)(1)(D) requires service of a written motion unless an exception applies. Rule 5(b)(2)(E) permits service by filing through the court's electronic-filing system upon a registered user, or by other electronic means to which the person consented in writing. Plaintiff was proceeding pro se and has not been a registered CM/ECF filer in this action. The docket has been showing all motions Plaintiff filed are in person therefore the court and all parties know Plaintiff is not registered CM./ECF filer therefore Rule 5 must be followed in otherward Defendants must serve Plaintiff via email and US Postal, Defendants knew because they stated they served through email but in reality they intentionally chose no

do so then lied about it in front of this Court, they intentionally tried to prejudice Plaintiff and lied about it after that violation was caught therefore their misrepresentation is intentional and knowingly and should be sanctioned as the Court stated during April 29 hearing instead of being rewarded for their intentional and knowingly misrepresentation in front of this Court.

The Northern District of Ohio's Electronic Filing Policies and Procedures distinguish PACER access from authorization to file electronically. The Court's published procedures state that pro se litigants may obtain read-only access and that permission for a pro se litigant to register to file electronically is granted at the judicial officer's discretion. Plaintiff had no such e-filing authorization in this case and continued filing conventionally, including by traveling from New Hampshire to Ohio to file papers and attend proceedings.

PACER access is not a substitute for Rule 5 service. Robinson v. Serra Chevrolet Buick GMC of Nashville, No. 3:21-cv-00670, 2022 WL 3586210, at *4-5 (M.D. Tenn. Aug. 22, 2022), found that a pro se litigant's ability to view a docket through PACER did not make him a registered CM/ECF user and did not replace the opposing party's Rule 5 service obligation. The court recommended denial of the unserved motion. See also Griffin v. Kyle, No. 2:10-cv-664, 2011 WL 2885007, at *3 (S.D. Ohio July 15, 2011), report and recommendation adopted, 2011 WL 3667401 (S.D. Ohio Aug. 22, 2011) (stating that it was not appropriate to rule on a motion that had not been served); Pullins v. Eldridge, No. 1:20-cv-01311, 2021 WL 3860298, at *1 (S.D. Ind. Aug. 27, 2021) (denying motions to dismiss where defendants failed to serve a pro se plaintiff who was not a registered electronic-filing user).

Accordingly, even if Plaintiff could sometimes access PACER, that fact did not itself excuse Defendants' legal obligation to follow Rule 5 from properly serving their motions. Plaintiff respectfully asks the Court to examine the service record for the defense motions that materially affected her rights and to deny, strike, or decline to rely upon any motion not properly served because of their intentional violation of Rule 5 and intentional knowingly misrepresentation in front of this Court.

Plaintiff does not reattach the complete April 29, 2026 certified transcript because the official transcript is already part of this Court's record at ECF No. 82. Plaintiff respectfully directs the Court to the pertinent portions at Tr. pp. 142-150, PageID ## 1287-1295.

Plaintiff respectfully requests denial of Defendants' April 23 Motion to Dismiss because Defendants did not follow Rule 5 and made multiple intentional misrepresentation to this Court and this Court stated to sanction Defendants if Plaintiff

presented the evidence in Motion which was presented as Exhibit III in Plaintiff 60 B motion. The service issue is particularly material because the Certificate of Service represented service by email to julierrobert@yahoo.com, while Brown later intentionally and falsely represented on the record during the April 29 hearing that she used resort2020@yahoo.com after Plaintiff told the court during April 29 hearing that Defendants failed to follow Rule 5 and lied in their Certificate of Service. Following this Court direction in April 29 hearing, Plaintiff thereafter submitted ECF No. 74 and Exhibit III as evidence to prove that Defendants lied twice to the Court and subject to be sanctioned. Plaintiff respectfully requests that ECF No. 58 be denied.

Plaintiff's accidental discovery of Defendants' April 23 Motion to Dismiss on a federal courthouse computer did not retroactively accomplish service for Defendants and did not excuse their independent obligation under Rule 5. Actual knowledge that a document exists is a different question from whether the filing party performed the service required by Rule 5 and represented in its Certificate of Service. Plaintiff's accidental discovery therefore should not be treated as proof that Defendants served the motion.

## VI. PLAINTIFF RAISED NON-SERVICE REPEATEDLY BEFORE AND DURING THE APRIL 29 HEARING

The service dispute was not an after-the-fact explanation. ECF No. 39 raised incomplete service before the April 29 hearing, including omitted exhibits. Plaintiff raised the problem again in connection with the April 29 hearing and maintained that Defendants had not provided the materials they intended to use despite the Court's direction concerning hearing materials. At the hearing itself, Plaintiff again challenged Defendants' service representations. ECF No. 82, Tr. pp. 142-150, PageID ## 1287-1295.

This chronology matters to both Rule 60(b) and Rule 59(e). Plaintiff repeatedly alerted the Court to service problems, disputed a specific Certificate of Service, heard a different email address identified during the hearing, was told she could present proof of an alleged misrepresentation, and later attached Exhibit III to ECF No. 74 for that purpose. The Court should therefore reconsider the conclusion that there was no evidence and evaluate the evidence actually submitted.

