**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JULIE ROBERT, | ) | CASE NO. 1:26-cv-00103 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES ESQUE FLEMING |
| | ) | |
| v. | ) | |
| | ) | **DEFENDANT CUBESMART, L.P.'S** |
| DEBRA BROWN, *et al.*, | ) | **BRIEF IN OPPOSITION TO** |
| | ) | **PLAINTIFF'S MOTION TO ALTER OR** |
| Defendants. | ) | **AMEND THE AUGUST 25, 2026** |
| | ) | **ORDER PURSUANT TO FED. R. CIV.** |
| | ) | **P. 59(e)** |

NOW COMES Defendant, CubeSmart, L.P., by and through undersigned counsel, and hereby submits its Brief in Opposition to Plaintiff Julie Robert's Motion to Alter or Amend the Court's August 25, 2026 Order pursuant to Fed. R. Civ. P. 59(e), and alternatively, Motion for Relief from the August 25, 2026 Order pursuant to Fed. R. Civ. P. 60(b)(1) and 60(b)(6).

## I. BACKGROUND

Plaintiff filed this lawsuit on January 15, 2026, alleging an entitlement to injunctive relief, return of property, and damages. (ECF No. 1). The same day, Plaintiff filed an Emergency Motion for Ex Parte Temporary Restraining Order and a Motion for Expedited Hearing on Preliminary Injunction Motion. (ECF No. 2.). On January 30, 2026, the Court found Plaintiff's request for an ex parte temporary restraining order not well taken but granted her request for an expedited preliminary injunction hearing, scheduling the hearing for February 10, 2026. (ECF No. 9). On February 6, 2026, Plaintiff filed an Emergency Motion seeking to appear by video or telephone at the hearing or, alternatively, to continue the hearing. (ECF No. 11). The Court ordered the hearing

continued and Plaintiff, on or before February 16, 2026, to provide four dates on which she would be able to appear in person for a preliminary injunction hearing. (ECF No. 13). Plaintiff did not comply with that deadline. Two days later, the Court issued an order requiring Plaintiff, on or before February 25, 2026, to show cause for her failure to comply. (ECF No. 16).

Plaintiff again failed to comply with the show cause order. Yet, on February 20, 2026, Plaintiff moved for default judgment against the Defendants, which the Court ultimately denied. (ECF No. 18, 22). On March 3, 2026, the Court issued an order that, in effect, gave Plaintiff an unrequested extension to provide dates for a preliminary injunction hearing. (ECF No. 23). In the same March 3 Order, the Court addressed Plaintiff's claims that she was not receiving mail at the address she provided to the Court and was unable to access PACER. (*Id.*)

Finally, on March 17, 2026, Plaintiff provided dates for her availability, and the Court set a Preliminary Injunction Hearing for April 29, 2026. (ECF No. 28, 29). At the April 29 Hearing, Plaintiff again raised her purported mail delivery and PACER access issues. The Court confirmed that Plaintiff had an active PACER account and explained to her, in accordance with well-established federal law, that it was her responsibility to monitor the docket and resolve any mailing or PACER access issues. (ECF No. 82, PageID #1157–58, 1170, 1280–81, 1288–91, 93).

Prior to the Hearing, on April 23, 2026, Defendants Debra Brown and Phil McCall moved to dismiss Count I of Plaintiff's Complaint ("Motion to Dismiss"). (ECF No. 58). Plaintiff failed to oppose the Motion to Dismiss within thirty (30) days as required by Local Rule 7.1(d). Again, rather than simply granting the Motion to Dismiss, on June 1, 2026, the Court allowed Plaintiff to file a motion for an extension of time by June 8, 2026 and to show good cause for her failure to timely file an opposition brief. (ECF No. 71). The Court explained that if Plaintiff failed to file a

motion for an extension of time by the stated deadline, it would dismiss the instant suit for failure to prosecute. (*Id.*)

As had happened twice before, Plaintiff failed to comply with the Court's June 1, 2026 order. As a result, on June 12, 2026, the Court dismissed Plaintiff's case for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). (ECF No. 72, 73.). On June 23, 2026, Plaintiff filed a Motion for Relief from the June 12, 2026 dismissal order and to reopen the case. (ECF No. 74). All Defendants opposed the motion, and Plaintiff filed a Reply. (ECF No. 79, 81, 85). On August 25, 2026, the Court issued its Opinion and Order (hereinafter "Order") denying Plaintiff's Motion for Relief. (ECF No. 88). Twenty-eight (28) days later, on September 22, 2026, Plaintiff filed a Motion to Alter or Amend the August 25, 2026 Order under Fed. R. Civ. P. 59(e), or, in the alternative, for relief from that Order under Fed. R. Civ. P. 60(b) (Plaintiff's "Motion").

