FILED

OCT 0 9 2026

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JULIE ROBERT, | ) | CASE NO. 1:26-cv-00103 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| v. | ) | |
| | ) | |
| DEBRA BROWN, *et al.*, | ) | **DEFENDANTS DEBRA BROWN AND PHILIP MCCALL'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO ALTER OR AMEND (ECF NO. 89)** |
| Defendants. | ) | |

## I. INTRODUCTION

Defendants Debra Brown and Philip McCall respectfully oppose Plaintiff's Motion to Alter or Amend the Court's August 25, 2026, Order (ECF No. 89). Plaintiff's motion is an improper attempt to relitigate issues already raised, briefed, and rejected by this Court in its Opinion and Order denying Rule 60(b) relief (ECF No. 88). Plaintiff identifies no clear error, no newly discovered evidence, no intervening change in controlling law, and no manifest injustice. Instead, Plaintiff repeats the same arguments regarding service, PACER access, mail delivery, and her April 27 filing, all of which the Court has already considered and rejected. Rule 59(e) and Rule 60(b) cannot be used as substitutes for appeal. Defendants also note for the record that they did not receive Plaintiff's motion by mail or email and became aware of it only through their own monitoring of the docket, which they do regularly in compliance with Rule 5 and the Court's orders.

## II. LEGAL STANDARD

A Rule 59(e)Relief under Rule 59(e) is limited to: clear error of law newly discovered evidence intervening change in controlling law manifest injustice See Betts v. Costco Wholesale Corp., 558 F.3d 461, 474 (6th Cir. 2009).

Rule 59(e) cannot be used to relitigate old matters or raise arguments previously available.

See Brumley v. UPS, 909 F.3d 834, 841 (6th Cir. 2018).B. Rule 60(b)Rule 60(b) is "neither a substitute for, nor a supplement to, an appeal."

GenCorp v. Olin Corp., 477 F.3d 368, 373 (6th Cir. 2007). Relief requires: excusable neglect clear and convincing evidence of fraud extraordinary circumstances. The Court already found none exist. (ECF No. 88, PageID #1363–66.)

## III. ARGUMENT

Plaintiff identifies no clear error of law and no manifest injustice. Plaintiff does not identify any legal authority showing the Court misapplied Rule 59(e) or Rule 60(b). Instead, she asserts the Court "overlooked" evidence — but the Court expressly addressed each issue: Service disputes were raised multiple times and rejected.

The Court found Plaintiff provided no evidence, let alone clear and convincing evidence, of fraud or misrepresentation. (ECF No. 88, PageID #1365.)Mail delivery and PACER issues were repeatedly addressed.

The Court found Plaintiff had an affirmative duty to monitor the docket and failed to take corrective action. (ECF No. 88, PageID #1363–64.)April 27 filing was expressly considered.

The Court rejected Plaintiff's request to treat it as an opposition brief. (ECF No. 88.)Rule 59(e) does not allow a litigant to reargue matters already decided.

Plaintiff again fails to establish excusable neglect under Rule 60(b)(1).The Court already found: Plaintiff knew about PACER and mail issues months before dismissal. Plaintiff did not fix those issues despite repeated warnings. Plaintiff had no delivery problems in her parallel case before Judge Calabrese, undermining her claim of postal negligence. Nothing in Plaintiff's new motion changes those findings.

Plaintiff again fails to establish fraud or misconduct under Rule 60(b)(3).The Court held: "Plaintiff has provided no evidence, let alone clear and convincing evidence, that Brown and McCall engaged in fraud, misrepresentation, or misconduct."

(ECF No. 88, PageID #1365.)Plaintiff's Rule 59(e) motion cites the same Yahoo inbox screenshots and the same transcript pages already submitted with ECF No. 74.

Rule 59(e) does not permit re-litigation of evidence already considered.

Plaintiff again fails to establish extraordinary circumstances under Rule 60(b)(6).The Court found Plaintiff was not faultless, and therefore Rule 60(b)(6) does not apply.

(ECF No. 88, PageID #1366.)Plaintiff's motion does not identify any new extraordinary circumstance.

Plaintiff's motion is an improper substitute for appeal.

CubeSmart's opposition (ECF No. 90) correctly states that Plaintiff's motion is "an improper substitute for an appeal."

The Sixth Circuit prohibits using Rule 59(e) or Rule 60(b) to reargue issues already decided.

Plaintiff's motion does exactly that.

## IV. CONCLUSION

For all the reasons above, Defendants Debra Brown and Philip McCall respectfully request that the Court DENY Plaintiff's Motion to Alter or Amend (ECF No. 89) in its entirety.

Respectfully submitted,

/s/ Debra Brown

Debra Brown, Defendant Pro Se

22531 Seabrooke Avenue

Euclid, Ohio 44123

Phone: 216-253-0863

Email: debrabattles@msn.com

/s/ Philip McCall

Philip McCall, Defendant Pro Se

22531 Seabrooke Avenue

Euclid, Ohio 44123

Phone: 216-253-1574

Email: notjustanotherhedgehog@gmail.com

**CERTIFICATE OF SERVICE**

I certify that on October 1, 2026, I did not receive Plaintiff's Motion to Alter or Amend (ECF No. 89) by U.S. Mail or email. As has occurred at various points in this case, I became aware of the filing only through my own monitoring of the Court's docket.

I further certify that on October 5, 2026, a true and correct copy of the foregoing Brief in Opposition was served upon Plaintiff Julie Robert at the mailing and email addresses she has provided in this action:

Julie Robert
5 Tsienneto Road, #177
Derry, NH 03038
Email: julierrobert@yahoo.com

Service was completed by depositing a copy in the U.S. Mail and by sending a copy to the email address listed above.