**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JULIE ROBERT,<br><br>Plaintiff,<br><br>v.<br><br>DEBRA BROWN, *et al.*,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 1:26-cv-103<br><br>JUDGE CHARLES E. FLEMING<br><br><br><br>**ORDER DENYING MOTION** |

Before the Court is Plaintiff's second post-judgment motion. (ECF No. 89, the "Motion"). Plaintiff invokes Federal Rule of Civil Procedure 59(e) to alter or amend the judgment, or Federal Rule of Civil Procedure 60(b)(1) or 60(b)(6) for relief from judgment. Plaintiff's arguments largely rehash arguments previously raised and rejected. None of them support relief. Accordingly, Plaintiff's Motion is **DENIED**.

## I. PROCEDURAL HISTORY

As relevant here, Defendants Debra Brown and Phil McCall, proceeding pro se, moved to dismiss Count I of the Complaint on April 23, 2026. (ECF No. 58). Local Rule 7.1(d) provided a 30-day deadline for Plaintiff to respond to the motion to dismiss, which Plaintiff missed. (ECF No. 72 at PageID #1084). The Court then ordered Plaintiff to file by June 8, 2026 a request for an extension of time to respond and to show good cause for her failure to timely file her response. (ECF No. 71). The Court also warned Plaintiff that failure to file a motion for extension by June 8, would result in dismissal of the case for failure to prosecute without further notice. Plaintiff did not seek an extension or make any other filing, and so the Court dismissed without prejudice on June 12, 2026. (ECF No. 72).

In its order dismissing the case without prejudice, the Court noted that Plaintiff had failed numerous times to comply with the Court's deadlines and instructions. (ECF No. 72 at PageID #1084–85). For example, the Court previously warned Plaintiff regarding several deadlines she missed without cause, even though the Court warned of dismissal for failure to comply. (ECF No. 23 at PageID #565–66). The Court added that Plaintiff complained of her ability to receive filings by mail, which the Court addressed by reminding her of her responsibility to provide the Court with an accurate address. (ECF No. 23 at PageID #566–67). The Court has also instructed Plaintiff that it is her responsibility to monitor the docket and noted that she had the ability to both monitor the docket and timely respond to the Court's orders. (ECF No. 23 at PageID #566–68). Because Plaintiff continued to miss deadlines despite numerous warnings, instructions, and extensions, the Court dismissed the entire case under Rule 41(b) without prejudice, denying as moot all pending motions.[1] (ECF No. 72 at PageID #1085). The Court concurrently issued its judgment of dismissal without prejudice for want of prosecution on June 12, 2026. (ECF No. 73).

Plaintiff filed a Motion for Relief from Judgment and to Reopen Case Pursuant to Fed. R. Civ. P. 60(b). (ECF No. 74 at PageID #1089). In it, she argued first that the "Defendants have never served Plaintiff their motion to dismiss they filed on April 23, 2026 when they intentionally misrepresented themselves to the court that they served" her by email. (ECF No. 74 at PageID #1089). In support, Plaintiff included exhibits of her Yahoo inboxes that purport to show a lack of emails from Defendants. (ECF No. 74 at PageID #1089, 1102–03). She also argued that she had not abandoned the litigation, and that any failure to meet deadlines was caused by these service failures and Defendants' "intentional misrepresentation." (ECF No. 74 at PageID #1087, 1089).

[1] As part of her requested relief here, Plaintiff asks the Court to deny Defendant McCall and Brown's motion to dismiss (ECF No. 58). (Mot. at PageID #1378). The Court denied this motion to dismiss as moot when it dismissed the case for want of prosecution under Rule 41(b). (ECF No. 72). Reasons for that dismissal included her failure to respond to the motion to dismiss. (*Id.*).

The Court denied Plaintiff's Rule 60(b) motion on August 25, 2026. (ECF No. 88, the "Order"). In the Order, the Court detailed the numerous deadlines Plaintiff missed and the Court's efforts to help her with her address and service issues. (ECF No. 88 at PageID #1358–1362). As the Court stated, "Plaintiff was well aware of mail delivery and PACER access issues well before this case was ultimately dismissed" and that "Plaintiff did not fix these issues and has neither stated nor provided any evidence that she diligently pursued actions to ensure she had the ability to monitor the docket. The Court also agrees the lack of any delivery issues in the parallel case before Judge Calabrese undercuts Plaintiff's argument that the U.S. Postal Service is at fault for mail delivery issues at the provided mailing address." (Order at PageID #1364–65). Because of these persistent issues, the Court found itself "convinced that Plaintiff would continue to miss and flout the Court's orders and deadlines moving forward, in light of her failure to take alternative measures or sufficient corrective actions to ameliorate the matter." (Order at PageID #1365).