## VII. THE RECORD DOES NOT SUPPORT A CONCLUSION THAT PLAINTIFF ABANDONED THE APRIL 23 MOTION OR FAILED TO PROSECUTE

The docket contains Plaintiff's April 27, 2026 filing made only four days after Defendants' April 23 Motion to Dismiss and two days before the April 29 hearing. That filing was captioned "Plaintiff's Brief in Support of Motion for Injunctive Relief," not "Memorandum in Opposition." Plaintiff acknowledges the caption. But its substance included legal argument and extensive evidence concerning Brown and McCall, their possession and control of the property, Unit 218, the computer and electronically stored information, removal and destruction of property, and the factual basis of Plaintiff's claims.

Plaintiff later expressly raised this issue in ECF No. 83. That motion asked the Court to recognize the April 27 filing as Plaintiff's timely substantive opposition to Defendants' April 23 Motion to Dismiss. ECF No. 83, PageID # 1300. ECF No. 83 further explained that Plaintiff did not seek to replace or withdraw the April 27 filing, but asked that its substance be recognized as opposition to Defendants' frivolous motion to dismiss and, if necessary, supplemented. Id., Page ID ## 1300-1303 besides Defendants should file brief before the hearing not motion to dismiss therefore procedurally Defendants were wrong already by filing motion to dismiss before hearing instead of brief with evidence and list of witnesses.

Thus, the issue is not whether Plaintiff did nothing in response to Defendants' effort to dismiss the case. She filed substantial briefing four days later. That is materially different from abandonment or a failure to prosecute.

The same record shows continued prosecution beyond the April 27 filing. Plaintiff traveled from NH to OH and personally appeared at the April 29 evidentiary hearing, presented witnesses and evidence, continued filing papers, sought clarification, pursued Rule 60(b) relief after dismissal, and submitted sworn materials. Plaintiff has also represented that, because she lacked e-filing privileges, she made repeated trips between New Hampshire and Ohio to file papers and participate in this litigation. Those actions are inconsistent with an intent to abandon the case.

## VIII. DEFENDANTS WERE REQUIRED TO COMPLY WITH THE COURT'S PRE-HEARING REQUIREMENTS FOR THE APRIL 29 EVIDENTIARY HEARING

The April 29, 2026 proceeding was an evidentiary hearing concerning Plaintiff's request for preliminary injunctive relief. Federal Rule of Civil Procedure 65(a)(2) expressly recognizes the evidentiary character of a preliminary-injunction hearing and provides that evidence received on the motion, if admissible at trial, becomes part of the trial record.

More importantly, the parties were required to comply with this Court's specific pre-hearing directions concerning the materials to be presented for the April 29 hearing, including the parties' legal positions, proposed evidence, exhibits, and witnesses.

Plaintiff complied by filing her extensive April 27, 2026 Brief in Support of Motion for Injunctive Relief, together with supporting evidence and materials for the April 29 hearing.

Defendants' filing of a separate Motion to Dismiss did not relieve them of their obligation to comply with the Court's pre-hearing requirements. Nor did the filing of that motion eliminate their separate obligation under Federal Rule of Civil Procedure 5 to properly serve Plaintiff with the motion.

Accordingly, Plaintiff's April 27 filing should not be characterized as irrelevant merely because it was captioned as a Brief in Support of Motion for Injunctive Relief rather than "Memorandum in Opposition." And because she followed the court order and filed right paperwork. It was the substantive pre-hearing brief Plaintiff filed in preparation for the April 29 evidentiary hearing, and it contained legal argument and evidence concerning the same Defendants and underlying conduct at issue in Defendants' Motion to Dismiss. Defendants did not follow the court order and filed wrong paperwork therefore their motion to dismiss should be denied instead of being granted.

Plaintiff therefore respectfully submits that the record does not support a finding that she abandoned Defendants' Motion to Dismiss or failed to prosecute this action nor supports to grant Defendants' Motion to Dismiss when they did not follow court order and did not file right paperwork nor followed Rule 5 besides intentionally made multiple misrepresentation to this Court.

## IX THE ALLEGED FAILURE TO RESPOND TO AN UNSERVED MOTION SHOULD NOT SUPPORT A RULE 41(b) DISMISSAL

Plaintiff respectfully submits that the service and prosecution issues must be considered together. If the April 23 Motion to Dismiss was not properly served and not properly filed, Plaintiff should not be treated as having abandoned the litigation by decision that is contradict with well-grounded facts, evidence and laws. This is particularly so where Plaintiff

filed substantial material four days after the motion appeared on the docket and later expressly asked that filing be recognized as her opposition when she filed properly as Brief required before hearing and opposition to Defendants' Motion to Dismiss when Defendants filed improperly.