As explained below, Plaintiff's Motion is, in substance, an appeal of the Court's August 25, 2026 Order. Neither Rule 59(e) nor Rule 60(b), however, may be used as a substitute for a timely appeal. Accordingly, Plaintiff's Motion should be denied.

## I. Plaintiff Has Failed to Establish the Applicability of Fed. R. Civ. P. 59(e) and Her Motion Functions as an Improper Substitute for an Appeal

It is well-established that relief under Fed. R. Civ. P. 59(e) is available only in limited circumstances: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change of controlling law; or (4) a need to prevent manifest injustice." *Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 474 (6th Cir. 2009), quoting *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496 (6th Cir. 2006). More importantly, Rule 59(e) is not a substitute for a timely appeal, so parties may not use it to "relitigate old matters." *Brumley v. United Parcel Serv., Inc.*, 909 F.3d 834, 841 (6th Cir. 2018), quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008). *See Brumley* at 841 ("A Rule 59 motion may not be used to relitigate old matters, or to raise arguments or present

evidence that could have been raised prior to the entry of judgment"). The same is true of Fed. R. Civ. P. 60(b), which is "neither a substitute for, nor a supplement to, an appeal." *GenCorp, Inc. v. Olin Corp.*, 477 F.3d 368, 373 (6th Cir. 2007). Rule 60(b) "does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." *Arsan v. Keller*, 784 F. App'x 900, 917 (6th Cir. 2019).

Here, Plaintiff's Motion satisfies none of the four Rule 59(e) grounds and is instead being used as a substitute for an appeal to relitigate old matters. Indeed, Plaintiff's own Motion states that it only "asks the Court to correct material factual and procedural premises that the court submitted and stated in [the] August 25 order[.]" Motion at p. 1. Plaintiff does not claim that amendment or alteration of the Court's August 25, 2026 Order is necessary due to newly discovered evidence or an intervening change of controlling law. Instead, she claims her Motion "relies principally on clear error and prevention of manifest injustice." *Id.* at p. 2. She fails, however, to identify any clear error of law in the Court's Order, or to show "manifest injustice." At best, Plaintiff has demonstrated her disagreement with the Court's conclusions on issues she has already raised and reraised throughout this litigation. *See Lexington Luminance LLC v. Tech. Consumer Prods.*, 2026 U.S. Dist. LEXIS 81908, *4 (N.D. Ohio Mar. 31, 2026), quoting *United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) ("unsubstantiated assertions or 'mere disagreement with [a] court's findings' do not create a showing of manifest injustice."). As such, Plaintiff's Motion should be denied as an improper substitute for an appeal.

Plaintiff attempts to obscure that her Motion functions as an appeal by recasting her request as one that merely asks the Court to "correct material factual and procedural premises that the court submitted and stated in [the] August 25 order," which she claims are "inconsistent with the

existing docket[.]" Motion at p. 1. Plaintiff's Motion then recites the ways she believes the Court's Order rests on a misinterpretation of the facts and procedural history of this case.

Notably, each argument Plaintiff raises in her Motion has already been raised before—whether in her prior Motion for Relief from the June 12, 2026 dismissal order or on other occasions—and the Court has already considered and rejected them. Specifically, Plaintiff contends that: (1) she did not fail to oppose Defendants Brown and McCall's Motion to Dismiss in light of her Brief in Support of Motion for Injunctive Relief; (2) she submitted clear and convincing evidence of fraud, misrepresentation, or misconduct concerning Defendants Brown and McCall's alleged failure to comply with Fed. R. Civ. P. 5; and (3) she did not fail to prosecute this matter, citing her repeated in person filings, her travel between New Hampshire and Ohio, and the fact that she filed a substantive brief in advance of the April 29, 2026 Preliminary Injunction Hearing and appeared in person to participate in it.

All of these arguments have already been raised and ruled upon by the Court, either expressly or by reasonable implication. First, on July 29, 2026, Plaintiff asked the Court to construe her Brief in Support of Motion for Injunction Relief (ECF No. 63) as her opposition brief to the Motion to Dismiss. (ECF No. 83). Plaintiff reraised that same argument in her Reply in Support of her Motion for Relief from Judgement and to Reopen Case. (ECF No. 74). Because this characterization issue was placed before the Court on two separate occasions, the Court was clearly aware of it—this was not an issue the Court simply overlooked. The Court then denied Plaintiff's request to have her Brief in Support of Motion for Injunctive Relief treated as her opposition brief, by reasonable implication, when it denied Plaintiff's Motion for Relief. Plaintiff's renewed attempt to relitigate the characterization issue only underscores that her Motion functions as an improper substitute for an appeal.