For Plaintiff's argument that Defendants Brown and McCall engaged in fraud, misrepresentation, or misconduct, the Court noted that the burden was "*clear and convincing evidence*," and that Plaintiff had "provided no evidence, let alone clear and convincing evidence, that Brown and McCall engaged in fraud, misrepresentation, or misconduct during this case." (Order at PageID #1365) (emphasis original). Finally, the Court concluded that Plaintiff was not entitled to relief under Rule 60(b)(6) because she had "not demonstrated exceptional or extraordinary circumstances not addressed by the other provisions under Rule 60(b)." (Order at PageID #1365–66). In fact, the Court concluded that she was not faultless in her failure to comply with the Court's orders and deadlines, meaning relief under Rule 60(b)(6) was unavailable. (Order at PageID #1366).

On September 22, 2026, Plaintiff filed her Motion to Alter or Amend the August 25, 2026 Order Pursuant to Fed. R. Civ. P. 59(e), and Alternatively for Relief under Fed. R. Civ. P 60(b)(1) and (6). (ECF No. 89, the "Motion"). Defendant Cube Smart filed an opposition brief on October 1 (ECF No. 90) and Defendants Debra Brown and Phillip McCall (with Cube Smart, "Defendants") filed an opposition brief on October 9 (ECF No. 91). Plaintiff filed a consolidated reply in support on October 14 and filed a motion to file a corrected brief on October 16, which the Court considers in this order. (ECF No. 92–93).

## II. LEGAL STANDARD

**Rule 59(e).** "A district court may alter or amend its judgment based on (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Brumley v. United Parcel Serv., Inc.*, 909 F.3d 834, 841 (6th Cir. 2018) (cleaned up). A Rule 59 motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008) (cleaned up). Such motions "are extraordinary and should be sparingly granted." *Oko v. City of Cleveland*, No. 1:21cv2222, 2023 WL 6311464, at *5 (N.D. Ohio Sept. 28, 2023) (citing cases).

**Rule 60(b)(1).** Rule 60(b) generally "authorizes a court to reopen a final judgment under certain enumerated circumstances." *Kemp v. United States*, 596 U.S. 528, 531 (2022). "Rule 60(b)(1) permits a district court to reopen a judgment for 'mistake, inadvertence, surprise, or excusable neglect . . . .'" *Kemp v. United States*, 596 U.S. 528, 532 (2022). "A Rule 60(b) motion is neither a substitute for, nor a supplement to, an appeal." *GenCorp. v. Olin Corp.*, 477 F.3d 368, 373 (6th Cir. 2007) (citing *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989)). "A party may not use Rule 60(b) 'as an occasion to relitigate its case.'" *Fharmacy*

*Records v. Nassar*, 572 F. Supp. 2d 869, 878 (E.D. Mich. 2008) (quoting *Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 157 (5th Cir.2004)).

**Rule 60(b)(6).** "Rule 60(b)(6) permits reopening for "any other reason that justifies relief . . . ." *Kemp v. United States*, 596 U.S. 528, 532–33 (2022). But this catchall option under 60(b)(6) must be accompanied by "extraordinary circumstances." *Kemp v. United States*, 596 U.S. 528, 533 (2022) (cleaned up); *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 206 (2025) ("We have consistently held that only 'extraordinary circumstances' can justify relief under the Rule 60(b)(6) catchall."). This rule "contemplates situations where something more is present than those situations contemplated by the other clauses in the rule. The something more must include unusual and extreme situations where principles of equity mandate relief." *Olle v. Henry Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990)).

## III. DISCUSSION

Plaintiff raises three grounds for relief in her second post-judgment motion. The primary ground is "clear error and prevention of manifest injustice" under Rule 59(e). (Mot. at PageID #1367–68). She then argues "[i]n the alternative, and only to the extent Rule 59(e) is deemed inapplicable, Plaintiff requests relief under Fed. R. Civ. P. 60(b)(1) and 60(b)(6)." (Mot. at PageID #1367). None of these grounds entitle Plaintiff to relief.

### A. Rule 59(e)

First, Plaintiff argues that Rule 59(e)[2] justifies relief to prevent either "clear error" or "manifest injustice" in the Order denying her first post-judgment motion, which was filed under Rule 60(b). (Mot. at PageID #1367). "A district court may alter or amend its judgment based on (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Brumley v. United Parcel Serv., Inc.*, 909 F.3d 834, 841 (6th Cir. 2018) (cleaned up).