The June 1 show-cause issue likewise should be evaluated in light of Plaintiff's sworn evidence that she did not receive that Order through the mail, despite having supplied her correct address and attempting to correct delivery problems. Plaintiff's Rule 60(b) reply and affidavit state that she did not knowingly disregard the June 8 deadline and continued taking steps to prosecute the case. The total record therefore supports reconsideration of the conclusion that dismissal for failure to prosecute was warranted.

## X. CLEAR ERROR AND MANIFEST INJUSTICE WARRANT RECONSIDERATION

Plaintiff respectfully submits that reconsideration is warranted because several record facts bear directly on the result: Plaintiff raised service problems before dismissal; Defendants' April 23 Certificate of Service was specifically disputed; the April 29 hearing addressed a different claimed email address; the Court left the alleged misrepresentation issue open for proof; Plaintiff submitted Exhibit III with ECF No. 74; Plaintiff filed substantial briefing on April 27 only four days after the dispositive motion; and ECF No. 83 expressly asked the Court to recognize that filing as her opposition.

Plaintiff is asking the Court revisit the well-grounded facts, evidence and laws presented in front of this Court and amend August 25 order because of the overlook.

## XI. REQUEST REGARDING DEFENDANTS' UNSERVED MOTIONS AND THE APRIL 29 SANCTIONS ISSUE

Plaintiff respectfully requests that the Court review the Certificates of Service and available service evidence for motions filed by Defendants during this action. To the extent a written defense motion was not served as required by Rule 5, and the evidence to prove Defendants' intentional misrepresentation requested by this Court was presented as Exhibit III in Plaintiff's 60 B motion for this Court to issue Sanction therefore Plaintiff requests that the Court deny or strike Defendants' motion to dismiss.

## XII. RELIEF REQUESTED

**WHEREFORE, Plaintiff Julie Robert respectfully requests that the Court:**

1. GRANT this Motion to Alter or Amend/Reconsider the August 25, 2026 Order (ECF No. 88);

2. RECONSIDER the statement that Plaintiff presented "no evidence" of fraud, misrepresentation, or misconduct and expressly consider ECF No. 74, Exhibit III, ECF No. 83, ECF No. 82 at transcript pages 142-150/PageID ## 1287-1295, ECF No. 39, and the relevant Certificates of Service;

3. VACATE or amend ECF No. 88 and GRANT appropriate Rule 60(b) relief, including vacating the June 12, 2026 dismissal and restoring this action to the active docket;

4. RECONSIDER the premise that Plaintiff failed to oppose Defendants' April 23 Motion to Dismiss and recognize Plaintiff's April 27 filing as her timely substantive opposition, or alternatively permit that filing and any supplement to be considered on the merits;

5. DENY Defendants Brown and McCall's April 23, 2026 Motion to Dismiss for failure to establish service in compliance with Fed. R. Civ. P. 5, and failure to follow this Court's order.

6. DENY, STRIKE, or DECLINE TO RELY UPON any and all defense motion that materially affected Plaintiff's rights but was not properly served;

7. RECONSIDER the conclusion that Plaintiff failed to prosecute in light of her April 27 filing, April 29 hearing participation, witnesses and evidence, repeated conventional filings, sworn evidence concerning nonreceipt of the June 1 Order, and continued prosecution;

9. GRANT such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Julie Robert

Julie Robert, Plaintiff Pro Se

5 Tsienneto Road, #177

Derry, NH 03038

Email: julierrobert@yahoo.com

Telephone: 440-638-9632

## CERTIFICATE OF SERVICE

I certify that on Sep 22, 2026, I served a true and correct copy of the foregoing Motion upon all parties or counsel of record by the method(s) authorized by the Federal Rules of Civil Procedure and the Court's rules, at the addresses or email addresses reflected in the Court record or through the court electronic system if the party is the registered electronic filer.

/s/ Julie Robert

Julie Robert

## AUTHORITIES RELIED UPON

Fed. R. Civ. P. 1, 5, 7, 41(b), 59(e), and 60(b).

GenCorp, Inc. v. American International Underwriters, 178 F.3d 804, 834 (6th Cir. 1999).

Intera Corp. v. Henderson, 428 F.3d 605, 620 (6th Cir. 2005).

Jordan v. Paccar, Inc., 97 F.3d 1452, 1996 WL 528950, at *9 (6th Cir. Sept. 17, 1996) (table).

Lester v. Wow Car Co., No. 16-3085, 2017 WL 149795, at *3 (6th Cir. Jan. 13, 2017).

Robinson v. Serra Chevrolet Buick GMC of Nashville, No. 3:21-cv-00670, 2022 WL 3586210, at *4-5 (M.D. Tenn. Aug. 22, 2022).

Griffin v. Kyle, No. 2:10-cv-664, 2011 WL 2885007, at *3 (S.D. Ohio July 15, 2011), report and recommendation adopted, 2011 WL 3667401 (S.D. Ohio Aug. 22, 2011).

Pullins v. Eldridge, No. 1:20-cv-01311, 2021 WL 3860298, at *1 (S.D. Ind. Aug. 27, 2021).

N.D. Ohio Local Civil Rules and Electronic Filing Policies and Procedures Manual, Appendix B.