Second, Plaintiff's own Motion establishes that the issue of Defendants Brown and McCall's purported fraud, misrepresentation, and/or misconduct has been brought to the Court's attention on multiple occasions. As Plaintiff's Motion itself recounts: "Throughout the history of this case, Plaintiff has filed motion to bring Defendants' failure of service multiple times at least in two motions, one in the beginning stage of the litigation then right before April 29 hearing and during April 29 hearing[;]" "Plaintiff invoked Rule 5 and Local Rule 7.1(d) [in her March 31, 2026 Motion to Deny and Strike (ECF No. 39)], thereby placing the service problem before the Court well before dismissal[;]" "ECF No. 74 expressly alleged that Brown and McCall did not send the April 23 frivolous motion to dismiss to julierrobert@yahoo.com as their Certificate of Service represented[;]" "July 29, 2026 – ECF Nos. 83, 86, and 87. Plaintiff again raised non-service[.]" (ECF No. 89, PageID #1368–71).

Again, the purported service issue was not overlooked by the Court. The Court first addressed it in its Order Denying Sanctions Motion (ECF No. 40, 42), then expressly denied Plaintiff's defective service argument in its April 27, 2026 Order, which stated that Plaintiff's "Renewed Motion to Compel, **Strike Defective Service**, for Sanctions and Leave for Exhibit and Witness Binder (ECF No. 61) is **DENIED**." (ECF No. 62) (emphasis added). The Court denied that argument once more in its August 25, 2026 Order, expressly finding that Plaintiff had failed to establish fraud, misrepresentation, or misconduct by Defendants Brown and McCall, and that Plaintiff had provided no evidence, let alone clear and convincing evidence, of any such conduct. (ECF No. 88, PageID #1365).

Third, and further illustrating that her Motion functions as an appeal, Plaintiff once more seeks to establish excusable neglect or extraordinary circumstances warranting relief from the June 12, 2026 dismissal order and reinstatement of the case. Yet, she identifies no grounds beyond those

the Court has already considered and rejected in support. This pattern of repeatedly raising the same issue—and Plaintiff's attempt to raise them yet again in the Motion at bar—confirms what her Motion truly is: an improper appeal masquerading as a request for alteration or amendment. For these reasons, and those discussed above, Plaintiff's Motion should be denied as an improper substitute for an appeal, and the Court's prior orders allowed to remain the law of this case.

## II. Conclusion

In sum, Plaintiff has not identified any clear error of law, newly discovered evidence, an intervening change in controlling law, or a manifest injustice warranting alteration or amendment of the Court's August 25, 2026 Order under Fed. R. Civ. P. 59(e). Instead, Plaintiff's Motion merely reasserts arguments already raised and rejected by the Court, either expressly or by reasonable implication, over the course of this litigation, which is improper under both Rule 59(e) and Rule 60(b).

Accordingly, Defendant CubeSmart, L.P. respectfully requests that this Honorable Court deny Plaintiff's Motion to Alter or Amend the August 25, 2026 Order Pursuant to Fed. R. Civ. P. 59(e), and Alternatively for Relief Under Fed. R. Civ. P. 60(b)(1) and (6).

Respectfully submitted,

MARSHALL DENNEHEY, P.C.

By: */s/ Adam J. Mintz*
ADAM J. MINTZ (#0106292)
127 Public Square, Suite 3510
Cleveland, Ohio 44114
Phone: 216-912-3800
Fax: 216-344-9006
Email: ajmintz@mdwcg.com
*Counsel for Defendant, CubeSmart, L.P.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing Brief in Opposition has been filed electronically on this 1st day of October, 2026. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties not receiving service through the Court's electronic filing system will be served by regular U.S. Mail as noted. Parties may access this filing through the Court's system.

Julie Robert
5 Tsienneto Road, #177
Derry, New Hampshire 03038
*Email: julierrobert@yahoo.com*
Plaintiff, *Pro Se*

Debra Brown
22531 Seabrooke Avenue
Euclid, Ohio 44123
Defendant, *Pro Se*

Phil McCall
22531 Seabrooke Avenue
Euclid, Ohio 44123
Defendant, *Pro Se*

MARSHALL DENNEHEY, P.C.

By: */s/ Adam J. Mintz*
ADAM J. MINTZ (#0106292)
*Counsel for Defendant, CubeSmart, L.P.*