"Plaintiff relies principally on clear error and prevention of manifest injustice." (Mot. at PageID #1367–68). Plaintiff argues: (1) that the Court incorrectly stated she "submitted 'no evidence, let alone clear and convincing evidence,' of fraud, misrepresentation, or misconduct concerning Defendants Brown and McCall's claimed service;" (2) that the Court incorrectly held that she "failed to oppose Defendant's April 23, 2026 Motion to Dismiss;" and (3) that Plaintiff failed to prosecute the case "despite extended and enormous diligent" prosecution. (Mot. at PageID #1367 (quoting Order, PageID #1365)). Defendants respond that "Plaintiff's Motion satisfies none of the four Rule 59(e) grounds and is instead being used as a substitute for an appeal to relitigate old matters." (ECF No. 90 at PageID #1383; ECF No. 91 at PageID #1388). In their view, "each argument Plaintiff raises in her Motion has already been raised before" and they have been "ruled upon by the Court, either expressly or by reasonable implication." (ECF No. 90 at

[2] The Court notes that perhaps Plaintiff's Rule 59(e) motion—which challenges the Court's order on a Rule 60(b) motion—is untimely because it was filed more than 28 days after the original judgment. A motion under Rule 59(e) may not be timely to challenge Rule 60 rulings if it is beyond 28 days from the original judgment. *See Hawkins v. Czarnecki*, 21 F. App'x 319, 320 (6th Cir. 2001) (Rule 59(e) motions challenging denial of Rule 60(b) motions were untimely because they were filed "nearly four years" after "judgment," as opposed to the date of the orders denying relief under Rule 60(b)); *United States. v. One 2011 BMW 5 Series 535i VIN:WBAFU7C55BC777710*, 2016 WL 552725, at *1 (E.D. Mich. Feb. 12, 2016) (denying relief under Rule 59(e) where motion was filed within 28 days of order on Rule 60(b) motion, but more than 28 days after the "original underlying judgment"); *but see Inryco, Inc. v. Metropolitan Eng'g Co.*, 708 F.2d 1225, 1232 (7th Cir. 1983) ("[D]enial of a Rule 60(b) motion is itself an appealable judgment. . . . Therefore, a losing party may challenge that judgment with a motion to alter or amend under Rule 59(e)."). Because no party raises timeliness, the Court will assume without deciding that the motion is timely.

PageID #1384; ECF No. 91 at PageID #1389–90). The Court agrees with Defendants that Plaintiff's arguments are meritless under Rule 59(e).

As to her first argument, and as the Court previously explained, "[t]o prevail under Rule 60(b)(3), Plaintiff needed to establish that Brown and McCall deliberately engaged in fraud, misrepresentation, or misconduct in this case by *clear and convincing* evidence." (Order at PageID #1365). Plaintiff points to her submission of her Yahoo email inboxes and contends that the order erred because it "did not merely state that Plaintiff's proof was insufficient; it stated that there was 'no evidence . . . .'" (Mot. at PageID #1371). Even this argument amounts to repackaging Plaintiff's prior service and fraud arguments, which the Court has rejected. (*E.g.*, Order at PageID #1360–61, 1363–66).

In any event, Plaintiff is wrong. As the Court stated, there is "no evidence, *let alone clear and convincing evidence*" that any defendant engaged in fraud regarding service. (Order at PageID #1365). Even if the Court were inclined to consider limited screenshots of Plaintiff's Yahoo inbox as "evidence" of fraud, it is far from "clear and convincing evidence" of fraud. It does not "*prove* that Defendants lied in their Certificate of Service and under oath statement" during the preliminary injunction hearing. (Mot. at PageID #1371) (emphasis added). Plaintiff did not then, and does not now, provide "clear and convincing evidence" of service-related fraud that would justify excusing her from her failure to prosecute this case.

Additionally, even if Defendants McCall and Brown had not served her by email—which may have excused her failure to respond to their motion to dismiss—Plaintiff would have been on notice of the motion to dismiss once the Court ordered her to show cause for failure to respond. (ECF No. 71). Plaintiff still failed to respond to the Court's show cause order, which provided her an additional seven days to file a motion for an extension to respond. (ECF No. 71 at PageID

#1082). As explained above, the Court took great pains to inform and instruct Plaintiff regarding receipt of the Court's orders, whether by correcting her mailing address or by monitoring the docket through PACER. (Order at PageID #1358–65). Thus, she does not identify a "clear error of law" or "manifest injustice." *Brumley*, 909 F.3d at 841. Her arguments "relitigate old matters" that were considered in the Court's Order or otherwise misunderstand the law regarding clear and convincing evidence of fraud. *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008).

Second, the remaining arguments recycle issues that the Court addressed in the Order. A Rule 59 motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008) (cleaned up); *Oko v. City of Cleveland*, 2023 WL 6311464, at *4 (N.D. Ohio Sept. 28, 2023) ("It is not the function of a motion to reconsider . . . to renew arguments already considered and rejected by a court . . . .").

In fact, Plaintiff acknowledges that she had (and took) prior opportunities to raise her service and prosecution arguments. (Mot. at PageID #1370–71). As to service, Plaintiff herself notes several times that she raised this issue in her first Rule 60(b) motion (ECF No. 74) and various other documents (ECF Nos. 83, 86, 87). (Mot. at PageID #1370–71). For failure to prosecute, she asserts that she filed ECF No. 83, which "expressly states that Plaintiff filed substantial briefing" and that she had asked for that briefing to be treated as her opposition to the pro se defendants' motion to dismiss. (Mot. at PageID #1371). The Court denied ECF No. 83 as moot in its Order. (Order at PageID #1366).

The Court considered both her service and prosecution arguments in its Order (and elsewhere). For both service and failure to prosecute, the Court detailed its prior admonishments regarding service in ECF No. 23 and analyzed her arguments in detail under Rule 60. (Order at

PageID #1360–61, 1363–1366). As the Court noted, it had previously addressed service issues in a prior order and at the preliminary injunction hearing, and that "Plaintiff did not fix these issues and has neither stated nor provided any evidence that she diligently pursued actions to ensure she had the ability to monitor the docket." (Order at PageID #1364–65). Plaintiff cannot use this Motion as an opportunity to relitigate matters that she raised many times and that the Court addressed numerous times in detail. *Exxon Shipping*, 54 U.S. at 486 n.5; *Oko v. City of Cleveland*, No. 1:21cv2222, 2023 WL 6311464, at *4 (N.D. Ohio Sept. 28, 2023)

Although Plaintiff presented most of her arguments under Rule 59(e), the Court will consider each of them under her alternative grounds for relief, Rules 60(b)(1) and (6), which set "notably higher" standards for relief. *See Oko*, 2023 WL 6466160, at *6 ("When a party fails to file a Rule 59 motion within the mandatory 28-day period, a court may consider the motion as one requesting relief from judgment pursuant to Rule 60(b).").

**B. Rule 60(b)(1)**

In the alternative, Plaintiff requests relief under Rule 60(b)(1). "Rule 60(b)(1) permits a district court to reopen a judgment for 'mistake, inadvertence, surprise, or excusable neglect . . . .'" *Kemp v. United States*, 596 U.S. 528, 532 (2022). "A Rule 60(b) motion is neither a substitute for, nor a supplement to, an appeal." *GenCorp. v. Olin Corp.*, 477 F.3d 368, 373 (6th Cir. 2007) (citing *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989)). Petitioners may not use Rule 60(b) to relitigate their cases. *See Tyler v. Anderson*, 749 F.3d 499, 509 (6th Cir. 2014). "The grant of relief under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation." *Tyler*, 749 F.3d at 509.

Again, Plaintiff identifies the following issues with the Court's Order: (1) that the Court incorrectly stated she "submitted 'no evidence, let alone clear and convincing evidence,' of fraud,

misrepresentation, or misconduct concerning Defendants Brown and McCall's claimed service;" (2) that the Court incorrectly held that she "failed to oppose Defendant's April 23, 2026 Motion to Dismiss;" and (3) that Plaintiff failed to prosecute the case "despite extended and enormous diligent" prosecution. (Mot. at PageID #1367 (quoting Order, PageID #1365)). The Court agrees with Defendants that Plaintiff's arguments amount to an improper attempt to appeal. (ECF No. 90 at PageID #1382–83; ECF No. 91 at PageID #1388).

First, Plaintiff's arguments on service generally and her failure to prosecute improperly recycle issues that the Court addressed in the Order. *Fharmacy Records*, 572 F. Supp. at 878. As explained above, Plaintiff acknowledges that she had (and took) prior opportunities to raise her service and prosecution arguments. (Mot. at PageID #1370–71). As to service, Plaintiff herself notes several times that she raised this issue in her first Rule 60(b) motion to reopen the case (ECF No. 74) and various other documents (ECF Nos. 83, 86, 87). (Mot. at PageID #1370–71). For failure to prosecute, she asserts that she filed ECF No. 83, which "expressly states that Plaintiff filed substantial briefing" and states that she had asked for that briefing—a brief in support of her motion for injunctive relief—to be treated as her opposition to the motion to dismiss. (Mot. at PageID #1371; ECF No. 63). Again, the Court denied ECF No. 83 as moot in its Order. (Order at PageID #1366).

The Court considered both her service arguments and her failure to prosecute in its Order (and elsewhere). The Court detailed its prior admonishments regarding service in ECF No. 23 and analyzed her arguments under Rule 60 in its Order. (*E.g.*, Order at PageID #1360, 1362–66). Plaintiff cannot use this Motion as an opportunity to relitigate matters that she raised many times and which the Court addressed in detail many times, or as an alternative to an appeal. *GenCorp.*

*v. Olin Corp.*, 477 F.3d 368, 373 (6th Cir. 2007) ("A Rule 60(b) motion is neither a substitute for, nor a supplement to, an appeal.");

Second, Plaintiff's only "new" argument is that the Court erred by stating that she provided "no evidence, let alone clear and convincing evidence," that Defendants Brown and McCall engaged in fraud regarding their service obligations. (Order at PageID #1365). As the Court previously explained, "[t]o prevail under Rule 60(b)(3), Plaintiff needed to establish that Brown and McCall deliberately engaged in fraud, misrepresentation, or misconduct in this case by *clear and convincing* evidence." (Order at PageID #1365). Now, she points to her submission of her Yahoo email inboxes and contends that the order erred because it "did not merely state that Plaintiff's proof was insufficient; it stated that there was 'no evidence . . . .'" (Mot. at PageID #1371). As explained above, this argument also amounts to repackaging Plaintiff's prior service and fraud arguments, which the Court has rejected. (*E.g.*, Order at PageID #1360–61, 1363–66). The Court further explained above that Plaintiff is wrong. As the Court stated, there is "no evidence, *let alone clear and convincing evidence*" that any defendant engaged in fraud regarding service. (Order at PageID #1365). Even if the Court considered limited screenshots of Plaintiff's Yahoo inbox as "evidence" of fraud, it is far from "clear and convincing evidence" of fraud. It does not "*prove* that Defendants lied in their Certificate of Service and under oath statement" during the preliminary injunction hearing. (Mot. at PageID #1371) (emphasis added).

All told, the Court gave Plaintiff numerous opportunities to either correct the service issues she was experiencing or to provide evidence that Defendants Brown or McCall committed fraud regarding service. Her attempts to prove fraud—which the Court considered—fall far short of "clear and convincing evidence." Plaintiff therefore fails to identify "mistake, inadvertence,

surprise, or excusable neglect'" that would justify relief under Rule 60(b)(1). *Kemp v. United States*, 596 U.S. 528, 532 (2022).

**C. Rule 60(b)(6)**

Lastly, Plaintiff moves under Rule 60(b)(6). "[A] motion made under Rule 60(b)(6) is addressed to the trial court's discretion which is 'especially broad' given the underlying equitable principles involved." *Tyler v. Anderson*, 749 F.3d 499, 509 (6th Cir. 2014) (quoting *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989)). "The grant of relief under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation. *Tyler v. Anderson*, 749 F.3d 499, 509 (6th Cir. 2014) (citing *Thompson v. Bell*, 580 F.3d 423, 442 (6th Cir. 2009)). "We have consistently held that only 'extraordinary circumstances' can justify relief under the Rule 60(b)(6) catchall." *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 206 (2025).

Plaintiff fails to identify "extraordinary circumstances" that would justify relief under Rule 60(b)(6). Most, if not all, of her arguments were previously addressed in detail by this Court, whether in its Order or in other filings. As the Court explained, Plaintiff failed—and still fails—to demonstrate that she was "faultless" in failing to comply with the Court's orders and deadlines. (Order at PageID #1366) (citing *Brown v. Braman*, No. 20-918, 2020 U.S. App. LEXIS 40141, at *8–9 (6th Cir. Dec. 22, 2020)).

**IV. CONCLUSION**

Plaintiff's Rule 59(e) arguments do not raise a right to relief because they do not state a clear error of law or identify a need to prevent manifest injustice. For largely the same reasons that her Rule 59(e) arguments are meritless, neither Plaintiff's Rule 60(b)(1) or 60(b)(6) arguments raise a right to relief. The Court **DENIES** Plaintiff's Motion. This case is closed.

**IT IS SO ORDERED.**

Date: November 16, 2026

*[signature]*

**CHARLES E. FLEMING**
**U.S. DISTRICT COURT JUDGE**